1 ROMAN M. SILBERFELD, Bar No. 62783
rmsilberfeld@rkmc.com
2 DAVID MARTINEZ, Bar No. 193183
martd@rkmc.com
3 BENJAMIN M. WEISS, Bar No. 223163
bmweiss@rkmc.com
4 HASSAN A. ALLEN, Bar No. 241446
haallen@rkmc.com
5 REBECKA M. BIEJO, Bar No. 240504
rmbiejo@rkmc.com
6 **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3700
7 Los Angeles, CA 90067-3211
Telephone: (310) 552-0130
8 Facsimile: (310) 229-5800

9 GEORGE A. STOHNER, Bar No. 214508
gstohner@morganlewis.com
10 MELINDA S. RIECHERT, Bar No. 65504
mriechert@morganlewis.com
11 **MORGAN, LEWIS & BOCKIUS LLP**
300 Grand South Avenue, Suite 2200
12 Los Angeles, CA 90069
Telephone: (213) 612-1015
13 Facsimile: (213) 612-2501

14 Attorneys for Defendant,
BEST BUY STORES, L.P. (erroneously sued as
15 BEST BUY CO., INC.)

16 **UNITED STATES DISTRICT COURT**

17 **NORTHERN DISTRICT OF CALIFORNIA**

18 **SAN FRANCISCO / OAKLAND DIVISION**

19

| | |
|---|---|
| 20 JASMEN HOLLOWAY, AMY GARCIA, CHERYL CHAPPEL, MUEMBO MUANZA, MAURICE CALHOUN, and NICHOLAS DIXON, on behalf of themselves and all other similarly situated, | No. C 05-05056 PJH |
| Plaintiffs, | **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |
| v. | |
| BEST BUY CO., INC., | |
| Defendant. | |

LA1 60126623.1

[PROPOSED] STIPULATED
PROTECTIVE ORDER

The parties' participation in pretrial discovery may require the disclosure of certain documents and testimony which contain or concern confidential, proprietary or financially sensitive information, or information which one or more of the parties are legally required to maintain as confidential or required to maintain as confidential pursuant to agreement with third parties. The parties wish to provide for the delivery of such information in a manner that will protect its confidentiality and limit its dissemination to others. The parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. Accordingly,

IT IS HEREBY STIPULATED TO BY THE PARTIES AND ORDERED THAT the following provisions shall govern the handling and disclosure of testimony, arguments, filings, documents, things and information obtained, generated or produced by any party to these proceedings, or by third parties:

1. DEFINITIONS

 1.1 Confidential Information: means any confidential, sensitive, or proprietary information, including trade secrets, financial information, and personnel information that is legally protected under standards developed under Fed. R. Civ. P. 26(c) and not publicly available. Confidential Information may be included, without limitation, in the following: exhibits and testimony taken at deposition, affidavits or declarations; correspondence; answers to interrogatories; documents and tangible things produced by a party or person (whether produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, or otherwise); responses to requests for admission; and briefs that may quote, summarize, or contain Confidential Information. Reports of statistical experts that rely upon Confidential Information which is confidential solely because it contains personnel information relating to individual employees, but that do not reveal the individual personnel Confidential Information, are not deemed to contain Confidential Information based on the aggregation of individual personnel information alone.

1.2  "Highly Confidential – Attorneys' Eyes Only" Information or Items: means extremely sensitive "Confidential Information" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1.3  Document: the term "document" shall have the most comprehensive and inclusive meaning ascribed to it by Rule 34 of the Federal Rules of Civil Procedure or Rule 1001 of the Federal Rules of Evidence, and includes without limitation any written, recorded, electronically stored, or graphic material.

1.4  Producing Party: means a party or non-party that produces documents, information or other materials in connection with this litigation.

1.5  Receiving Party: means a party in this litigation (or counsel thereto and their agents) who obtains Confidential Information pursuant to paragraph 1.1 of this Order from a Producing Party.

1.6  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.7  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving, data in any form or medium; etc.) and their employees and subcontractors.

1.8  Legend: means a large, bold stamp or similar insignia stating either "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

2.  SCOPE

The protections conferred by this Stipulated Protective Order cover not only Confidential Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

3. DESIGNATION

    3.1    <u>Exercise of Good Faith and Care in Designating Confidential Information</u>. Any party to this action may designate information or documents "Highly Confidential – Attorneys' Eyes Only" or "Confidential" in the reasonable exercise of that party's discretion and upon a good faith belief that such materials may reasonably be considered Confidential or Highly Confidential Information, provided, however, that by agreeing to this Stipulated Protective Order, no party waives the right to challenge any other party's designation.

A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Producing Party to sanctions. If it comes to a party's attention that information or items that it designated for protection under this Order do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

    3.2    <u>Manner and Timing of Designations</u>.

    (a)    *Designation of Documents or Filings*. To designate Confidential Information in documentary form, the designating party shall place the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains material to be protected under this Order. If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) *Designation of Testimony and Hearing Transcripts.* To designate Confidential Information in testimony (or in exhibits referred to therein), the designating party shall (1) make an oral statement to such effect on record in the course of the hearing or deposition or (2) designate a certified deposition or hearing transcript, or portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so notifying all parties in writing within ten (10) days after receipt of such transcript. Portions of transcripts and exhibits containing Confidential Information must be separately bound by the court reporter, who must affix to the top of each page the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by counsel for the party to whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information the deponent has had access.

If, during any deposition or hearing, any party desires to elicit testimony, offer arguments, and/or introduce documents or other information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or when counsel for a party deems that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information within the meaning of this Order, any person present at the deposition or hearing who is not permitted access to such information shall leave the deposition or hearing during the examination or argument. The failure of such persons to leave the deposition or hearing shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

(c) *Designation of Material Produced in Non-Paper Media or Other Tangible Items.* To designate non-paper media (e.g., videotape, audiotape, computer disk, etc.), the designating party shall affix in a prominent place on the exterior of such non-paper media the Legend "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the event the Receiving Party generates any copy, transcription, or printout from any such designated non-paper media, such party must mark such copy, transcription or

printout as "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and treat it as so designated.

    3.3    <u>Levels of Confidentiality Designations</u>.   There shall be two levels of confidentiality pertaining to testimony, arguments, filings, documents, things and information as follows hereunder.

    (a)    Any testimony, arguments, filings, documents, things and information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" is accessible only by the following persons:

    (i)    Counsel of record for the respective parties in this action, and the attorneys, paralegals, and staff employed by counsel who have been assisting in the conduct of this action; and

    (ii)    Best Buy, L.P.'s in-house counsel; and

    (iii)    The Court and its personnel (including court reporters); and

    (iv)    Any person identified on the face of a specific document or thing, provided that if such person is not a party's current employee, officer or director, such person executes a Certification in the form shown in Exhibit A.  If such person is not identified on the face of a document or thing, then it is the burden of the party seeking such further disclosure to establish by competent testimony of a witness under oath, that such person is its originator, author or a recipient of a copy thereof; if so established, such person's access shall be limited to the specific document or thing itself, but only after execution of a Certification in the form shown in Exhibit A; and

    (v)    Experts (as defined in this Order) engaged by counsel to assist in this litigation, provided that such Experts execute a Certification in the form shown in Exhibit A.  If such Experts have been engaged in the past three years, or are currently engaged, to assist in any litigation on behalf of Circuit City Stores Inc., Wal-Mart Stores Inc., Dell Inc., RadioShack Corp., Target Corp., CompUSA Inc., or Costco Wholesale Corp., counsel for the party seeking to disclose Highly Confidential – Attorneys Eyes Only Information to Experts in this instance will provide in advance of such disclosure the Expert's following information: (1) full name; (2) office address; (3) present employer and job title; and (4) any litigation (by name and number of the case, filing date, and location of court) in which the Expert was or is engaged by the above listed competitors of Best Buy Stores, L.P. To the extent that a producing party produces a document containing trade secrets, the producing party may, prior

to disclosure, meet and confer with opposing counsel concerning the appropriateness and necessity of disclosing the trade secrets to the receiving parties' experts. If the parties are unable to resolve a dispute with respect to these trade secrets, they will bring the matter to the Court's attention pursuant to the procedures set forth in paragraph 3.6.

(vi) Professional Vendors; and

(vii) Any other persons as the parties may agree to in writing or as the Court may order.

(b) Any testimony, arguments, filings, documents, things and information designated as "CONFIDENTIAL" is accessible only by the following persons:

(i) Persons having access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information; and

(ii) The Named Plaintiffs; and

(iii) Experts (as defined in this Order) engaged by counsel to assist in this litigation, provided that such Experts execute a Certification in the form shown in Exhibit A; and

(iv) Fact witnesses providing testimony by deposition or at any court proceeding in this case, but only after execution of a Certification in the form shown in Exhibit A; and

(v) Any other persons as the parties may agree to in writing or as the Court may order.

3.4 Conflicts in Designation. If the parties designate the same testimony, arguments, filings, documents, things or information as having different levels of confidentiality, the higher designation shall control until, and unless, the Court rules differently. If the Receiving Party believes that any testimony, arguments, filings, documents, things or information should be protected by a higher degree of confidentiality than specified by the disclosing party, and has not previously produced and/or so designated the testimony, arguments, filings, documents, things and information and the disclosing party does not agree to modify the level of confidentiality, the Receiving Party may, at any time, seek a ruling from the Court to that effect.

///

1    3.5    <u>Inadvertent Failure to Designate</u>.  A party's inadvertent failure to designate testimony, documents, items or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be construed as a waiver, in whole or in part, and that party shall have fifteen (15) business days after such production to so stamp or otherwise designate the document, testimony, item or other information.

3.6    <u>Resolution of Disputes Regarding Confidentiality Designations</u>.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge at the time a designation is made, and is not precluded from making a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disputes any such designation, such party shall provide to the designating party written notice of its disagreement with the designation. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer within five (5) business days after such notice to reconsider the circumstances and explain the bases for maintaining or challenging the designation.

If the dispute cannot be resolved, any party may request relief from the Court by filing and serving a motion under Civil Local Rule 7 (and in compliance with Civil Local rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.

The designating party shall bear the burden of proving that information has been properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." During the pendency of such dispute or application, and until the Court may rule otherwise, the information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall remain subject to the designations and restrictions of this Order.

/ / /

/ / /

1   4.   RESTRICTIONS ON DISCLOSURE, ACCESS, AND USE

2        4.1   Record Maintenance. All Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner than ensures that access is limited to persons authorized under this Order.

        4.2   Redacted Information.  Any party may further limit access to Confidential Information by (1) readacting Social Security numbers, until and unless the Court orders that Social Security numbers be produced; and (2) redacting privileged materials prior to production, and providing a privilege log at the time of production.  Nothing in this Order shall be construed as a waiver of any party's right to object to such redactions, and to seek production of the unredacted documents.  A party who seeks disclosure of redacted information shall meet and confer with the redacting party, and may thereafter seek relief from the Court if the dispute cannot be resolved.

        4.3   Copies, Summaries, and Extracts. No individual shall make copies, extracts or summaries of any Confidential Information produced during the course of this litigation except to the extent necessary for use as permitted by this Order. Counsel and all persons to whom such copies, extracts, or summaries are disclosed shall take all reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

        4.4   Limitation to Instant Action.  No person or party, including third parties, receiving or providing any Confidential Information during the course of these proceedings shall disclose such Confidential Information to anyone other than as permitted by this Order nor use such Confidential Information for any purpose other than for use in this litigation, except as may be required by law, and then only upon adequate notice to the parties that such disclosure is required. Such notice shall be given prior to the time any disclosure of Confidential Information is made.

        4.5   Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

        If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the designating party, in writing (by fax, if possible) immediately

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  and in no event more than two (2) court days after receiving the subpoena or order. Such
2  notification must include a copy of the subpoena or court order and afford the designating party a
3  reasonable opportunity to try to protect its confidentiality interests in the court from which the
4  subpoena or order issued.

5  The Receiving Party also must immediately inform in writing the party who caused the
6  subpoena or order to issue in the other litigation that some or all the material covered by the
7  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
8  deliver a copy of this Stipulated Protective Order promptly to the party in the other action that
9  caused the subpoena or order to issue.

10  The purpose of imposing these duties is to alert the interested parties to the existence of
11  this Protective Order and to afford the Producing Party in this case an opportunity to try to protect
12  its confidentiality interests in the court from which the subpoena or order issued. The Producing
13  Party shall bear the burdens and the expenses of seeking protection in that court of its confidential
14  material – and nothing in these provisions should be construed as authorizing or encouraging a
15  Receiving Party in this action to disobey a lawful directive from another court.

16  4.6  Third Party Discovery. To the extent that any discovery is sought from a person or
17  entity who is not a party to this litigation, and in the event such third party or any of the parties
18  hereto contend the discovery sought from the third party by a requesting party involves
19  Confidential Information, then such third party may agree to be bound by this Order and to
20  produce documents, information and things in compliance with this Order, and to so notify all
21  parties to this litigation in writing. In the event such third party agrees to be bound by this Order,
22  then the provisions of this Order are to apply to that party.

23  4.7  Unauthorized Disclosure of Confidential Information. If a party learns that, by
24  inadvertence or otherwise, it has disclosed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
25  – ATTORNEYS' EYES ONLY" information to any person or in any circumstance not authorized
26  under this Stipulated Protective Order, that party must immediately (a) notify in writing the
27  designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of
28  the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures

LA1 60126623.1                                     - 10 -                                [PROPOSED] STIPULATED
                                                                                                            PROTECTIVE ORDER

were made of all the terms of this Order, and (d) request such person or persons to execute the Certification in the form shown in Exhibit A.

4.8     Filing Confidential Information. Except as provided in this paragraph, without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party or non-party may not file in the public record in this or any other action any Confidential Information protected under this Order.  A party who wishes to file Confidential Information with the Court must attempt to file that Confidential Information under seal in compliance with Civil Local Rule 79-5, and neither the lodged document nor any proposed redacted version will be filed in the public record, except upon Court order.  If a document is filed under seal, where possible, only the portions of filings containing Confidential Information shall be filed with the Court under seal.  If any Confidential Information is filed with the Court under seal, then the party submitting the Confidential Information shall file a public copy of the pleading containing the Confidential Information in redacted form.

5.     ORDER NOT APPLICABLE

5.1     Nothing contained herein shall prevent any party from using Confidential Information for a trial in this matter, provided that the Producing Party has reasonable notice at the time trial exhibits are designated.  Confidential Information can be introduced at trial, provided that all CONFIDENTIAL stamps are removed before use.  The removal of the CONFIDENTIAL stamp, however, shall not affect the status of the Confidential Information unless it is admitted into evidence by the Court, in which case, unless the Court orders otherwise, the evidence will become public knowledge.

6.     DURATION AND TERMINATION

6.1     Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in force and effect unless or until it is modified, superseded or terminated on the record by agreement of the parties hereto or by order of the Court.

6.2     Within sixty (60) days after the final termination of this action, which includes any final judicial appellate review, each Receiving Party must return to the Producing Party any and all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

information, and all copies, summaries and extracts of the same or shall certify by the sixty (60) day deadline the destruction of such material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

7. **MISCELLANEOUS**

   7.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   7.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
Respectfully submitted,

| | |
|---|---|
| Roman M. Silberfeld, Bar No. 62783<br>David Martinez, Bar No. 193183<br>Benjamin M. Weiss, Bar No. 223163<br>Hassan A. Allen, Bar No. 241446<br>Rebecka M. Biejo, Bar No. 240504<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067-3211 | George A. Stohner, Bar No. 214508<br>Melinda S. Riechert, Bar No. 65504<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 Grand South Avenue<br>Suite 2200<br>Los Angeles, CA 90069 |
| DATED: May 22, 2006 | /S/ Rebecka M. Biejo<br>Attorneys for Defendant |
| James M. Finberg, Bar No. 114850<br>Bill Lann Lee, Bar No. 108452<br>Eve H. Cervantez, Bar No. 164709<br>Daniel M. Hutchinson, Bar No. 239458<br>LIEFF, CABRASER, HEIMANN<br>  & BERNSTEIN, L.L.P.<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339 | Todd M. Schneider, Bar No. 158253<br>Joshua G. Konecky, Bar No. 182897<br>Clint J. Brayton, Bar No. 192214<br>W.H. "Hank" Willson IV, Bar. No. 233321<br>SCHNEIDER & WALLACE<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA 94104 |
| DATED: May 22, 2006 | [signature]<br>Attorneys for Plaintiff |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 6/16/06



Honorable
United States ... Judge
IT IS SO ORDERED
Judge Phyllis J. Hamilton

# **EXHIBIT A**

## **CERTIFICATION AND CONFIDENTIALITY AGREEMENT**

I, _____, certify and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Holloway v. Best Buy Stores, L.P. (erroneously sued as Best Buy Co., Inc.), Case No. C 05-05056 PJH. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I acknowledge that I am to retain all copies of any of the materials that I receive that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner consistent with this Order, and that all such copies are to be returned or destroyed as specified in this Order on the termination of this litigation or the completion of my duties in connection with this litigation.

_____    _____
Date                                                                       Signature

_____    _____
City and State where sworn and signed              Printed Name

_____
Address

_____
Phone Number