1  James M. Finberg (SBN 114850)
   Bill Lann Lee (SBN 108452)
2  Eve H. Cervantez (SBN 164709)
   Gena E. Wiltsek *(admitted pro hac vice)*
3  Daniel M. Hutchinson (SBN 239458)
   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
4  Embarcadero Center West
   275 Battery Street, 30th Floor
5  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
6  Facsimile:  (415) 956-1008

7  Todd M. Schneider (SBN 158253)
   Guy B. Wallace (SBN 176151)
8  Joshua G. Konecky (SBN 182897)
   Clint J. Brayton (SBN 192214)
9  W.H. "Hank" Willson IV (SBN 233321)
   SCHNEIDER & WALLACE
10 180 Montgomery Street, Suite 2000
   San Francisco, CA  94104
11 Telephone:  (415) 421-7100
   Facsimile:  (415) 421-7105
12
   *Attorneys for Plaintiffs and the Proposed Class*
13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                   SAN FRANCISCO / OAKLAND DIVISION

17

18 | JASMEN HOLLOWAY, AMY GARCIA, | Case No.  C-05-5056 PJH (MEJ)
   | CHERYL CHAPPEL, MUEMBO |
19 | MUANZA, MAURICE CALHOUN, and | **STIPULATION AND [PROPOSED]**
   | NICHOLAS DIXON, on behalf of | **ORDER CONTINUING CERTAIN DATES**
20 | themselves and all others similarly situated, |

21              Plaintiffs,

22 v.

23 BEST BUY CO., INC.,

24              Defendant.

25

26

27

28

LA1 60135227.1

1    WHEREAS, at the status conference for this case held on April 13, 2006, this
2  Court set certain dates and deadlines including (1) Plaintiffs' motion to amend due on October 13,
3  2006; (2) parties to engage in private mediation between January and April, 2007, and to file a
4  status statement re: outcome of private ADR by May 2007; (3) Plaintiffs' motion for class
5  certification due on July 13, 2007; and (4) hearing on Plaintiffs' motion for class certification on
6  November 7, 2007.  Given the nature of the claims, the size and complexity of the case, and the
7  volume of discovery, the parties agree that it is necessary to continue those dates;

8    WHEREAS, the parties informed the Court at the case management conference
9  and in their joint case management conference statement that the deadlines set by the Court with
10 respect to class certification and other matters might have to be continued depending upon the
11 scope of discovery and the fact that a large number of responsive documents are held by third
12 parties to whom Best Buy has outsourced some of its Human Resources and Information Systems
13 functions;

14   WHEREAS, Plaintiffs served their First Request for Production of Documents on
15 March 23, 2006 and Best Buy, after receiving an extension of time, timely responded on May 25,
16 2006;

17   WHEREAS, Plaintiffs have continued to serve additional requests for production,
18 including a Fourth Request for Production served on September 13, 2006;

19   WHEREAS, the nature of the Requests for Production requires Best Buy to gather
20 hard copy documents, electronic documents and e-mails from approximately 750 stores, 57
21 districts, 8 territories/regions and the corporate headquarters dating from January 1, 2001;

22   WHEREAS, the parties continue to meet and confer with respect to confidential
23 designations and/or redactions of documents, including documents and data containing employee
24 information, and have sought and obtained guidance from the Court with respect to some of the
25 documents and data that have been produced;

26   WHEREAS, in conjunction with the production, Best Buy has already produced a
27 number of documents, including, on October 5, 2006, electronic personnel data for approximately
28 407,000 current and former Best Buy employees.  In addition, Best Buy anticipates producing

applicant data for over 3,500,000 applicants within the next week.  However, due to the large volume of documents requested, Best Buy has not yet completed production of documents responsive to Plaintiffs' First Request;

WHEREAS, Best Buy is continuing to diligently work to produce the documents requested, including the voluntary production of documents within the custody and control of third parties without the need for subpoenas;

WHEREAS, both parties are diligently conducting as much discovery as possible, including (1) Best Buy has propounded, and Plaintiffs have responded to, one set of Requests for Production and one set of Interrogatories; (2) Best Buy has scheduled and is in the process of taking the depositions of the Named Plaintiffs and the witnesses listed in Plaintiffs' Rule 26 disclosures; and (3) Plaintiffs have served a deposition notice for Best Buy in 27 separate areas pursuant to Rule 30(b)(6);

WHEREAS, the parties have agreed that certain dates, including the deadlines for engaging in private ADR, the exchange of expert reports and class certification briefing, should be continued in a manner consistent with this Court's original scheduling order in order to allow the parties to complete necessary discovery;

THEREFORE, the parties hereby stipulate and agree, and request that the Court order, that the following dates should govern the further conduct of this action:

1. Plaintiffs shall file any motion seeking to amend the complaint by adding new named plaintiffs no later than November 15, 2006, unless Best Buy stipulates to later additions of new plaintiffs, or this Court so orders.

2. Best Buy shall continue its rolling production of documents responsive to Plaintiffs' First and Fourth Sets of Requests for Production of Documents (and any subsequent document requests).

3. Best Buy shall produce documents concerning basic Best Buy corporate policies and procedures with respect to hiring, job assignments, training, scheduling, compensation, promotions, evaluations, discipline, and terminations located on Best Buy's internal intranet system (aka "ToolKit") no later than November 15, 2006.

1      4.     Best Buy shall produce documents, and schedule 30(b)(6) depositions on
2  the following topics as soon as is practicable, and in any event no later than February 28, 2007
3  (with pertinent documents produced at least two weeks prior to the particular deposition):
4             a.     Best Buy's organizational structure and operations (30(b)(6) topic
5  1, First Request For Production, 12; Fourth Request for Production, 2, 3).
6             b.     Segmentation/Customer Centricity (30(b)(6) topic 12; First Request
7  for Production 27; Fourth Request for Production 12).
8             c.     Corporate Human Resources policies and record keeping (30(b)(6)
9  topic 20).
10            d.     Electronic communications systems (30(b)(6) topic 23; Fourth
11 Request for Production 6).
12            e.     Document retention policies (30(b)(6) topic 24; First Request for
13 Production No. 6).
14    5.     Best Buys' document production shall be substantially complete by April
15 30, 2007.
16    6.     The parties shall engage in private ADR between March and June 2007,
17 and shall file a status statement re: outcome of private ADR by August 2007;
18    7.     Best Buy shall make witnesses available for 30(b)(6) depositions on a
19 rolling basis as soon as is practicable after relevant documents have been produced, and in any
20 event no later than June through August, 2007.
21    8.     Plaintiffs shall file any motion seeking leave to amend the complaint for
22 any reason other than the addition of new named plaintiffs no later than June 13, 2007, unless
23 Best Buy stipulates to a later amendment, or the Court grants leave for a later amendment.
24    9.     Plaintiffs' Expert Designations and Reports shall be due on October 1,
25 2007.
26    10.    Defendants' Expert Designations and Reports shall be due on December 3,
27 2007.
28    11.    Plaintiffs' Rebuttal Expert Reports shall be due on January 14, 2008.

1       12.    Defendants' Rebuttal Expert Reports shall be due on February 15; 2008.

2       13.    Plaintiffs' Motion for class certification shall be filed on March 12, 2008.

3       14.    Defendants' Opposition to Plaintiffs' Motion for Class Certification shall be filed by May 7, 2008.

5       15.    Plaintiffs' Reply Brief In Support Of Class Certification shall be filed by June 4, 2008.

7       16.    The hearing on Plaintiffs' Motion for Class Certification will be held on June 25, 2008, or at the Court's convenience.

The parties hereby stipulate, and request that the Court so order.

DATED: October 12, 2006    **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**

By:   /s/ Eve H. Cervantez
      Eve H. Cervantez

James M. Finberg (SBN 114850)
Bill Lann Lee (SBN 108452)
Eve H. Cervantez (SBN 154709)
Gena E. Wiltsek *(admitted pro hac vice)*
Daniel M. Hutchinson (SBN 239458)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Attorneys for Plaintiffs JASMEN HOLLOWAY, AMY GARCIA, CHERYL CHAPPEL, MUEMBO MUANZA, MAURICE CALHOUN, and NICHOLAS DIXON

DATED: October 12, 2006     **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   /s/ Roman M. Silberfeld
          Roman M. Silberfeld

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
Benjamin M. Weiss, (SBN 223163)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3700
Los Angeles, CA  90067-3211
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800

Attorneys for Defendant, BEST BUY STORES, LP.
(erroneously sued as BEST BUY CO., INC.)

### [PROPOSED] ORDER

Pursuant to Stipulation, it is so ORDERED,

DATED:   10/17/06

_____
PHYLLIS J. HAMILTON
United States District Judge

## ATTESTATION

I hereby certify that for all conformed signatures indicated by a /s/ I have holographic signatures on file.

DATED: October 12, 2006

By: /s/ David Martinez
David Martinez

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3700
Los Angeles, CA  90067-3211
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800