

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C.  20507

Office of
Legal Counsel

July 26, 2007

The Honorable Maria-Elena James
United States Magistrate Judge
United States District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

       Re:  Holloway v. Best Buy Co., Inc. (No. 3:05-cv-05056-PJH)

Dear Judge James:

       The U.S. Equal Employment Opportunity Commission ("EEOC") hereby objects to the July 12, 2007 subpoena *duces tecum* served by Best Buy Co., Inc. upon Alexandra Kalev, Ph.D. to the extent that such subpoena seeks testimony or production of documents which would reveal confidential information that is prohibited from disclosure by 42 U.S.C. § 2000e-8(e).[1]  More specifically, the preceding statute prohibits Dr. Kalev's disclosure of (1) any and all EEO-1 data which was provided to her by the EEOC and (2) any information, including Dr. Kalev's working papers, drafts, personally prepared databases, etc., which would enable someone to identify specific statistical information as coming from a particular EEO-1 report.

       Pursuant to its mission of eliminating and preventing discrimination in the work place, the EEOC requires companies to file annual reports which provide a statistical breakdown of the composition of each reporting company's workforce by race and sex; these reports are known as EEO-1 reports.  42 U.S.C. § 2000e-8(c)(3); 29 C.F.R. § 1602.7.  Congress granted the EEOC the authority to require EEO-1 reports in 42 U.S.C. § 2000e-8(c), but mandated that such information be kept confidential in 42 U.S.C. § 2000e-8(e) with the exception of aggregate reports that can be issued by the EEOC as long as they do not reveal the identities of the companies.  29 C.F.R. § 1610.18.  Other disclosure of any information obtained by the Commission pursuant to section 2000e-8 shall subject the disclosing EEOC officer or employee to a fine of not more than $1,000 or imprisonment for not more than one year.  42 U.S.C. § 2000e-8(e).

---

[1] As will be further explained in this letter, the EEOC's interest in this matter is two-fold: first, the EEOC is the owner of the EEO-1 reports which are a subset of the documents requested by the subpoena; second, the EEOC seeks to prevent violation of the confidentiality requirements of 42 U.S.C. § 2000e-8(e) by Dr. Kalev, who is a temporary employee of the EEOC pursuant to her Intergovernmental Personnel Act detail agreement.

Dr. Kalev is subject to the foregoing confidentiality obligation because she obtained the EEO-1 data from the EEOC pursuant to an employment agreement executed under the Intergovernmental Personnel Act of 1970 (5 U.S.C. §§ 3371-3376) ("IPA").  The IPA authorizes academics such as Dr. Kalev to be temporarily assigned to the federal government as a detailed employee, thereby allowing them access to otherwise unavailable federal records, but subjecting them to all of the obligations of a federal employee including all criminal statutes and ethical regulations which govern federal employees.  The IPA agreement which Dr. Kalev signed states, *inter alia*, that (1) she is subject to the confidentiality provision of 42 U.S.C. § 2000e-8, (2) she will not disclose to anyone in any manner the EEO-1 reports she receives from the EEOC, the information reported by any specific company, or any information that would enable someone to identify statistical information as coming from a particular EEO-1 report, (3) she will return all original documents supplied by the EEOC to the EEOC and provide written confirmation that she has destroyed all working copies and any extract notes, analyses, etc. that contain confidential information, (4) all documents and information furnished to her by the EEOC remain the EEOC's property, (5) data provided by the EEOC shall be used solely for the stated research project and shall not be used for the purposes of private litigation and (6) she will submit any dissertation, report, research, statistics or study based upon EEOC information to the EEOC for pre-screening to confirm that confidentiality has not been breached.

Thus, Dr. Kalev is legally bound to protect the confidentiality of the EEO-1 data which she received from the EEOC by 42 U.S.C. § 2000e-8 as further implemented and confirmed by her IPA employment agreement.  This duty of confidentiality extends to not only the raw EEO-1 data that she received from the EEOC, but also to her incorporation of that data into her working database, drafts, reports, articles, etc.  The parties' July 24, 2007 letter to the Court (footnote #4) suggests that Best Buy is not seeking the original EEO-1 data source supplied by the EEOC to Dr. Kalev, but the subpoena's language is sufficiently broad to require production of that information.  In any event, Best Buy explicitly states that it wants Professor Kalev to produce "the dataset which underlies her research and that she *personally* created using EEO-1 data."  Disclosure of Professor Kalev's working database would also violate 42 U.S.C. § 2000e-8(e) if it enabled someone to identify specific statistical information as being submitted by a particular company.  Dr. Kalev has not yet submitted her working database to the EEOC for its required review to ensure confidentiality.

The confidentiality protection set forth in 42 U.S.C. § 2000e-8(e) is absolute.  The statutory language states that "[I]t shall be unlawful . . . to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section . . . .".  Id.  The criminal penalty for disclosure of fine or imprisonment is mandatory.  In *Dukes v. Wal-Mart, Inc.,* 222 F.R.D. 189 (N.D. Cal. 1994), the Court acknowledged the mandatory nature of confidentiality, but did not enforce the provision in that case because the party disclosing the confidential information, unlike Dr. Kalev, had not been an EEOC employee.  The statute does not contain an exception for general discovery needs, so discovery or cross-examination needs do not trump the mandate for confidentiality.  *Branch v. Phillips Petroleum*, 638 F.2d 873, 880 (5th Cir. 1981).  The only exception to confidentiality allowed by the statute is the "institution of any proceeding under this subchapter involving such information," *Id*., language which addresses the Commission's production of a specific employment discrimination charge file against a particular employer once a lawsuit has been commenced against that employer arising

out of the allegations in that charge.  *See Equal Employment Opportunity Commission v. Associated Dry Goods,* 449 U.S. 590, 603 (1981).  That exception is directed at EEOC investigative materials related to a specific discrimination charge, not to generally required EEO-1 reports of entities which are not privy to a specific charge.

The EEOC's interest in this matter is the protection of EEO-1 filers and enforcement of the confidentiality requirements of 42 U.S.C. § 2000e-8(e) which are imposed upon its temporary employee, Dr. Kalev.  Therefore, the EEOC respectfully requests that the Court quash that portion of Best Buy's subpoena which requests production of EEO-1 reports received by Dr. Kalev from the EEOC, as well as Best Buy's request for any information, databases, etc. from Dr. Kalev which incorporate information from those EEO-1 reports.  Additionally, Dr. Kalev should be granted protection from having to answer any deposition questions which elicit information from the EEO-1 reports.

    Sincerely,

    s/ James G. Allison

    James G. Allison
    Senior Attorney

cc:  Roman M. Silberfeld
    Christopher M. Patti
    B. Lee