Kelly M. Dermody (SBN 171716)
Daniel M. Hutchinson (SBN 239458)
Barbra L. Williams (SBN 249967)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Todd M. Schneider (SBN 158253)
Guy B. Wallace (SBN 176151)
Nancy Park (SBN 236750)
Naomi Sunshine (SBN 244094)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Katherine M. Pollock (SBN 243500)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Bill Lann Lee (SBN 108452)
Vincent Cheng (SBN 230827)
Lindsay Nako (SBN 239090)
Nina Wasow (SBN 242047)
LEWIS, FEINBERG, LEE, RENAKER &
JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JASMEN HOLLOWAY, AMY GARCIA, CHERYL CHAPPEL, ERIC BLACKSHER, JESSICA TREAS, LAWRENCE SANTIAGO, JR., MUEMBO MUANZA, MAURICE CALHOUN, NICHOLAS DIXON, and SUSAN MYERS-SNYDER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BEST BUY CO., INC. and BEST BUY STORES, L.P., <br><br> Defendants. | Case No. C-05-5056 PJH (MEJ) <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER ALLOWING PLAINTIFFS TO FILE SECOND AMENDED COMPLAINT** |

WHEREAS, pursuant to the Court's July 12, 2007 Order, Plaintiffs may file a motion to amend the complaint by January 31, 2008, unless Defendants Best Buy Co., Inc. and Best Buy Stores, L.P. ("Best Buy") stipulate to later amendments, or this Court so orders;

WHEREAS, Plaintiffs intend to file a Second Amended Complaint, a copy of which is appended hereto as Exhibit 1;

WHEREAS, Best Buy does not object to the filing of the Second Amended Complaint;

THEREFORE, the parties hereby stipulate and agree, and request that the Court order, that:

1.      Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs may file the Second Amended Complaint appended hereto as Exhibit 1;

2.      The Second Amended Complaint is deemed filed and served as of the date of this Order;

3.      Defendants shall have 30 days to respond.

The parties hereby stipulate, and request that the Court so order.

Dated: January 31, 2008

LIEFF, CABRASER, HEIMANN &                    ROBINS, KAPLAN, MILLER & CIRESI
BERNSTEIN, LLP                                           L.L.P.


By:____/s/ Kelly M. Dermody_____          By:____/s/ Roman M. Silberfeld_____
        Kelly M. Dermody                                      Roman M. Silberfeld

Kelly M. Dermody                                      Roman M. Silberfeld, Bar No. 62783
Barbra L. Williams                                     David Martinez, Bar No. 193183
Daniel M. Hutchinson                                 Benjamin M. Weiss, Bar No. 223163
LIEFF, CABRASER, HEIMANN &                    ROBINS, KAPLAN, MILLER &
BERNSTEIN, LLP                                           CIRESI L.L.P.
Embarcadero Center West                            2049 Century Park East, Suite 3400
275 Battery Street, 30th Floor                     Los Angeles, CA  90067-3211
San Francisco, CA  94111-3339                   Telephone:  (310) 552-0130
Telephone:  (415) 956-1000                        Facsimile:  (310) 229-5800
Facsimile:  (415) 956-1008

                                                                *Attorneys for Defendants*

Todd M. Schneider
Guy B. Wallace
Nancy Park
Naomi Sunshine
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Bill Lann Lee
Vincent Cheng
Lindsay Nako
Nina Wasow
LEWIS, FEINBERG, LEE, RENAKER &
JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

James M. Finberg
Eve H. Cervantez
Katherine M. Pollock
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Attorneys for Plaintiffs and the Proposed
Class*

## ORDER

Pursuant to Stipulation, it is so ORDERED

2/12/08

PHYLLIS
United

IT IS SO ORDERED

Judge Phyllis J. Hamilton

## ATTESTATION

I hereby attest that I have approval for any signature indicated by a "conformed" signature ("/s/") within this e-filed document.

DATED:  January 31, 2008            **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**

By:  ___/s/ *Daniel M. Hutchinson*___
       Daniel M. Hutchinson

Kelly M. Dermody
Barbra L. Williams
Daniel M. Hutchinson
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Attorneys for Plaintiffs and the Proposed Class*



Exhibit 1

Kelly M. Dermody (SBN 171716)
Daniel M. Hutchinson (SBN 239458)
Barbra L. Williams (SBN 249967)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Katherine M. Pollock (SBN 243500)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Todd M. Schneider (SBN 158253)
Guy B. Wallace (SBN 176151)
Nancy Park (SBN 236750)
Naomi Sunshine (SBN 244094)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Bill Lann Lee (SBN 108452)
Vincent Cheng (SBN 230827)
Lindsay Nako (SBN 239090)
Nina Wasow (SBN 242047)
LEWIS, FEINBERG, LEE, RENAKER &
JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JASMEN HOLLOWAY, AMY GARCIA, CHERYL CHAPPEL, ERIC BLACKSHER, JESSICA TREAS, LAWRENCE SANTIAGO, JR., MUEMBO MUANZA, MAURICE CALHOUN, NICHOLAS DIXON, and SUSAN MYERS-SNYDER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BEST BUY CO., INC. and BEST BUY STORES, L.P., <br><br> Defendants. | Case No. C-05-5056 PJH (MEJ) <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES, FOR VIOLATIONS OF** <br><br> **(1) 42 U.S.C. § 2000e, et seq. ("Title VII"),** <br> **(2) 42 U.S.C. § 1981, and** <br> **(3) Cal. Gov't Code § 12940. et seq.** <br><br> **DEMAND FOR JURY TRIAL** |

1.     Defendants Best Buy Company, Inc. and Best Buy Stores, L.P. (hereinafter identified as "Best Buy" or "the Company") are national retail electronics sellers that provide modern, high-technology products to their customers. Best Buy's treatment of women and minority employees and job applicants, however, remains outdated and obsolete. Best Buy discriminates against women and minority individuals – Latinos and African Americans (hereinafter, collectively, "minorities") – on the basis of gender, race, color, and/or national origin, with respect to recruitment, hiring, job assignments, transfers, promotions, exempt compensation, allocation of weekly hours, and other terms and conditions of employment.

2.     Best Buy operates through a corporate culture of racial and gender stereotypes. For example, a corporate policy known as "Segmentation" requires Best Buy managers and salespeople to target one of four composite customer types, all white, most of whom are young and male with Anglo-sounding names: "Barry," a male with a six-figure income who purchases what he wants regardless of cost; "Ray," a male who likes electronic gadgets but may not always be able to afford what he wants; or "Buzz," a young male interested in gaming and playstations who makes small purchases. The only female customer to whom Best Buy marketed only confirms gender stereotypes: "Jill" is "Barry's" wife—a stay-at-home soccer mom. Thus, the Company's website discusses segmentation in terms of appealing to "affluent professional males" and "upscale suburban moms." It was only after the filing of the administrative charges of discrimination and this lawsuit that Best Buy augmented the customer types to add more women to its "customer centricity" model.

3.     The corporate culture of racial and gender stereotypes permeates Best Buy and its predominately white male management force, who operate under the adage that "Girls can't sell." Women are accordingly steered into cashier jobs, and away from the more lucrative sales positions from which promotions to management are made. Similarly, minorities are steered away from sales positions and into behind-the-scenes "inventory control" (warehouse) positions. Even when women and minorities are allowed on the sales floor, they are not permitted to work in major sales departments selling big ticket items such as televisions, stereos,

computers, or the high-end Magnolia line, but are segregated in relatively minor sales departments, such as media (*i.e.* CDs) or cameras.

4.      Best Buy enforces a nationwide corporate policy of preferring white male employees for employment and for desirable job assignments, including major sales, senior, supervisor, and managerial positions, in its stores throughout the United States.  Best Buy reserves the most desirable job assignments and positions – and the sales experience necessary to achieve them and advance in the Company – for white male employees.  Best Buy's predominantly white male sales employees are better paid due to job segregation and receive greater opportunities for advancement than Best Buy's female and minority employees who overwhelmingly are segregated in the lowest paying positions with the least chance of advancement.

5.      The low numbers of women and minorities employed by Best Buy sets it apart from other large retailers.  Like many large retailers, Best Buy has low educational and experience requirements and promotes many managers and other high level employees from within the Company.  One might expect Best Buy to have a workforce similar to other large retailers that employ large numbers of women and minorities in supervisory and managerial roles.  Instead, Best Buy's supervisors and managers are overwhelmingly white male.  More than 75% of Best Buy general managers (the individuals who operate and manage each Best Buy store) are white men.  Fewer than ten percent of general managers are women and fewer than 20% are minorities.

6.      This class action is accordingly brought by female and minority store level employees on behalf of themselves individually and on behalf of all female and minority store level applicants and employees against whom Best Buy has discriminated on the basis of gender, race, color, and/or national origin.  Best Buy has maintained and continues to maintain a pervasive policy or practice of discrimination based on gender, race, color, and/or national origin in denying employment, desirable job assignments, transfers, promotions, allocation of weekly hours, exempt employee equal compensation, and other desirable terms and conditions of employment to women and minorities in Best Buy stores throughout the United States.

7.     This class action seeks an end to these discriminatory policies or practices, an award of backpay and front pay, punitive damages, and injunctive relief, including rightful place relief for all class members.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

8.     Plaintiffs' claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et. seq.; and 42 U.S.C. § 1981.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims under the California Fair Employment & Housing Act, Government Code § 12940, et. seq. ("California Claims").

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  The named plaintiffs all reside in California, and most reside in this District.  Members of the Plaintiff class reside in California and throughout the United States.  Defendant Best Buy is licensed to do business in California.  It has retail stores throughout California and this District.  Indeed, over ten percent of Best Buy stores are located in California.  Many of the acts complained of occurred in this State and this District and gave rise to the claims alleged.

10.     Intradistrict assignment is proper in the San Francisco/Oakland Division because a substantial part of the events and omissions that give rise to the claims of Plaintiffs Jasmen Holloway, Muembo Muanza, Maurice Calhoun, and Nicholas Dixon occurred in Marin County, and a substantial part of the events and omissions that give rise to the claims of Plaintiff Jessica Treas occurred in Alameda and Contra Costa Counties.

## PARTIES

11.     Plaintiff Jasmen Holloway is a minority female.  At the time Plaintiffs filed the original Class Action Complaint, she was a resident of Vallejo, California.  She was paid less, denied promotions, and received unequal job assignments and unequal training opportunities at the Best Buy store in Marin City, California from January 2001 until her termination in August 2005, on account of her gender, race, and/or color.

12.     Plaintiff Amy Garcia is a female resident of Chico, California.  She has been paid less, assigned fewer scheduled hours, denied promotions, and received unequal job

assignments and unequal training opportunities at the Best Buy store in Chico, California from August 2001 until her termination in October 2006, on account of her gender.

13.     Plaintiff Cheryl Chappel is a female and minority resident of Chula Vista, California. She has been paid less, denied promotions, and received unequal job assignments and unequal training opportunities at the Best Buy stores in Chico, California from July 2001 until September 2004 and in Mira Mesa, California from September 2004 until the present, on account of her gender, race, and/or color.

14.     Plaintiff Eric Blacksher is a minority resident of Canyon Country, California. He was denied employment at Best Buy's Santa Clarita Store in or around November 2005, on account of his race and/or color.

15.     Plaintiff Jessica Treas is a female and minority resident of Richmond, California. She has been paid less, denied promotions, and received unequal job assignments, unequal training opportunities, and disparate discipline at the Best Buy stores in Pinole, Pleasant Hill, Union City, and Emeryville, California from July 1999 until her termination in February 2006, on account of her gender, race, color, and/or national origin.

16.     Plaintiff Lawrence Santiago, Jr. is a minority. At the time Plaintiffs filed the First Amended Class Action Complaint, he was a resident of San Jose, California. He has been paid less, denied promotions, and received unequal job assignments, unequal training opportunities, and disparate discipline at the Best Buy Blossom Hill Store in San Jose, California, from July 2003 until his termination in May 2006, on account of his race, color, and/or national origin.

17.     Plaintiff Muembo Muanza is a minority resident of Hercules, California. He was paid less, assigned fewer scheduled hours, and received unequal job assignments and unequal training opportunities at the Best Buy store in Marin City, California from September 2004 until his resignation in June 2006, on account of his race and/or color.

18.     Plaintiff Maurice Calhoun is a minority resident of Oakland, California. He was paid less, assigned fewer scheduled hours, denied promotions, and received unequal job

assignments and unequal training opportunities at the Best Buy store in Marin City, California

from October 2003 until the present, on account of his race and/or color.

19.     Plaintiff Nicholas Dixon is a minority resident of Oakland, California.  He

was paid less, assigned fewer scheduled hours, denied promotions, and received unequal job

assignments and unequal training opportunities at the Best Buy store in Marin City, California

from October 2003 until February 2005, on account of his race, and/or color.

20.     Plaintiff Susan Myers-Snyder is a female resident of Desert Hot Springs,

California.  She was denied employment at the Best Buy store in Palm Desert, California in or

around August 2005, on account of her gender.

21.     Defendant Best Buy Company, Inc. is a Minnesota corporation that owns

and operates retail stores in California and throughout the United States.

22.     Defendant Best Buy Stores, L.P. is a Virginia corporation that owns and

operates retail stores in California and throughout the United States.

23.     Best Buy is one of the country's largest retail electronics sellers and

specializes in consumer electronics, home office supplies, entertainment software, appliances, and

related services.  As of February 2006, Best Buy operated 742 retail stores in the United States,

and employed approximately 128,000 people.  According to the Company, it took in $30,848

billion in revenue during fiscal year 2006.

**<u>BEST BUY'S GENERAL PRACTICE OR POLICY OF DISCRIMINATION</u>**

24.     The denials and abridgments of employment opportunities suffered by the

Representative Plaintiffs are part of a general policy or practice of discrimination on the basis of

gender, race, color, and/or national origin in employment that has existed at Best Buy throughout

the relevant time period.  These are not isolated examples of employment practices or individual

decisions.  On the contrary, these incidents are representative of Best Buy's systematic

discrimination against women and minorities and in favor of white male applicants and

employees.

25.     The under-representation of and lack of equal opportunities for

compensation for women and minorities in positions throughout Best Buy's approximately 742

stores in the United States results from an intentional policy and practice of discrimination on the basis of gender, race, color, and/or national origin in recruitment, hiring, job assignment, transfers, promotions, exempt compensation, and weekly hours allocation.

26. Additionally, Best Buy's standard employment policies and practices have a disparate impact on women and minorities with respect to recruitment, hiring, job assignment, transfers, promotions, exempt compensation, and weekly hours allocation without any corresponding business necessity for such policies and practices.

27. Best Buy has pursued policies or practices on a continuing basis that have denied or restricted job opportunities to qualified female and minority applicants and employees.

28. Best Buy stores follow the same human resources policies and practices, participate in the same discrimination, and are run by the same senior management.

29. At each store, Best Buy maintains the same hierarchy of job positions. This hierarchy includes the following classifications: (1) occasional/seasonal employees, (2) permanent employees, (3) full-time employees, (4) senior employees, (5) supervisors, (6) assistant managers, (7) area managers, (8) sales managers, and (9) general managers. The proportion of minority and women employees is greatest at the base of the hierarchy and diminishes the higher you go.

30. Within this hierarchy, Best Buy maintains three groupings of employees: (1) Operations employees (i.e. cashiers and customer service representatives), (2) Product Process employees (i.e. warehouse employees with responsibilities for inventory, loss prevention, and merchandising), and (3) Sales employees.

31. Sales is the elite position for Best Buy employees. Best Buy views major electronics sales as the engine that drives the company. A major sales position at Best Buy is the gateway to high pay and promotion to management. Employees who sell such "big ticket" items as televisions and computers, or who work in the high-end Magnolia Theater "store within a store" receive higher pay, are assigned to work more hours (which also allows them to earn more compensation), and get placed on the fast track to promotion. When Best Buy promotes current

employees to senior, supervisor, and manager positions, it overwhelmingly does so from the major sales ranks.

32. Best Buy recruits, hires, and maintains a disproportionately white and male sales force from which it then promotes a disproportionately white male management force.

33. Best Buy systematically refuses to hire qualified female and minority applicants. When people who do not conform to the young, white, male culture at Best Buy inquire about employment, senior managers sometimes tell them to fill out online applications even though they have no intention of considering them for employment. If applicants who do not conform to the young, white, male culture at Best Buy submit applications, senior managers often never review their applications. Even when female and minority applicants who pass Best Buy's pre-hiring tests are called in for interviews, senior managers often refuse to hire them upon learning that they are minority and/or female.

34. Even when Best Buy does hire female and minority applicants, it generally does not permit them to work on the sales floor. To the extent that the Company hires women and minorities, it segregates them in operations, stock room, cashier, and minor sales positions away from major sales positions, including the Magnolia Theater store within a store.

35. Best Buy provides fewer opportunities for promotion and training to female and minority employees in stock room, cashier, operations, and minor sales positions than to its predominantly white male workforce in major sales positions.

36. Best Buy systematically pays employees in major sales positions more than female and minority employees in stock room, cashier, operations, and minor sales positions. Female and minority Best Buy employees in all positions also receive fewer hours causing less access to compensation than white male Best Buy employees in the same positions.

37. Best Buy implements its discriminatory employment policies and practices in part through an overly discretionary hiring, job assignment, promotions, and exempt compensation review process. Best Buy fails to publish explicit guidelines and qualifications for senior managers attempting to hire and promote employees, and instead allows senior managers to rely on subjective, arbitrary, standardless, and unvalidated criteria in making employment

decisions which focus on whether employees reflect senior managers' perceptions of what Best Buy employees should be rather than whether they would be responsible, effective employees who could perform their jobs well.

38. Best Buy's corporate culture of race and gender stereotypes encourages senior managers to rely upon racial and gender stereotypes in making employment decisions.

39. Because Best Buy senior managers are overwhelmingly white male, they tend to recruit, hire, and promote those like themselves—that is, more white males.

40. Best Buy generally does not advertise job openings to the public. When individuals are interviewed for job openings, they often are not informed of specific jobs, but are assigned to positions that senior managers believe would be a good "fit" on a subjective basis, tainted by gender and racial stereotyping and unconscious bias.

41. Best Buy furthers its discriminatory employment policies and practices by systematically utilizing its predominantly white male work force to recruit managers and major sales employees. Current employees receive pay bonuses if Best Buy hires someone that they refer. The predominantly white male employees at Best Buy overwhelmingly refer applicants who are white and/or male. When minority and female employees refer minority and female applicants to Best Buy senior managers, these minority and female applicants do not receive the same consideration as white male applicants.

42. Additionally, Best Buy has perpetuated a young, white, male culture by requiring applicants seeking exempt managerial positions to take the GMTI, which has disproportionately screened out women and minorities from employment and was not validated.

43. Although Best Buy purportedly requires senior managers to post senior, supervisor, and managerial job openings on its internal Job Opening System ("JOS"), Best Buy systematically fails to post all job openings on the JOS. This practice prevents qualified female and minority employees from learning of and applying for promotions. When Best Buy senior managers do post job openings, they usually do not consider female and minority applicants because they already have a person in mind to fill the position. When considering applicants,

senior managers' subjective determinations are tainted by gender and racial stereotyping and unconscious bias.

44.     Best Buy also implements its discriminatory exempt pay policies and practices in part through subjective, arbitrary, and standardless exempt pay determinations.

45.     Best Buy senior managers often delay evaluations of female and minority employees, effectively preventing them from receiving pay raises.

46.     When employees complain of discrimination through Best Buy's internal complaint system, which is supposed to be anonymous, Best Buy fails to maintain the confidentiality of their complaints or to properly investigate their complaints. Instead, senior management are permitted to retaliate against employees who complain of discrimination.

## CLAIMS OF REPRESENTATIVE PLAINTIFFS

**Jasmen Holloway**

47.     Plaintiff Jasmen Holloway is an African-American female. Ms. Holloway worked as a Customer Service Representative I ("CSR I" or cashier), part-time product specialist in wireless, full-time product specialist in home theater, car audio, and wireless, senior in media and car audio, and CSR II at the Best Buy store in Marin City, California from January 2001 until August 2005.

48.     As it does with most women, Best Buy originally assigned Ms. Holloway to a cashier position, rather than to a sales position.

49.     Managers did not provide Ms. Holloway with the same training as white male employees. For example, managers did not coach Ms. Holloway by providing advice, support, or areas for improvement as required by the Best Buy customer service evaluations that managers conduct.

50.     During her employment at Best Buy, Ms. Holloway has repeatedly expressed her interest in a promotion to Best Buy managers but has been denied promotional opportunities offered to similarly situated white male employees.

51.     For example, in or around February 2005, after Ms. Holloway complained to her general manager about the lack of coaching, Ms. Holloway was informed by her manager

that she could apply for a senior position in the wireless department that would be opening up soon. She repeatedly inquired about the position and was told it was not yet available. She also checked JOS, but the position was not listed on JOS. Finally, Ms. Holloway learned that the position, which had never been posted, and for which she had not been given an opportunity to interview, had been given to a white male.

52. On or around August 2005, Ms. Holloway applied for a promotion from Fulltime Customer Service Representative II to Operations Senior. Instead, the position was given to a white male with less experience than her.

53. Ms. Holloway has also sought and been denied promotions to Car Audio Supervisor, Appliance Sales Representative, and Administrative Corporate positions in or around September 2004, April 2005, and August 2005, respectively.

54. In addition to denying her promotional opportunities, Best Buy has paid Ms. Holloway less than male employees in comparable positions.

55. On or around March 2005, Ms. Holloway requested a pay increase. Best Buy informed Ms. Holloway that she could not receive a pay increase because she had reached the maximum salary cap for her position and refused to grant her a raise. Ms. Holloway subsequently learned that white male Best Buy employees with less experience and qualifications are not subjected to the same salary cap and are paid more than her.

56. In or around April 2005, Ms. Holloway formally complained to Best Buy's Human Resources department about the gender and race discrimination she experienced at Best Buy. Best Buy's decision in August 2005 to deny her request for a promotion was based in part on her complaints; she was informed that the white male who was promoted instead of her was a "cheerleader" (*i.e.* someone who did not complain). Ms. Holloway complained again about race and gender discrimination in or around August 2005. One week after Ms. Holloway complained, her position was "eliminated;" although she was moved to another position, she was terminated from that position several weeks thereafter for a pretextual reason.

57. Best Buy has discriminated against Ms. Holloway on the basis of her sex, race, and color by, *inter alia*, paying her less, denying her promotional opportunities, giving her

unequal job assignments, and denying her training opportunities because she is neither white nor male.

58.     On or about December 2, 2005, Ms. Holloway filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the California Department of Fair Employment and Housing ("DFEH").  On or about December 5, 2005, the EEOC issued Ms. Holloway a notice of right to sue.  On or about December 5, 2005, the DFEH issued Ms. Holloway a notice of right to sue.  Attached to this Complaint as Exhibit A and incorporated by reference are copies of the charge and notices of right to sue.

**Amy Garcia**

59.     Plaintiff Amy Garcia is female.  From August 2001 until October 2006, she worked as a CSR II, media product specialist, media senior, merchandise senior, media supervisor, merchandising specialist, and inventory SWAT specialist at the Best Buy store in Chico, California.

60.     During her employment at Best Buy, Ms. Garcia has repeatedly expressed her interest in a promotion to Best Buy managers but has been denied promotional opportunities offered to similarly situated male employees.

61.     For example, on or around January 13, 2005, Ms. Garcia was denied a promotion to Product Process Manager.  In early January 2005, Ms. Garcia informed her general manager that she wanted to apply for the vacant position of Product Process Manager.  The general manager confirmed that the position was available but advised Ms. Garcia that Best Buy was not posting the position and had already decided who to promote.  He further indicated that Best Buy would not consider Ms. Garcia's application for promotion because of her status as a single mother.  Best Buy subsequently promoted a male employee with less experience than Ms. Garcia to the Product Process Manager position.

62.     Between October 2004 and September 2005, Best Buy promoted approximately ten male employees to manager positions at the Chico store.  Best Buy never posted any of these positions as vacant on the JOS or accepted formal applications for the

vacancies.  Although her managers repeatedly told Ms. Garcia that she was qualified for

promotion to manager, Ms. Garcia was denied the opportunity to apply for any of these positions.

63.     In addition to denying her promotional opportunities, Best Buy has paid

Ms. Garcia less than male employees in comparable positions.  In or around April 2004, Best Buy

denied Ms. Garcia a salary increase.  Ms. Garcia's manager advised her that Best Buy would not

increase her pay because she had reached the maximum salary cap for her position.  Ms. Garcia

subsequently learned that the salaries of similarly situated male employees exceeded the alleged

salary cap represented to her and that male employees in comparable positions were receiving

higher pay.  Upon information and belief, Ms. Garcia continued to receive a lower salary than

male employees in comparable positions.

64.     In or around November 2004, and again in January 2005, Ms. Garcia

complained to Best Buy's Department of Human Resources and to store management about the

discriminatory treatment to which she was subjected.  After receiving her complaints Best Buy

retaliated and further discriminated against Ms. Garcia by removing her job functions, granting

her fewer hours, scheduling her for hours that conflicted with her child care responsibilities,

downgrading her performance evaluations, and terminating her.

65.     Best Buy has discriminated against Ms. Garcia on the basis of her sex by,

*inter alia*, paying her less, assigning her fewer scheduled hours, denying her promotional

opportunities, giving her unequal job assignments, and denying her training opportunities because

she is not male.  Best Buy has retaliated against Ms. Garcia by subjecting her to unequal terms

and conditions of employment and terminating her for complaining of discrimination on the basis

of sex.

66.     On or about October 6, 2005, Ms. Garcia filed a charge of discrimination

with the EEOC, which was cross-filed with the DFEH.  Ms. Garcia received a Notice of Right to

Sue from the EEOC on or about December 7, 2005.  On or about October 19, 2005, the DFEH

issued Ms. Garcia a notice of right to sue.  Attached to this Complaint as Exhibit B and

incorporated by reference are copies of the charge and notices of right to sue.

**Cheryl Chappel**

67.     Plaintiff Cheryl Chappel is an African-American female.  From July 2001 to the present Ms. Chappel has worked as an Administrative Senior at the Best Buy store in Chico, California and as a Customer Service Senior and Administrative Senior in Mira Mesa, California.  After the filing of this lawsuit, Ms. Chappel was promoted to the operations supervisor position at the Mira Mesa Best Buy in October 2006.

68.     In April 2003, Ms. Chappel applied for a promotion to Operations Supervisor at the Chico store.  Although Ms. Chappel had two years experience in the Operations Department and received excellent performance reviews, Best Buy did not promote her to the supervisor position.  Best Buy instead promoted a part-time male employee who had worked at the store for only four months and had never worked in Operations prior to receiving the promotion.  A Best Buy Manager told Ms. Chappel that she was not promoted to supervisor because it was, "a man thing."  She was also told by a Best Buy Manager that she would not be promoted because she had a husband that could support her.  Later, Ms. Chappel was told by a Best Buy Manager that Best Buy employed few women on the sales floor because "girls can't sell."

69.     In September 2004, Ms. Chappel learned that a supervisor position was available at the Best Buy store in Mira Mesa, California and applied for the position.  Despite her application for supervisor, Mira Mesa management suggested to Ms. Chappel during the interview process that she consider positions in customer service.  Ms. Chappel replied that she was not interested in customer service positions since they were lower in seniority than her current Administrative Senior position in Chico, and reiterated her interest in becoming a supervisor.  Best Buy subsequently selected a male employee who had less experience than Ms. Chappel for the supervisor position.

70.     In addition to denying Ms. Chappel promotional opportunities, Best Buy has also denied Ms. Chappel pay and compensation offered to similarly situated male employees. During her tenure at both the Chico and Mira Mesa Best Buy stores, Ms. Chappel has received

lower pay than male employees in comparable positions.  Ms. Chappel has observed that other female employees are paid less than males in comparable positions.

71.     Best Buy has discriminated against Ms. Chappel on the basis of her sex and race by, *inter alia*, paying her less, denying her promotional opportunities, and denying her training opportunities because she is not a white male.

72.     On or about April 1, 2005, Ms. Chappel filed a charge of discrimination with the EEOC, which was cross-filed with the DFEH.  Ms. Chappel received a Notice of Right to Sue from the EEOC on or about December 7 , 2005.  On or about April 25, 2005, the DFEH issued Ms. Chappel a notice of right to sue.  Attached to this Complaint as Exhibit C and incorporated by reference are copies of the charge and notices of right to sue.

**Eric Blacksher**

73.     Plaintiff Eric Blacksher is an African-American male.  He applied to work at the Best Buy store in Valencia, California in November 2005, and later returned for three in-person interviews.  Mr. Blacksher was qualified for the job, in part based on his prior retail sales experience at Finish Line and Sears.  Best Buy refused to hire Mr. Blacksher, despite knowing of his qualifications, based on his race and/or color.

74.     Mr. Blacksher took Best Buy's pre-hiring test.  Within a few hours after he submitted his on-line application, Mr. Blacksher was invited to interview with Best Buy.  About two days later, Mr. Blacksher attended an in-person interview where the manager conducting the interview could see that Mr. Blacksher was African American.  Best Buy had Mr. Blacksher attend two additional interviews.  Although Best Buy indicated during each interview that it had job openings, no store employee has since contacted Mr. Blacksher regarding his application nor explained why Best Buy refused to offer Mr. Blacksher a job.

75.     Best Buy has discriminated against Mr. Blacksher on the basis of his race and/or color by denying him employment because he is not white.

76.     On or about April 11, 2006, Mr. Blacksher filed a charge of discrimination with the EEOC, which was cross-filed with the DFEH.  Mr. Blacksher received a Notice of Right to Sue from the EEOC on or about October 4, 2006.  On or about April 22, 2006, the DFEH

1    issued Mr. Blacksher a notice of right to sue.  Attached to this Complaint as Exhibit D and

2    incorporated by reference are copies of the charge and notices of right to sue.

3    **Jessica Treas**

4          77.    Plaintiff Jessica Treas is a Latina female of Mexican origin.   She worked

5    at Best Buy stores in Pinole, Pleasant Hill, Union City, and Emeryville as a CSR II, customer

6    service senior, customer service supervisor, customer service manager, media supervisor, and

7    administrative senior from July 1999 until February 2006.

8          78.    Despite her prior management experience and stated desire to work in

9    sales, Best Buy initially assigned Ms. Treas to a CSR II position off the sales floor.  Best Buy

10   managers refused to cross train Ms. Treas in sales, and discouraged her from transferring to the

11   sales floor.

12         79.    After being repeatedly passed over for promotion, Ms. Treas was finally

13   promoted to customer service manager in Pleasant Hill.  She then transferred, at Best Buy's

14   request, to serve as customer service manager in Pinole, Union City, and then Emeryville.

15         80.    Best Buy treated Ms. Treas less favorably than white and male employees.

16   Best Buy disciplined Ms. Treas more frequently and for less serious offenses than white and male

17   employees even though Ms. Treas performed as well or better than employees in other areas of

18   the Emeryville store as measured by Best Buy's national department rankings.  Best Buy

19   successively demoted Ms. Treas, from manager to supervisor, and from supervisor to senior.  On

20   each occasion, Best Buy replaced Ms. Treas with a white male employee.

21         81.    During her employment at Best Buy, Ms. Treas repeatedly expressed her

22   interest in a promotion to Best Buy managers but was denied promotional opportunities offered to

23   similarly situated white and male employees.  For example, although white males that replaced

24   Ms. Treas following her demotions did not achieve higher sales numbers or perform better than

25   Ms. Treas, each white male who succeeded Ms. Treas received promotions to the sales floor or to

26   segment manager positions.  Ms. Treas applied and interviewed for several job openings that Best

27   Buy instead gave to white males with lesser or comparable qualifications.

28

82.     In addition to denying Ms. Treas promotional opportunities, Best Buy has also denied Ms. Treas pay and compensation offered to similarly situated white and male employees.  During her tenure at Best Buy stores, Ms. Treas has received lower pay than white and male employees in comparable positions.  Ms. Treas has observed that other female and minority employees are paid less than whites and males in comparable positions.

83.     Best Buy has retaliated against Ms. Treas for her complaints regarding Best Buy's discriminatory treatment.  Ms. Treas complained to Best Buy's Department of Human Resources about the discriminatory treatment to which she was subjected.  After receiving her complaints, Best Buy retaliated and further discriminated against Ms. Treas by, *inter alia*, subjecting her to retaliatory write ups, demoting, and terminating her.

84.     Best Buy has discriminated against Ms. Treas on the basis of her sex and/or race, color, and/or national origin by, *inter alia*, paying her less, denying her promotional opportunities, giving her unequal job assignments, demoting her, disciplining her more frequently and for less serious offenses than similarly situated white male employees, and denying her training opportunities because she is not a white male.  Best Buy has retaliated against Ms. Treas by subjecting her to unequal terms and conditions of employment, demoting her, and firing her for complaining of discrimination on the basis of race, color, national origin, and/or sex.

85.     On or about September 15, 2006, Ms. Treas filed a charge of discrimination with the EEOC, which was cross-filed with the DFEH.  Ms. Treas received a Notice of Right to Sue from the EEOC on or about November 11, 2006.  On or about September 26, 2006, the DFEH issued Ms. Treas a notice of right to sue.  Attached to this Complaint as Exhibit E and incorporated by reference are copies of the charge and notices of right to sue.

**Lawrence Santiago, Jr.**

86.     Plaintiff Lawrence Santiago, Jr., is an Asian American and Latino of Japanese and Puerto Rican descent.  He worked at Best Buy's Blossom Hill store in San Jose, California as a Customer Service Rep II ("CSR II"), appliance supervisor, and ACE professional from July 2003 until May 2006.

87.     Mr. Santiago applied to Best Buy in July 2003 with extensive supervisory and managerial experience.  Despite his prior experience and stated desire to work as a supervisor, Best Buy initially assigned Mr. Santiago to a CSR II position off the sales floor.

88.     During his employment at Best Buy, Mr. Santiago repeatedly expressed his interest in a promotion to Best Buy managers but was denied promotional opportunities offered to similarly situated white employees.

89.     For example, Best Buy denied five applications for promotion that Mr. Santiago submitted in 2003 and did not even grant him an interview.  Mr. Santiago applied for ten positions from late 2004 through 2006.  Best Buy did not promote Mr. Santiago to any of these positions.

90.     In addition to denying Mr. Santiago promotional opportunities, Best Buy has also denied Mr. Santiago pay and compensation offered to similarly situated white employees.  During his tenure at Best Buy stores, Mr. Santiago has received lower pay and fewer scheduled hours than white employees in comparable positions.

91.     Best Buy did not provide Mr. Santiago with the same training opportunities as white employees.  For example, although it was common practice to train each person starting a supervisor position, Best Buy managers denied Mr. Santiago's requests for training when he worked as an appliance supervisor in early 2004.  After about six months in this position without receiving the necessary training, Mr. Santiago was forced to step down because he did not have the necessary support to succeed in this position.

92.     Best Buy treated Mr. Santiago less favorably than white employees.  Mr. Santiago's managers and co-workers constantly used racially and sexually derogatory language.  On one occasion, the Best Buy operations manager told Mr. Santiago that "it looks like you're getting a little fat.  It must be because you're Hawaiian."  Another time, this manager referred to Mr. Santiago as a "mutt."  Mr. Santiago also witnessed other Asian-American, African-American, Latino, and female employees receive similar treatment.

93.     Best Buy has retaliated against Mr. Santiago for his complaints regarding Best Buy's discriminatory treatment.  For example, Mr. Santiago complained to Best Buy's

Department of Human Resources to report discriminatory conduct, including, *inter alia*, his demotion, pay cut, and lack of training. Although Best Buy maintains that complaints to its open line are confidential, a manager shortly thereafter stated to Mr. Santiago, "so I heard you called open line." After receiving his complaints, a Best Buy general manager referred to Mr. Santiago as a "cry baby," and retaliated and further discriminated against Mr. Santiago by, *inter alia*, subjecting him to repeated discriminatory treatment and terminating him.

94. Best Buy has discriminated against Mr. Santiago on the basis of his race, color, and/or national origin by, *inter alia*, paying him less, assigning him fewer hours, denying him promotional opportunities, giving him unequal job assignments, demoting him, disciplining him more frequently and for less serious offenses than similarly situated white male employees, and denying him training opportunities because he is not white. Best Buy has retaliated against Mr. Santiago by subjecting him to unequal terms and conditions of employment and firing him for complaining of discrimination on the basis of race, color, and/or national origin.

95. On or about September 5, 2006, Mr. Santiago filed a charge of discrimination with the EEOC , which was cross-filed with the DFEH. Mr. Santiago received a Notice of Right to Sue from the EEOC on or about November 11, 2006. On or about September 8, 2006, the DFEH issued Mr. Santiago a notice of right to sue. Attached to this Complaint as Exhibit F and incorporated by reference are copies of the charge and notices of right to sue.

**Muembo Muanza**

96. Plaintiff Muembo Muanza, an African-American male, worked as a part-time warehouse employee in Best Buy's Marin City store from September 2004 through June 2006.

97. Mr. Muanza applied to Best Buy in 2004 with two years electronic sales experience from his tenure at The Good Guys and general sales experience at Home Depot. A Best Buy manager told Mr. Muanza that Best Buy had no sales openings and that, as a "big guy," Mr. Muanza would be good for the warehouse. Best Buy placed Mr. Muanza in a Products Process position in the warehouse. Nearly all his co-workers in the warehouse were minorities.

98.     Mr. Muanza earned less working in the warehouse than he would have earned in a sales position.  Additionally, Mr. Muanza received less pay than white Best Buy employees in inventory with identical job titles.

99.     Despite Mr. Muanza's repeated requests for a full-time position, or a position on the sales floor, Best Buy never gave him a full-time position or a position on the sales floor in the two years that he worked at Best Buy.

100.     Best Buy has discriminated against Mr. Muanza on the basis of his race and/or color by paying him less, assigning him fewer scheduled hours, giving him unequal job assignments, and denying him training opportunities because he is not white.

101.     On or about December 2, 2005, Mr. Muanza filed a charge of discrimination with the EEOC, which was cross-filed with the DFEH.  Mr. Muanza received a Notice of Right to Sue from the EEOC on or about October 2, 2006.  On or about December 2, 2005, the DFEH issued Mr. Muanza a notice of right to sue.  Attached to this Complaint as Exhibit G and incorporated by reference are copies of the charge and notices of right to sue.

**Maurice Calhoun**

102.     Plaintiff Maurice Calhoun is an African-American male who has been employed at the Best Buy store in Marin City, California from October 2003 to the present as a part-time inventory specialist, digital imaging product specialist, and car audio product specialist.

103.     Mr. Calhoun applied to Best Buy on or around September 2003 with three years of sales experience, including electronics sales.  Mr. Calhoun expressed an interest in sales during his initial interview.  Despite Mr. Calhoun's interest and experience in sales, Best Buy placed Mr. Calhoun in an inventory position in the back of the store, paid him less, and assigned him fewer hours than similarly situated employees with comparable or less experience.

104.     Mr. Calhoun repeatedly expressed his interest in applying for vacant sales and/or full-time positions.  Best Buy, however, repeatedly informed Mr. Calhoun that part-time inventory was the only position available and that Best Buy had no openings for transfer to sales.  While Mr. Calhoun remained stuck in inventory, he witnessed dozens of white employees fill vacancies in Best Buy's sales department.

1      105.    Best Buy hired Mr. Calhoun as a permanent/part-time employee, but

2   wrongfully classified him as occasional/seasonal worker and paid him less than permanent

3   employees.  Best Buy managers informed him that he deserved the highest pay raise possible, but

4   then Best Buy refused to grant Mr. Calhoun a higher pay raise because Best Buy wrongly

5   classified him as a occasional/seasonal employee.

6      106.    After volunteering for a special project team which would have taken him

7   away from the Marin City Store, Mr. Calhoun finally received a transfer to Best Buy's digital

8   imaging department, a minor sales department where he sold cameras.  Even though his location

9   changed, his pay remained stuck.  Best Buy did not conduct Mr. Calhoun's evaluations in a

10  timely fashion and delayed his yearly evaluation for six months.  Mr. Calhoun continues to

11  receive less pay and be assigned to work fewer hours than white employees with fewer or

12  comparable qualifications.

13     107.    Best Buy has discriminated against Mr. Calhoun on the basis of his race

14  and/or color by paying him less, assigning him fewer scheduled hours, giving him unequal job

15  assignments, and denying him training opportunities because he is not white.

16     108.    On or about December 7, 2005, Mr. Calhoun filed a charge of

17  discrimination with the EEOC, which was cross-filed with the DFEH.  Mr. Calhoun received a

18  Notice of Right to Sue from the EEOC on or about October 2, 2006.  On or about December 8,

19  2005, the DFEH issued Mr. Calhoun a notice of right to sue.  Attached to this Complaint as

20  Exhibit H and incorporated by reference are copies of the charge and notices of right to sue.

21  **Nicholas Dixon**

22     109.    Plaintiff Nicholas Dixon, an African-American male, worked as a CSR I

23  (cashier) at Best Buy's Marin City store from October 2003 until February 2005 and as a

24  computer sales representative at Best Buy's Las Vegas store from February until June 2005.

25     110.    Best Buy assigned Mr. Dixon to a position off the sales floor even though

26  he had prior experience in cell phone sales for WorldCom.  Although Best Buy informed

27  Mr. Dixon that his position was permanent, Best Buy classified him as occasional/seasonal.

28

111.    Mr. Dixon received less pay than white employees with fewer or comparable qualifications.  Mr. Dixon received positive evaluations from Best Buy and was awarded store MVP by his supervisors and managers.  Best Buy did not conduct Mr. Dixon's evaluations in a timely fashion and conducted evaluations with white employees in the same job classification more quickly.  After he received his evaluations, Mr. Dixon continued to receive less pay than white employees.  For example, in March 2004, Best Buy granted Mr. Dixon a pay raise of only $0.21 per hour because Best Buy wrongly classified him as an occasional/seasonal employee instead of a permanent employee.

112.    Mr. Dixon tried on numerous occasions to secure a promotion to permanent status and to a sales department where he could receive higher compensation.  For example, Mr. Dixon sought promotions to both the digital imaging and wireless specialist positions in early 2004.

113.    Even as a cashier, Mr. Dixon demonstrated his sales acumen by selling additional items to customers.  Although Best Buy would not transfer Mr. Dixon to a sales floor position, Best Buy asked Mr. Dixon to train new employees how to sell.  Despite Mr. Dixon's sales experience, interest in sales, and sales results in a non-sales position, Best Buy refused to transfer him to a sales floor position where he would have received approximately $2 an hour more than he received as a cashier.

114.    Best Buy has discriminated against Mr. Dixon on the basis of his race and/or color by paying him less, assigning him fewer scheduled hours, denying him promotional opportunities, giving him unequal job assignments, and denying him training opportunities because he is not white.

115.    On or about November 1, 2005, Mr. Dixon filed a charge of discrimination with the EEOC, which was cross-filed with the DFEH.  Mr. Dixon received a Notice of Right to Sue from the EEOC on or about October 2, 2006.  On or about November 10, 2005, the DFEH issued Mr. Dixon a notice of right to sue.  Attached to this Complaint as Exhibit I and incorporated by reference are copies of the charge and notices of right to sue.

**Susan Myers-Snyder**

116.     Plaintiff Susan Myers-Snyder is female.  She applied to work at the Best Buy store in Palm Desert, California in August 2005 by completing the on-line application and pre-hiring test.  Ms. Myers-Snyder was qualified for the job, in part based on her prior customer service management positions at Circuit City.  Best Buy refused to hire Ms. Myers-Snyder, despite knowing of her qualifications, based on her gender.

117.     Ms. Myers-Snyder had sixteen years of experience with Circuit City, and was recommended to Best Buy by a friend who had worked with her at Circuit City.  Best Buy never responded to her application, either because she failed their discriminatory pre-employment test or because they could see from her name that she is female.

118.     Best Buy has discriminated against Ms. Myers-Snyder on the basis of her gender by denying her employment because she is not male.

119.     On or about April 11, 2006, Ms. Myers-Snyder filed a charge of discrimination with the EEOC, which was cross-filed with the DFEH.  Ms. Myers-Snyder received a Notice of Right to Sue from the EEOC on or about October 21, 2006.  On or about May 11, 2006, the DFEH issued Ms. Myers-Snyder a notice of right to sue.  Attached to this Complaint as Exhibit J and incorporated by reference are copies of the charge and notices of right to sue.

## CLASS ACTION ALLEGATIONS

120.     Plaintiffs bring this Class Action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a class of all past, present, and future female and minority Best Buy employees and applicants for employment in Best Buy stores in the United States who have been, continue to be, or in the future may be denied employment, promotions, desirable job assignments, job transfers, desirable hours, equal exempt compensation, and/or be discriminated against with respect to other terms and conditions of employment on the basis of their gender, race, color, and/or national origin.  This Class excludes Best Buy general managers (for the time period during which Best Buy employed them as general managers); persons that occupied Geek Squad positions (for the time period during which they occupied those positions); persons who applied for a Geek Squad position (for the decisions Best Buy made regarding those

applications); persons who applied for a Geek Squad position (for the decisions Best Buy made regarding those applications); employees of Magnolia stand-alone stores (for the time period during which Magnolia employed them); and persons who applied for a position at a Magnolia stand-alone store (for the decisions Magnolia made regarding those applications).

121.    Plaintiffs also bring this Class Action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a class of all past, present, and future female and minority Best Buy employees and applicants for employment in Best Buy stores in California who have been, continue to be, or in the future may be denied employment, promotions, desirable job assignments, job transfers, desirable hours, equal exempt compensation, and/or be discriminated against with respect to other terms and conditions of employment on the basis of their gender, race, color, and/or national origin.  This Class excludes Best Buy general managers (for the time period during which Best Buy employed them as general managers); persons that occupied Geek Squad positions (for the time period during which they occupied those positions); persons who applied for a Geek Squad position (for the decisions Best Buy made regarding those applications); persons who applied for a Geek Squad position (for the decisions Best Buy made regarding those applications); employees of Magnolia stand-alone stores (for the time period during which Magnolia employed them); and persons who applied for a position at a Magnolia stand-alone store (for the decisions Magnolia made regarding those applications).

122.    Plaintiffs reserve the right to amend the definitions of the Class and subclass based on discovery or legal development.

123.    Plaintiffs are members of the class they seek to represent.

124.    The members of the class identified herein are so numerous that joinder of all members is impracticable.  The number of class members is currently indeterminate, but is certainly larger than can be addressed through joinder.  In fiscal year 2006, Best Buy had approximately 128,000 employees working in approximately 742 stores.  In addition, temporary employees are hired during peak periods, such as the holiday season, and are often denied promotions to permanent positions on account of race, color, national origin, and/or gender. Thus, although the precise number of female and minority employees subjected to Best Buy's

discriminatory employment practices is not presently known, it is certainly a larger number than can feasibly be addressed through joinder. Additionally, each of Best Buy's approximately 742 stores employs very few female and minority employees but each store, on average, annually receives numerous applications from qualified females and minorities who are potential employees. Thus, although the precise number of qualified minority and female applicants who are not hired or otherwise discriminated against is currently unknown, it is far greater than can be feasibly addressed through joinder.

125. There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual members. Common questions include, among others: (1) whether Best Buy's policies or practices discriminate against minority and female employees and applicants; (2) whether Best Buy's use of subjective selection criteria as an employment policy or practice discriminates against minority and female applicants and employees; (3) whether Best Buy's policies and practices violate Title VII; (4) whether Best Buy's policies or practices violate 42 U.S.C. § 1981; and (5) whether punitive damages, injunctive relief, and other equitable remedies for the class are warranted.

126. The representative Plaintiffs' claims are typical of the claims of the class.

127. The representative Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Plaintiffs have retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

128. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Best Buy has acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole. The class members are entitled to injunctive relief to end Best Buy's common, uniform, and unfair personnel policies and practices that discriminate on the basis of race, color, national origin, and/or gender.

129. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only

individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Best Buy's common, uniform, and unfair discriminatory personnel policies and practices. Best Buy has computerized payroll and personnel data that will make calculation of damages for specific class members relatively simple. The propriety and amount of punitive damages are issues common to the class.

**FIRST CLAIM FOR RELIEF**
**(Race, Color, and/or National Origin Discrimination)**
**(42 U.S.C. § 2000e *et seq.*)**

**(Brought on behalf of Eric Blacksher, Jasmen Holloway, Jessica Treas, Lawrence Santiago, Jr., Muembo Muanza, Maurice Calhoun, Nicholas Dixon, and the Class)**

130.     Plaintiffs incorporate paragraphs 1 through 128 as alleged above.

131.     This Claim is brought on behalf of representative plaintiffs Eric Blacksher, Maurice Calhoun, Nicholas Dixon, Jasmen Holloway, Muembo Muanza, Lawrence Santiago, Jr., Jessica Treas, and the Class they represent.

132.     Best Buy has maintained as its standard operating procedure an employment system that intentionally discriminates against or imposes disparate treatment upon minorities with respect to recruitment, hiring, job assignment, transfer, weekly hour allocation, exempt compensation, and promotions.

133.     Best Buy's employment practices and policies, which are overly subjective, discretionary, standardless, and arbitrary, have an adverse disparate impact on minority applicants and employees. Similarly, Best Buy's GMTI employment test had an adverse disparate impact on minority applicants. Best Buy's system is not and cannot be justified by business necessity, but even if it could be so justified, less discriminatory alternatives exist that could equally serve any alleged necessity.

134.     Best Buy's discriminatory policies or practices described above have denied minority applicants and employees employment, favorable job assignments, job transfers, weekly hour allocations, exempt compensation, and promotions, resulting in the loss of past and future wages and other job benefits.

135.     The foregoing conduct constitutes illegal race, color, and/or national origin discrimination prohibited by 42 U.S.C. § 2000e *et seq.*

136.     Plaintiffs request relief as hereinafter provided.

### SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1981)

**(Brought on behalf of Eric Blacksher, Jasmen Holloway, Jessica Treas, Lawrence Santiago, Jr., Muembo Muanza, Maurice Calhoun, Nicholas Dixon, and the Class)**

137.     Plaintiffs incorporate paragraphs 1 through 128 as alleged above.

138.     This claim is brought on behalf of representative plaintiffs Eric Blacksher, Jasmen Holloway, Jessica Treas, Lawrence Santiago, Jr., Muembo Muanza, Maurice Calhoun, and Nicholas Dixon and the Class they represent.

139.     Best Buy has maintained an intentionally discriminatory system with respect to recruitment, hiring, job assignments, transfers, weekly hour allocations, promotions, and exempt compensation.

140.     The foregoing conduct constitutes illegal intentional race, color, and/or national origin discrimination with respect to the making, performance, modification, and termination of contracts prohibited by 42 U.S.C. § 1981.

141.     Plaintiffs request relief as hereinafter provided.

### THIRD CLAIM FOR RELIEF
### (Race, Color, and/or National Origin Discrimination)
### (California Fair Employment and Housing Act, Government Code § 12940 *et seq.*)

**(Brought on Behalf of Plaintiffs Nicholas Dixon, Muembo Muanza, Maurice Calhoun, Eric Blacksher, Jasmen Holloway, Jessica Treas, Lawrence Santiago, Jr., and the California Subclass)**

142.     Plaintiffs incorporate paragraphs 1 through 128 as alleged above.

143.     This claim is brought on behalf of Nicholas Dixon, Muembo Muanza, Maurice Calhoun, Eric Blacksher, Jasmen Holloway, Jessica Treas, Lawrence Santiago, Jr., and the California Subclass they represent of similarly situated minority employees and applicants for employment in Best Buy stores in California.

144. Best Buy has maintained an employment system that intentionally discriminates against or imposes disparate treatment upon minorities with respect to recruitment, hiring, job assignment, transfer, weekly hour allocation, exempt compensation, and promotions.

145. Best Buy's employment practices and policies, which are overly subjective, discretionary, standardless, and arbitrary, have an adverse disparate impact on minority applicants and employees. Similarly, Best Buy's GMTI employment test had an adverse disparate impact on minority applicants. Best Buy's system is not and cannot be justified by business necessity, but even if it could be so justified, less discriminatory alternatives exist that could equally serve any alleged necessity.

146. Best Buy's discriminatory policies or practices described above have denied minority applicants and employees employment, favorable job assignments, job transfers, weekly hour allocations, exempt compensation, and promotions, resulting in the loss of past and future wages and other job benefits.

147. Best Buy's actions as described above constitute unlawful race, color, and/or national origin discrimination prohibited by FEHA, California Government Code Section 12940 *et seq.*

148. Plaintiffs request relief as hereinafter provided.

**FOURTH CLAIM FOR RELIEF**
**(Gender Discrimination)**
**(42 U.S.C. § 2000e *et seq.*)**

**(Brought on behalf of Plaintiffs Jasmen Holloway, Amy Garcia, Cheryl Chappel, Susan Myers-Snyder, Jessica Treas, And The Class)**

149. Plaintiffs incorporate paragraphs 1 through 128 as alleged above.

150. This Claim is brought on behalf of representative plaintiffs Jasmen Holloway, Amy Garcia, Cheryl Chappel, Susan Myers-Snyder, and Jessica Treas on behalf of themselves and the Class they represent.

151. Best Buy has maintained as its standard operating procedure an employment system that intentionally discriminates against and imposes disparate treatment on

women with respect to recruitment, hiring, job assignment, transfer, weekly hour allocation, exempt compensation, and promotions.

152. Best Buy's standard employment practices and policies, which are overly subjective, standardless, and arbitrary, have an adverse disparate impact on female applicants and employees. Similarly, Best Buy's GMTI employment test had an adverse disparate impact on female management applicants. Best Buy's system is not and cannot be justified by business necessity, but even if it could be so justified, less discriminatory alternatives exist that could equally serve any alleged necessity.

153. Best Buy's discriminatory policies or practices described above have denied female applicants and employees employment, favorable job assignments, job transfers, weekly hour allocations, exempt compensation, and promotions, resulting in the loss of past and future wages and other job benefits.

154. The foregoing conduct constitutes illegal gender discrimination prohibited by 42 U.S.C. § 2000e *et seq.*

155. Plaintiffs request relief as hereinafter provided.

**FIFTH CLAIM FOR RELIEF**
**(Gender Discrimination)**
**(California Fair Employment and Housing Act, Government Code § 12940 *et seq.*)**

**(Brought On Behalf Of Jasmen Holloway, Amy Garcia,**
**Cheryl Chappel, Jessica Treas, Susan Myers-Snyder, and The California Subclass)**

156. Plaintiffs incorporate paragraphs 1 through 128 as alleged above.

157. This Claim is brought on behalf of representative plaintiffs Jasmen Holloway, Amy Garcia, Cheryl Chappel, Jessica Treas, and Susan Myers-Snyder on behalf of themselves and the California Subclass they represent of similarly situated women employees and applicants for employment in Best Buy stores in California.

158. Best Buy has maintained as its standard operating procedure an employment system that intentionally discriminates against and imposes disparate treatment on women with respect to recruitment, hiring, job assignment, transfer, weekly hour allocation, exempt compensation, and promotions.

159. Best Buy's standard employment practices and policies, which are overly subjective, standardless, and arbitrary, have an adverse disparate impact on female employees and management applicants. Similarly, Best Buy's GMTI employment test had an adverse disparate impact on female management applicants. Best Buy's system is not and cannot be justified by business necessity, but even if it could be so justified, less discriminatory alternatives exist that could equally serve any alleged necessity.

160. Best Buy's discriminatory policies or practices described above have denied female applicants and employees employment, favorable job assignments, job transfers, weekly hour allocations, exempt compensation, and promotions, resulting in the loss of past and future wages and other job benefits.

161. Best Buy's actions as described above constitute unlawful gender discrimination prohibited by FEHA, California Government Code Section 12940 *et seq*.

162. Plaintiffs request relief as hereinafter provided.

## ALLEGATIONS REGARDING RELIEF

163. Plaintiffs, and the class they seek to represent, have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiffs, and the class they seek to represent, are now suffering and will continue to suffer irreparable injury from defendants' discriminatory acts and omissions.

164. Best Buy performed the acts herein alleged with malice or reckless indifference. Plaintiffs and class members are thus entitled to recover punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and the class pray for relief as follows:

165. Certification of the case as a class action on behalf of the proposed class;

166. Designation of Representative Plaintiffs Jasmen Holloway, Amy Garcia, Cheryl Chappel, Eric Blacksher, Lawrence Santiago, Jessica Treas, Muembo Muanza, Maurice

Calhoun, Nicholas Dixon, and Susan Myers-Snyder as representatives of the class and California subclass;

167.  Designation of Representative Plaintiffs' counsel of record as class counsel;

168.  A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. § 1981, Title VII, and Cal. Gov. Code § 12940, *et seq.*;

169.  A preliminary and permanent injunction against Best Buy and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

170.  An order that Best Buy institute and carry out policies, practices, and programs that provide equal employment opportunities for all women and minorities, and that it eradicate the effects of its past and present unlawful employment practices;

171.  An order restoring plaintiffs and class members to their rightful positions at Best Buy, or in lieu of reinstatements, an order for front pay benefits;

172.  Back pay (including interest and benefits) for individual plaintiffs and class members;

173.  Exemplary and punitive damages in an amount commensurate with Best Buy's ability to pay and to deter future conduct;

174.  Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

175.  Pre-judgment and post-judgment interest, as provided by law; and

176.  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

1     Dated: January 31, 2008       LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

2

3                            By: _____/s/_____
                                Kelly M. Dermody

4                           Daniel M. Hutchinson
5                           Barbra L. Williams
                          275 Battery Street, 30th Floor
6                           San Francisco, CA 94111-3339
                          Telephone: (415) 956-1000
7                           Facsimile: (415) 956-1008

8                           Todd M. Schneider
                          Guy B. Wallace
9                           Nancy Park
                          Naomi Sunshine
10                          SCHNEIDER & WALLACE
                          180 Montgomery Street, Suite 2000
11                          San Francisco, CA 94104
                          Telephone: (415) 421-7100
12                          Facsimile: (415) 421-710

13                          James M. Finberg
                          Eve H. Cervantez
14                          Katherine M. Pollock
                          ATSHULER BERZON LLP
15                          177 Post Street, Ste. 300
                          San Francisco, CA 94108
16                          Telephone: (415) 421-7151
                          Facsimile: (415) 362-8064

17                          Bill Lann Lee
                          Vincent Cheng
18                          Lindsay Nako
                          Nina Wasow
19                          LEWIS, FEINBERG, LEE, RENAKER & JACKSON
                          436 14th Street, Suite 1505
20                          Oakland, CA 94612-2703
                          Telephone: (510) 839-6824
21                          Facsimile: (510) 839-7839

22                          *Attorneys for Plaintiffs and the Proposed Class*

23

24

25

26

27

28

---

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: January 31, 2008        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____/s/_____
          Kelly M. Dermody

Daniel M. Hutchinson
Barbra L. Williams
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Todd M. Schneider
Guy B. Wallace
Nancy Park
Naomi Sunshine
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-710

James M. Finberg
Eve H. Cervantez
Katherine M. Pollock
ATSHULER BERZON LLP
177 Post Street, Ste. 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Bill Lann Lee
Vincent Cheng
Lindsay Nako
Nina Wasow
LEWIS, FEINBERG, LEE, RENAKER & JACKSON
436 14th Street, Suite 1505
Oakland, CA 94612-2703
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

*Attorneys for Plaintiffs and the Proposed Class*

# EXHIBIT A

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
[ ] FEPA
[X] EEOC

Agency(ies) Charge No(s):
**370-2006-00381**

**California Department Of Fair Employment & Housing** _____ and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Jasmen Holloway** | | |

Street Address      City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **BEST BUY STORES, L.P.** | **500 or More** | |

Street Address      City, State and ZIP Code

**180 Donahue Street, Muir Beach, CA 94965**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address      City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest      Latest
**12-02-2005**

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**See attached.**

**RECEIVED**

DEC 02 2005

**EEOC-SFDO**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

Date      Charging Party Signature

## STATEMENT

## EEOC CHARGE STATEMENT

I, JASMEN HOLLOWAY, state as follows:

1.

I am      years of age. I am African American. My Social Security number is
. My date of birth is                    . I reside at
. My home telephone number is

2.

My complaint is against Best Buy Stores, L.P. ("Best Buy"), headquartered at 7601 Penn
Avenue South, Richfield, Minnesota 55423, and incorporated in Minnesota. I worked at the Best
Buy location at 180 Donahue Street, Marin City, CA 94965. I began my employment with Best
Buy on or about January 2001, and my employment with Best Buy ended on or about August
2005. My immediate supervisor was Terry Mason.

3.

Respondent is an entity with 15 or more employees during each of the last 20 calendar
weeks.

4.

I, and other women, African American and Latino employees, have been subjected to
race and gender based discrimination by Best Buy, including, among other things, discrimination
with respect to compensation and promotions, unequal job assignments, unequal training
opportunities, other terms and conditions of employment, and a hostile work environment. Best
Buy maintains a discriminatory employment system that uses subjective criteria to prefer white
men and to disadvantage women and African American and Latino employees and applicants for
employment. In addition, I was terminated from my employment because of my race and gender
and in retaliation for raising issues of discrimination with my managers.

5.

During my employment at Best Buy, I have complained to company officials regarding
the discrimination. Despite these complaints, Best Buy officials have done little or nothing to
address my concerns.

6.

Page 1

To: RelayFax via port COM4              From: 7075549571              12/1/2005 3:11:55 PM  (Page 3 of 3)
   12/81/2005  16:14    7875549571                                              PAGE   83
   ... .......... . .......y                From: Schneider and Wallace         12/1/2005 2:48:37 PM  (Page 3 of 7)

## STATEMENT

Respondent's agents, including Terry Mason, David Clark, Richard Uchide, Jim Bowles, Paul Mulig, and Raymond Godbeer, are responsible for the discrimination, hostile work environment, and retaliation, to which I was subjected, and for not taking all reasonable steps to prevent the discrimination, hostile work environment, and retaliation from occurring.

7.

I bring this charge on behalf of myself and other similarly situated African American, Latino, and women employees and applicants for employment.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _____, 2005

CARMEN HOLLOWAY

Page 2

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Jasmen Holloway**

From: **San Francisco District Office**
**350 The Embarcadero**
**Suite 500**
**San Francisco, CA 94105**

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **370-2006-00381** | **Scott H. Doughtie,**<br>**Investigator** | **(415) 625-5663** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

☒ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                    12-05-05

**H. Joan Ehrlich,**
**District Director**

*(Date Mailed)*

Enclosure(s)

cc: **BEST BUY STORES, L.P.**
**180 Donahue Street**
**Marin City, CA 94965**

**Hank Wilson**
**Attorney at Law**
**Schneider & Wallace**
**180 Montgomery, Suite 200**
**San Francisco, CA 94104**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

### Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),

**PRIVATE SUIT RIGHTS --**

### or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

☐ **1001 Tower Way, Suite 250**
**H** Bakersfield, CA 93309
(661) 395-2729

☐ 1320 E. Shaw Avenue, Suite 150
**C** Fresno, CA 93710
(559) 244-4760

☐ 611 West Sixth Street, Suite 1500
**S/T** Los Angeles, CA 90017
(213) 439-6799

☐ 1515 Clay Street, Suite 701
**M** Oakland, CA 94612
(510) 622-2941

☐ 2000 "O" Street, Suite 120
**E** Sacramento, CA 95814
(916) 445-5523

☐ 1350 Front Street, Suite 3005
**D** San Diego, CA 92101
(619) 645-2681

☐ San Francisco District Office
**A** 1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ 111 North Market Street, Suite 810
**G** San Jose, CA 95113
(408) 277-1277

☐ 2101 East Fourth Street, Suite 255-B
**K** Santa Ana, CA 92705
(714) 558-4266

**EEOC NUMBER :**  370-2006-00381

**CASE NAME :**  JASMEN HOLLOWAY v.
BEST BUY STORES, L.P.

**D A T E :**  December 5, 2005

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

**Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.**

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing his form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 345-2006-00059 |

CA DEPT FAIR EMPLOYMENT AND HOUSING and EEOC
*State or local Agency, if any*

NAME (indicate Mr., Ms. or Mrs.)

Ms. Amy Garcia

HOME TELEPHONE (include area code)

STREET ADDRESS          CITY, STATE AND ZIP CODE

DATE OF BIRTH

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY THAT I BELIEVE DISCRIMINATED AGAINST ME OR OTHERS. (If more than one, list under PARTICULARS below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Best Buy, Inc. | Approx. 100,000 | (530) 566-1012 (Chico) |

STREET ADDRESS          CITY, STATE AND ZIP CODE          COUNTY

2005 Forest Ave.          Chico, CA 95928          Butte

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☒ OTHER (specify) EPA

DATE DISCRIMINATION TOOK PLACE
EARLIEST          LATEST
April 2004          Oct. 2005
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

(Please see attached)

RECEIVED
OCT 1 4 2005
EEOC/LADO

---

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure.

NOTARY - (When necessary for State and local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date  9/17/05          Charging Party (signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

# Charge of Discrimination – Amy Garcia

I.    I am female. I was hired by Best Buy in August 2001 as a customer service employee in its Chico, California store. During my tenure with the company, I have also held the positions of Media Product Specialist, Media Senior, Merchandise Senior, and Media Supervisor. I have repeatedly expressed interest in being promoted to manager. Although Best Buy managers have told me that I am qualified for this position, I have yet to be promoted and have been denied promotions as recently as July 2005. In addition, I have been paid less than male employees in comparable positions and have been retaliated against for complaining of discrimination.

I have received excellent performance reviews during my tenure at Best Buy which have indicated that I am eligible for promotion to manager. During my entire employment I have been interested and available for promotion and have repeatedly made clear to my managers my interest in advancement. However, despite my excellent performance evaluations, Best Buy has continued to deny me promotional opportunities and has instead promoted male employees who are less qualified.

There have been a number of promotions to senior, supervisor, and manager in the Chico store during the four years I have worked at Best Buy. I am informed and believe that there have been scores of senior, supervisor and manager positions filled across the country during this time, the vast majority of which have gone to men.

In or around January 13, 2005 I was denied a promotion to Product Process Manager. When I learned that a manager position might be available in the Product Process Department, I immediately expressed my desire to be promoted to Manager, as I had done several times in the past, and informed the General Manager that I would like to apply for the position. The General Manager confirmed that a manager position was available, but advised me that it would not be posted and there was no use applying because someone had already been chosen. The General Manager further stated that I was qualified for the position but inferred that I would not be considered for promotion at the Chico store because of my status as a single mother. Shortly thereafter, Best Buy promoted a male employee who had less experience than me to the Product Process manager position.

Best Buy routinely fails to post job openings for manager and other high-level positions on Best Buy's internal job opening system ("JOS"). Between October 2004 and September 2005, approximately ten male employees were promoted to manager positions at the Chico store. Despite being well-qualified for these positions, I was denied the opportunity to apply and was not considered because the positions were not posted on JOS. If I had known these manager positions were available I would have applied. I am aware of at least one other female employee who was qualified for these positions and would have applied had they been posted.

In addition to denying me promotional opportunities, Best Buy has paid me less than male employees in comparable positions. In April 2004 my Operations Manager advised me that my salary could not be raised any higher because I had reached the maximum salary cap for my position as supervisor. In August 2004 I learned that male employees in comparable positions with less qualifications were receiving higher pay. I raised this issue with my district manager

who confirmed that males were, in fact, receiving higher salaries. Although I eventually received a raised, I was told as recently as April 2005 that Best Buy would not increase my salary any higher and that I would not receive a raise at my next review. I am informed and believe that I am still receiving a lower salary than male employees in comparable positions. In addition, I have also observed that other female employees are paid less than male employees in comparable positions.

I have routinely brought to the attention of my supervisors the company's compensation and promotion practices which unfairly favored male colleagues. In November 2004 and again in January 2005, I complained to Best Buy's Department of Human Resources and to my district manager of the discriminatory treatment to which I was subjected. Upon receiving my complaints, Best Buy has further discriminated and retaliated against me by removing my job functions, assigning me fewer and less favorable shifts, and downgrading my performance evaluations, as recently as April 2005.

For example, Best Buy retaliated against me by changing my shifts so that they conflicted with my child care responsibilities. When I asked why my shifts were changed, my direct manager stated it was because the numbers in my department were low. However, at the time the department I headed was ranked one of the top 50 departments in the company and was the most profitable department in the Chico store. Best Buy continued to retaliate against me by assigning me to shifts that my managers knew were impossible for me to work. When I complained to my manager about this retaliation, he told me that I should get off the sales floor and stated that a position in the merchandising department would "better suit me" given that I had children. Best Buy refused to restore my hours to what they had been before I complained of discrimination. As a result, on February 27, 2005, I was forced to step down from my supervisor position in the media department to take a non-managerial position in another department. Upon moving to this new position, Best Buy continued to retaliate against me by requiring me to perform certain managerial tasks without compensation, and giving me fewer and less favorable shifts.

II. I believe I have been discriminated against by Best Buy because of my sex for the following reasons: I am well qualified for promotion but have been repeatedly passed over in favor of males with lesser experience and abilities. I have also received less compensation than male employees with comparable qualifications. Best Buy has retaliated against me in the form of unequal terms and conditions of employment for complaining of discrimination on the basis of sex.

III. I believe that Best Buy has a pattern and practice of discriminating against its female employees in filling senior, supervisor and store management positions and by subjecting female employees to discrimination with respect to promotions, training, job assignments, and compensation in its stores nationwide. In addition, I believe Best Buy has a pattern and practice of retaliating against female employees who have complained of discrimination based on sex. I bring this charge on behalf of myself and other similarly situated women who have been denied promotional opportunities, paid less, and retaliated against as a result of their sex.

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  **Ms. Amy Garcia**

From:  **EEOC**
**401 "B" Street, Suite 510**
**San Diego, CA 92101**

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **345-2006-00059** | **Legal Officer of the Day** | **(619) 557-7235** |

(See also the additional information enclosed with this form.)

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

☒ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  
Bettie Islaka, Acting Director

12|7|05  
(Date Mailed)

Enclosure(s

cc:  **Shalanda D. Ballard, Best Buy**
**Corporate Employment Counsel**

**Gena E. Wiltsek, Lief, Cabraser, Heimann & Bernstein,**
**LLP**

Enclosure with EEOC
Form 161-B (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**      **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an
attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her
the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is
prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the
Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the office
of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make
legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:
backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.
For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit
**before 7/1/02** -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if
you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed
within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having
jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such
assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to
explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day
period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have
any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need
to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and
provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all
charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to
review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any
request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ **H** 1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ **C** 1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ **S/T** 611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☐ **M** 1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ **E** 2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ **D** 1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☐ **A** San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ **G** 111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277

☐ **K** 2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Ms Shalanda Ballard
Corporate Employment Counsel
BEST BUY
7601 Penn Avenue South
Richfield, MN 55423

EEOC Number: 345-2006-00059

Garcia, Amy Vs. BEST BUY

Date: October 19, 2005

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

# EXHIBIT C

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☑ EEOC | 340–2005–02093 |

<u>CA DEPT FAIR EMPLOYMENT AND HOUSING</u> and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Ms. or Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Cheryl Chappel | |
| STREET ADDRESS     CITY, STATE AND ZIP CODE | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY THAT I BELIEVE DISCRIMINATED AGAINST ME OR OTHERS. (If more than one, list under PARTICULARS below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Best Buy, Inc. | Approx. 100,000 | (858) 831-9003 (Mira Mesa) |
| | | (530) 566-1012 (Chico) |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 9540 Mira Mesa Blvd. | San Diego, CA 92126 | San Diego |
| 2005 Forest Ave. | Chico, CA 95928 | Butte |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE    ☐ COLOR    ☑ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☐ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ OTHER (specify)

| DATE DISCRIMINATION TOOK PLACE |  |
|---|---|
| EARLIEST | LATEST |
| April 2003 | September 2004 |

☑ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

(Please see attached)

**RECEIVED**

APR 21 2005

EEOC/LSDO

---

☑ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date *3/21/05*    *Cheryl L Chappel*
Charging Party (signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

382134.1

## Charge of Discrimination – Cheryl Chappel

I.     I am female. I was hired by Best Buy in July 2001 as an Administrative Senior in its Chico, California store. In September 2004 I transferred to the Best Buy store in Mira Mesa, California, where I have continued to work as an Administrative Senior. During my tenure with the company, I have repeatedly expressed interest in being promoted to Supervisor. Although Best Buy managers have told me that I am qualified for this position, I have yet to be promoted and have been denied promotions as recently as September 2004. In addition, I have been paid less than male employees in comparable positions.

I have received excellent performance reviews during my tenure at Best Buy which have indicated that I am eligible for promotion to Supervisor. During my entire employment I have been interested and available for promotion and have repeatedly made clear to my managers my interest in advancement. However, despite my excellent performance evaluations, Best Buy has continued to deny me promotional opportunities and has instead promoted male employees who are less qualified.

In both the Chico and Mira Mesa stores there have been a number of promotions to senior, supervisor, and manager during the three and a half years I have worked at Best Buy. I am informed and believe that there have been scores of senior, supervisor and manager positions filled across the country during this time, the vast majority of which have gone to men.

In April 2003 I applied for a promotion to Operations Supervisor. I had already worked in the Operations Department for almost two years at the time of my application, and my managers had told me that I was well-qualified for the promotion. However, when I asked the hiring manager the status of my application he informed me that he had decided to promote a male employee to the position instead. The male employee who was promoted had worked at the store for only four months, on a part-time basis, and had never worked in the Operations Department prior to receiving this promotion. When I inquired why the manager had chosen this male employee over myself and the other female applicant who had applied for the position, the manager replied, "it's a man thing." Later, when I asked why so few female employees held positions on the sales floor, I was told that "girls can't sell."

In September 2004 I transferred to Best Buy's store in Mira Mesa, California and again expressed my desire to be promoted to Supervisor. I was informed by my managers that the Mira Mesa store had a Supervisor position open and both the Operations Manager and the District Manager of the Chico store indicated that I was more than qualified for the job. When I spoke to the Operations Manager at the Mira Mesa store he confirmed that the supervisor position was open. However, when I arrived at the Mira Mesa store I was told that the position had already been filled. I subsequently learned that Best Buy had promoted a male employee who had less experience than me to the Supervisor position.

During my employment, Best Buy has paid me less than male employees in comparable positions. I have learned that male employees with less qualifications are receiving higher pay. I raised this issue with my direct manager in July 2004 who initially refused to adjust my salary so that it was commensurate with male employees doing the same job. Although I was eventually told that I would receive a raise, effective July 14, 2004, I still have not received the retroactive

pay that I am due. I have also observed that other female employees are paid less than male employees in comparable positions.

II. I believe I have been discriminated against by Best Buy because of my sex for the following reasons: I am well qualified for promotion but have been repeatedly passed over in favor of males with lesser experience and abilities. I have received less compensation than male employees with comparable qualifications.

III. I believe that Best Buy has a pattern and practice of discriminating against its female employees in filling senior, supervisor and store management positions and by subjecting female employees to discrimination with respect to promotions, training, job assignments, and compensation in its stores nationwide. I bring this charge on behalf of myself and other similarly situated women who have been denied promotional opportunities and paid less as a result of their sex.

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: **Ms. Cheryl Chappel** | From: **EEOC**<br>**401 "B" Street, Suite 510**<br>**San Diego, CA 92101** |
|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **340-2005-02093** | **Legal Officer of the Day** | **(619) 557-7235** |

*(See also the additional Information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[x] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[x] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Bettie Isiaka, Acting Director

12/7/05
*(Date Mailed)*

Enclosure(s

cc: **Shalanda D. Ballard, Best Buy**
**Corporate Employment Counsel**

**Gena E. Wiltsek, Lief, Cabraser, Heimann & Bernstein,**
**LLP**

Enclosure with EEOC
Form 161-B (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an
attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her
the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is
prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the
Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the office
of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make
legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:
backpay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible.
For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit
**before 7/1/02** -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if
you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed
within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having
jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such
assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to
explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day
period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have
any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need
to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and
provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all
charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to
review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any
request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



☎ # (800) 700-2320

| | |
|---|---|
| ☐ **H** | 1001 Tower Way, Suite 250<br>Bakersfield, CA 93309<br>(661) 395-2729 |
| ☐ **C** | 1320 E. Shaw Avenue, Suite 150<br>Fresno, CA 93710<br>(559) 244-4760 |
| ☐ **B** | 611 West Sixth Street, Suite 1500<br>Los Angeles, CA 90017<br>(213) 439-6799 |
| ☐ **M** | 1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 |
| ☐ **E** | 2000 "O" Street, Suite 120<br>Sacramento, CA 95814<br>(916) 445-5523 |
| ☐ **D** | 1350 Front Street, Suite 3005<br>San Diego, CA 92101<br>(619) 645-2681 |
| ☐ **A** | 121 Spear Street, Suite 430<br>San Francisco, CA 94105<br>(415) 904-2303 |
| ☐ **G** | 111 North Market Street, Suite 810<br>San Jose, CA 95113<br>(408) 277-1277 |
| ☐ **K** | 2101 East Fourth Street, Suite 295-B<br>Santa Ana, CA 92705<br>(714) 558-4266 |

Chief Executive Officer
Legal Department    EEOC Number: 340-2005-02093
Best Buy
Attn.: HSBC Retail Services Case Name: Cheryl Chappel
2700 Sanders
Prospect Heights, IL 60070    Date: April 25, 2005

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>

Sincerely,

WANDA J. KIRBY
Deputy Director
Enforcement Division

DFEH-200-02 (01/04)

# EXHIBIT D

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>■ EEOC | |

### CA DEPT FAIR EMPLOYMENT AND HOUSING and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Ms. or Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Mr. Eric Blacksher | |
| **STREET ADDRESS**  CITY, STATE AND ZIP CODE | DATE OF BIRTH |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY THAT I BELIEVE DISCRIMINATED AGAINST ME OR OTHERS.** (If more than one, list under PARTICULARS below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Best Buy, Inc. | Approx. 100,000 | |
| **STREET ADDRESS**  CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (*Check appropriate box(es)*) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ■ RACE  ■ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (*specify*) | *EARLIEST*         *LATEST*<br>November 2005    February 2006<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (*if additional space is needed, attach extra sheet(s)*):

(Please see attached)

| ■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 3/27/06<br>Date            *Charging Party (signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

525079. 1

## Charge of Discrimination -- Eric Blacksher

I.     I am African American. Best Buy refused to hire me in or around November 2005. Although I am well qualified, Best Buy denied my application for employment.

I applied to Best Buy on or around November 14, 2005 as a student looking for part-time employment. I learned that Best Buy usually hires part-time employees with little or no experience for the holiday season. I completed Best Buy's online application, and listed my retail sales experience at Finish Line and Sears.

I received a prompt and positive response to my application. Within only a few hours, a Best Buy manager called me to ask about my availability to interview. He confirmed that I had the desire and ability to work as a salesperson or cashier, and encouraged me to interview as soon as possible.

About two days later, I attended an in-person interview at the Best Buy store in or near Valencia, California. The Best Buy manager conducting the interview could see that I was black. I explained my employment history and work experience, and expressed my desire to work in any available sales or cashier position. Although I thought the interview went well, Best Buy informed me that I had to interview again. About ten days later, I interviewed with another manager. He stated that Best Buy had job openings in the Home Theater department and seemed impressed at my extensive work experience for so young an age. Still, Best Buy asked me to interview again. I interviewed for a third time about ten days later. I was encouraged because I interviewed well and have more experience than other part time applicants my age. I did not think Best Buy would ask me to interview three times unless they were seriously interested in hiring me.

I waited for a call from Best Buy, but they never contacted me again and never explained why they refused to offer me a job. I called Best Buy repeatedly, but could not get an answer as to whether or not Best Buy would hire me. I finally called Best Buy several times in late February 2006 and directly asked whether Best Buy planned to hire me. Best Buy stated that they did not know and that the Best Buy manager responsible for making this decision was not available. I understood these repeated refusals to mean that Best Buy had no intention of hiring me.

While Best Buy refused to hire me, I applied to Vons Grocery and received a job almost immediately.

II. I believe I have been discriminated against by Best Buy because of my race and/or color for the following reason: I was and am well qualified for employment at Best Buy, but was passed over in favor of other applicants.

III. I believe that Best Buy has a pattern and practice of discriminating against African-American, Latino, and Asian-American job applicants in filling all employment positions, including major sales, senior, supervisor and store management positions. I bring this charge on behalf of myself and other similarly situated African Americans, Latinos, and Asian Americans who have been denied employment opportunities as a result of their race and/or color.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Eric Blacksher

From: **Los Angeles District Office - 480**
**255 E. Temple St. 4th**
**Los Angeles, CA 90012**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **550-2006-00783** | **Joyce L. Mills, Investigator** | **(213) 894-1022** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Olophius E. Perry**
**District Director**

*October 4, 2006*
*(Date Mailed)*

cc:

BEST BUY, INC.

**Daniel H. Hutchinson, Esq.**
**Embarcadero Center West**
**275 Battery Street, 30th Floor**
**San Francisco, CA 94111**

# EXHIBIT E

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ■ EEOC | 550-2006-02089 |

CA DEPT FAIR EMPLOYMENT AND HOUSING and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Ms. or Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Jessica Treas | |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY THAT I BELIEVE DISCRIMINATED AGAINST ME OR OTHERS. (If more than one, list under PARTICULARS below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Best Buy Stores, L.P. | Approx. 100,000 | (510) 420-0323 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 3700 Mandela Pkwy.          Oakland, CA 94608 | Alameda |

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

■ RACE  ■ COLOR  ■ SEX  ☐ RELIGION  ■ NATIONAL ORIGIN
■ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| July 1999 | February 26, 2006 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

(Please see attached)

**RECEIVED**

SEP 21 2006

**EEOC-SFDO**

---

■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date: 9·13·06

*Jessica Treas*
Charging Party (signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

61173.1

# Charge of Discrimination – Jessica Treas

I.        I am a Latina female of Mexican origin. I was hired by Best Buy in July 1999 as a Customer Service Rep II ("CSRII") in the Pinole, California store. During my almost seven-year tenure with the company as a CSRII, customer service senior, customer service supervisor, customer service manager, media supervisor, and administrative senior, I experienced discrimination in promotion, treatment, and training, and job segregation at the Pinole, Pleasant Hill, Union City, and Emeryville stores. In addition, I was paid less than white and male employees in comparable positions.

When I applied to work at Best Buy's Pinole, California store, I had extensive managerial experience. During my interview, I expressed my interest in a supervisor position and articulated my desire to become a Best Buy manager. I also stated my interest in sales and interviewed with a manager for a sales position. Following my interview, Best Buy hired me as a CSRII and assigned me to a location off the sales floor.

As a CSRII, I took on various duties and remained interested in a promotion to the sales floor. Despite my expertise in various Best Buy departments, I felt pressured to remain in customer service. Best Buy managers never "cross trained" me with experiences on the sales floor and discouraged me from transferring to the sales floor. In contrast, Best Buy managers frequently spoke with white and male employees about promotions to the sales floor, where they received higher pay and greater opportunities for promotion. Men who performed as well or less well than me received such promotions. I noticed that customer service employees were predominantly female while sales floor employees were overwhelmingly male. Following several instances where Best Buy passed me over for white males with lesser or comparable qualifications, Best Buy placed me in customer service manager positions off of the sales floor, first in Pleasant Hill, and subsequently in Best Buy's Pinole, Union City, and Emeryville stores.

When I first transferred to Emeryville in 2004, I was the only female manager in the entire store. Best Buy did not treat me the same as white and male managers. Best Buy regularly singled me out for performance issues and focused disproportionately on my department's numbers. Best Buy disciplined me more frequently and for less serious offenses than white and male employees. Countless times, Best Buy managers harassed, ridiculed, or otherwise commented upon my performance. I did not understand this criticism, as I had successfully performed my job duties and received positive reviews as customer service manager. Moreover, my department performed as well or better than other areas of the store, as measured by Best Buy's national department rankings.

Best Buy demoted me from manager to a supervisor position in the media department and replaced me with a white male manager. The differential treatment, however, continued even after the demotion. Best Buy wrote me up for minor infractions, harassed me, and required that my department have higher sales numbers than departments supervised by white men. Best Buy demoted me in June 2005, this time to administrative senior. One each occasion that Best Buy demoted me, none of the white males who replaced me achieved higher numbers or performed better than me. Nonetheless, each white male who succeeded me as manager received promotions to the sales floor or segment manager positions. I also witnessed other white males with comparable or lesser abilities and experience receive promotions.

I applied for and was denied numerous promotions. I regularly sought opportunities to advance at Best Buy and spoke with managers about attaining a sales or inventory manager position. Following my demotion to administrative senior in June 2005, I frequently inquired about supervisor positions in several stores. I also searched Best Buy's internal job opening system (JOS) at least once a month. JOS postings, however, often did not represent actual "vacancies" because Best Buy often decided who they wanted to hire before posting on the JOS. Best Buy often filled positions without posting on the JOS. I applied and interviewed for several job openings that Best Buy instead gave to white males with lesser or comparable qualifications.

During my employment, Best Buy paid me less than white and male employees in comparable positions. White male sales managers routinely received higher pay and greater status. On several occasions, Best Buy did not award me promised pay raises that it awarded to white managers. Following my demotions, Best Buy informed me that I was capped out and refused to grant me any raises. I have also observed that other Asian-American, African-American, Latino, and female employees were paid less than white and male employees in comparable positions.

Throughout my tenure with the company, Best Buy did not provide me with the same timely reviews and trainings opportunities it afforded white male employees. I did not receive any reviews during my time as a customer service manager. As a media supervisor, I received only cursory training. In contrast, white and male employees who began new supervisor assignments received more extensive training that sometimes included moving to another store to shadow an experienced supervisor.

Best Buy retaliated against me for lodging formal complaints about this discriminatory treatment. On one occasion, I lodged a complaint with Best Buy's human resources 800 number after a manager improperly used a store camera to monitor me. Instead of conducting an investigation, Best Buy's human resources department called the manager. This call resulted in numerous retaliatory write ups. Best Buy terminated me in February 2006 for entering a standard time edit to clock in after a period of illness. Best Buy claimed that I improperly altered my time sheet. I believe that this termination was in retaliation for my complaints and illness.

II. I believe I have been discriminated against by Best Buy because of my race, color, national origin, and/or sex for the following reasons: I received different treatment and fewer training opportunities than white and male workers. While I was well qualified for promotion, I was repeatedly passed over in favor of whites and males with lesser experience and abilities. I have received less compensation than white and male employees with lesser qualifications. I was terminated in retaliation for my complaints of discriminatory treatment.

III. I believe that Best Buy has a pattern and practice of discriminating against its Asian-American, African-American, Latino, and female employees in filling senior, supervisor and store management positions and by subjecting Asian-American, African-American, Latino, and female employees to discrimination with respect to promotions, training, job and hours assignments, and compensation in its stores nationwide. I bring this charge on behalf of myself and other similarly situated Asian Americans, African Americans, Latinos, and women who have received disparate treatment, been denied training opportunities, been denied promotional opportunities, and/or been paid less as a result of their race, color, national origin, and/or sex.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Jessica Treas**

From: **San Francisco District Office - 550**
350 The Embarcadero
Suite 500
San Francisco, CA 94105

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **550-2006-02089** | **Scott H. Doughtie,** **Investigator** | **(415) 625-5663** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michael Baldonado*                    11/2/06

**H. Joan Ehrlich,**
**District Director**

*(Date Mailed)*

Enclosure(s)

cc: **Melinda S. Riechert**
**Morgan Lewis**
**2 Palo Alto Square**
**3000 El Camino Real, Suite 700**
**Palo Alto, CA 94306**

**Daniel M. Hutchinson**
**Lieff, Cabraser, Heimann & Bernstein, LLP**
**Embarcadero Center West**
**275 Battery Street, 30th Floor**
**San Francisco, CA 94111**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

### Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
PRIVATE SUIT RIGHTS --
### or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
**(SEE ADDRESS CHECKED BELOW)**



TTY # (800) 700-2320

☐ **H**
1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ **C**
1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ **S/T**
611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☒ **M**
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ **E**
2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ **D**
1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☐ **A**
San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ **G**
111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277

☐ **K**
2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Date: September 26, 2006

Case Name: JESSICA TREAS
vs. BEST BUY STORES, LP

EEOC No: 550-2006-02089

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember:</u> This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

# EXHIBIT F

## CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>■ EEOC | 550-2006-01965 |

### CA DEPT FAIR EMPLOYMENT AND HOUSING and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Mrs. or Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Mr. Lawrence Santiago, Jr. | |
| STREET ADDRESS       CITY, STATE AND ZIP CODE | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY THAT I BELIEVE DISCRIMINATED AGAINST ME OR OTHERS. (If more than one, list under PARTICULARS below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Best Buy Stores, L.P. | Approx. 100,000 | (408) 979-1591 |

| STREET ADDRESS       CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 5065 Almaden Expressway       San Jose, CA 95118-2051 | Santa Clara |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ■ RACE   ■ COLOR   ☐ SEX   ☐ RELIGION   ■ NATIONAL ORIGIN<br><br>■ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (specify) | EARLIEST       LATEST<br>July 2003    May 5, 2006<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

(Please see attached)

RECEIVED

SEP 0 6 2006

EEOC-SFDO

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| ■  I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>8/31/06   *[signature]*  TR<br>Date       Charging Party (signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

# Charge of Discrimination – Lawrence Santiago, Jr.

1.      I am a Latino and Asian American of Puerto Rican and Japanese origin. I was hired by Best Buy in July 2003 as a cashier in the Blossom Hill store in San Jose, California. During my tenure with the company, I experienced race-based discrimination in promotion, treatment, and training. In addition, I was paid less than white employees in comparable positions.

When I applied to work at Blossom Hill store, I had extensive supervisory and managerial experience. During my initial interviews at Best Buy, I expressed my interest in a supervisor position. My resume detailed my extensive supervisory experience. Following my interview, Best Buy offered me a position as a Customer Service Rep II ("CSRII").

Shortly after accepting the CSRII position, I learned that it was little more than a glorified cashier. Best Buy assigned me to a location off the sales floor.

I continued to work hard and sought out all available promotions. While working as a CSRII, I applied for five promotions in 2003. Nonetheless, on each occasion, Best Buy denied my application and did not even grant me an interview.

Best Buy did not provide with the same training opportunities as other employees. Although it common practice to train each person starting a supervisor position, Best Buy managers denied or put off my requests for training when I began work as a supervisor in the appliance department in early 2004. Although I performed well, I suspected that Best Buy was setting me up to fail by placing me in this position without notifying me of the relevant policies, procedures, standards, and expectations. After about six months in this position, Best managers informed me that Best Buy planned to demote me and reduce my pay. I voluntarily stepped down.

From late 2004 through 2006, Best Buy denied my applications for promotion and instead awarded positions to white males with lesser or comparable qualifications. The managers charged with posting Best Buy job vacancies and Best Buy's internal job opening system (JOS) did not adequately inform me of job openings at Best Buy. I therefore took it upon myself to initiate my own searches and tracked down Best Buy job openings by myself during my lunch breaks and off work hours. I successfully identified and applied for ten positions. I interviewed for eight of these positions. Best Buy did not promote me to any of these positions. White employees in comparable positions routinely received promotions.

During my employment, Best Buy paid me less than white employees doing the same or comparable work. I have also observed that other Asian-American, African-American, and Latino employees were paid less than white employees in comparable positions. As an ACE appliance salesperson, Best Buy did not give me the pay or hours assignments that it promised.

I also experienced hostile treatment at Best Buy. My managers and co-workers constantly used racially and sexually derogatory language. On one occasion, the Best Buy operations manager stated to me that "it looks like you're getting a little fat. It must be because you're Hawaiian." Another time, this manager referred to me as a "mutt." I witnessed other Asian-American, African-American, Latino, and female employees receive similar treatment.

For example, I frequently overheard managers state that an African-American woman who was injured at work, was "full of shit" and faking her injury. A sales manager at the store, stated "that's how them ghetto niggers do it." The operations manager often talked about female cashiers and made comments including "look at her tits" and "that's a sweet piece of ass." All upper level store sales and operations positions were filled by whites.

Best Buy retaliated against me for lodging formal complaints about this discriminatory treatment. I called Best Buy's (888) BESTBUY number, contacted human resources, and called the open line to report discriminatory conduct. Although Best Buy maintains that complaints are confidential, a manager stated shortly thereafter "so I heard you called open line." At a subsequent sales meeting, the general manager referred to me and stated "so somebody's a cry baby." Following Best Buy's reorganization in May 2006, a Best Buy general manager laid me off. He informed me that I could only return to Best But if I accepted an $8 pay cut. Most of the white managers affected by this reorganization were given their equivalent positions and pay scales.

II. I believe I have been discriminated against by Best Buy because of my race, color, and/or national origin for the following reasons: I received different treatment and fewer training opportunities than white workers. While I was well qualified for promotion, I was repeatedly passed over in favor of whites with lesser experience and abilities. I have received less compensation than white employees with lesser qualifications.

III. I believe that Best Buy has a pattern and practice of discriminating against its Asian-American, African-American, and Latino employees in filling senior, supervisor and store management positions and by subjecting Asian-American, African-American, and Latino employees to discrimination with respect to promotions, training, job and hours assignments, and compensation in its stores nationwide. I bring this charge on behalf of myself and other similarly situated Asian Americans, African Americans, and Latinos who have received disparate treatment, been denied training opportunities, been denied promotional opportunities, and/or been paid less as a result of their race, color, and/or national origin.

548295.2

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   Lawrence  Santiago

From:   **San Francisco District Office - 550**
**350 The Embarcadero**
**Suite 500**
**San Francisco, CA 94105**

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **550-2006-01965** | **Scott H. Doughtie,**<br>**Investigator** | **(415) 625-5663** |

**NOTICE TO THE PERSON AGGRIEVED:**

*(See also the additional information enclosed with this form.)*

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐   The EEOC is terminating its processing of this charge.

☒   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michael Baldonado*

**H. Joan Ehrlich,**
**District Director**

11/2/06
*(Date Mailed)*

Enclosure(s)

cc:   **Melinda S. Riechert**
**Morgan Lewis**
**2 Palo Alto Square**
**3000 El Camino Real, Suite 700**
**Palo Alto, CA 94306**

**Daniel M. Hutchinson**
**Lieff, Cabraser, Heimann & Bernstein, LLP**
**Embarcadero Center West**
**275 Battery Street, 30th Floor**
**San Francisco, CA 94111**

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

### Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),

**PRIVATE SUIT RIGHTS --**

### or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ 100) Tower Way, Suite 250
**H** Bakersfield, CA 93309
(661) 395-2729

☐ 1320 E. Shaw Avenue, Suite 150
**C** Fresno, CA  93710
(559) 244-4760

☐ 611 West Sixth Street, Suite 1500
**S/T** Los Angeles, CA  90017
(213) 439-6799

☐ 1515 Clay Street, Suite 701
**M** Oakland, CA  94612
(510) 622-2941

☐ 2000 "O" Street, Suite 120
**E** Sacramento, CA  95814
(916) 445-5523

☐ 1350 Front Street, Suite 3005
**D** San Diego, CA  92101
(619) 645-2681

☐ San Francisco District Office
**A** 1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☒ 111 North Market Street, Suite 810
**G** San Jose, CA 95113
(408) 277-1277

☐ 2101 East Fourth Street, Suite 255-B
**K** Santa Ana, CA  92705
(714) 558-4266

Date:        September 8, 2006

Case Name:   LAWRENCE SANTIAGO, JR. vs.
             BEST BUY STORES, LLP

EEOC No:     550-2006-01965

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

# EXHIBIT G

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 370-2006-00384 |

**California Department Of Fair Employment & Housing** ___ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Muembo Muanza | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BEST BUY STORES, L.P. | 500 or More | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 180 Donahue Street, Marin City, CA 94965 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest

12-02-2005

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s):

attached.

**RECEIVED**

DEC 02 2005

**EEOC-SFDO**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

| | |
|---|---|
| Date | Charging Party Signature |

NOTARY -- When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# STATEMENT

## EEOC CHARGE STATEMENT

I, MUEMBO MUANZA, state as follows:

1.

I am ___ years of age. I am African American. My Social Security number is ___. My date of birth is ___. I reside at ___ 94547. My telephone number is ___.

2.

My complaint is against Best Buy Stores, L.P. ("Best Buy"), headquartered at 7601 Penn Avenue South, Richfield, Minnesota 55423, and incorporated in Minnesota. I worked at the Best Buy location at 180 Donahue Street, Marin City, CA 94965. I began my employment with Best Buy on or about September 2004. My immediate supervisor is Mike Tamoua.

3.

Respondent is an entity with 15 or more employees during each of the last 20 calendar weeks.

4.

I, and other African American and Latino employees, have been subjected to race-based discrimination by Best Buy, including, among other things, discrimination with respect to compensation and promotions, unequal job assignments, unequal training opportunities, other terms and conditions of employment, and a hostile work environment. Best Buy maintains a discriminatory employment system that uses subjective criteria to prefer whites and to disadvantage African American and Latino employees and applicants for employment.

5.

Respondent's agents, including Mike Tamoua, Dave Clarke, Paul Mulig, Raymond Godbeer, are responsible for the discrimination and hostile work environment to which I was subjected, and for not taking all reasonable steps to prevent the discrimination and hostile work environment from occurring.

6.

## STATEMENT

I bring this charges on behalf of myself and other similarly situated African American and Latino employees and applicants for employment.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: __12 - 1__ , 2005

MUEMBO MUANZA

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Muembo Muanza

From: San Francisco District Office - 550
350 The Embarcadero
Suite 500
San Francisco, CA 94105

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 370-2006-00384 | Scott H. Doughtie, Investigator | (415) 625-5663 |

*(See also the additional Information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred __more than 2 years (3 years)__ before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michael [signature]* 10/2/06

H. Joan Ehrlich,
District Director

*(Date Mailed)*

Enclosure(s)

cc: Melinda S. Riechert
Partner
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306

Daniel M. Hutchinson
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Enclosure with EEOC
Form 161-B (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

### Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),

**PRIVATE SUIT RIGHTS --**

### or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02** -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

(SEE ADDRESS CHECKED BELOW)

☎ # (800) 700-2320

☐ **H**
1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ **C**
1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ **S/T**
611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☐ **M**
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ **E**
2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ **D**
1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☒ **A**
San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ **G**
111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277

☐ **K**
2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Date: December 2, 2005

Case Name: MUEMBO MUANZA vs. BEST BUY STORES, L.P.

EEOC No: 370-2006-00384

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency.".

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

# EXHIBIT H

## CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 370-2006-00416 |

### CA DEPT FAIR EMPLOYMENT AND HOUSING and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms. or Mrs.) | | HOME TELEPHONE (Include area code) |
|---|---|---|
| Mr. Maurice Calhoun | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY THAT I BELIEVE DISCRIMINATED AGAINST ME OR OTHERS. (If more than one, list under PARTICULARS below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| Best Buy, Inc. | Approx. 100,000 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 100 Dominos Street | Marin City, CA 94547 | Marin |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE ☒ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (specify)

| DATE DISCRIMINATION TOOK PLACE |
|---|
| EARLIEST          LATEST |
| December 7, 2005 |
| ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

(Please see attached)

# RECEIVED

DEC 07 2005

# EEOC-SFDO

| ☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 12-7-05          *Maurice Calhoun (Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

803.1

## Charge of Discrimination – Maurice "Mo" Calhoun

I.      I am African American. Best Buy hired me on or around October 25, 2003, and assigned me to do inventory in the back of the Marin City, California store. Later in my tenure with the company, I worked on the projects team, and in the mobile (phones) and digital imaging departments, which are both minor sales departments. Best Buy paid me less and assigned me fewer hours than white employees in comparable positions. Since my initial interview with Best Buy, I have repeatedly expressed an interest in a sales position. Although Best Buy managers told me that I am qualified for a sales position, Best Buy assigned me to inventory, projects, and minor sales departments where I received less pay than Best Buy employees in major sales departments.

Best Buy hired my as a permanent/part-time worker, but wrongfully classified me as a seasonal/occasional employee. This wrongful classification negatively affected my pay for months. For example, prior to my 90-day review the operations manager told me that I deserved the highest raise possible. However, when a manager evaluated me, Best Buy would not grant me a higher raise because Best Buy wrongly classified me as a seasonal/occasional employee.

When I first applied to Best Buy, I had three years of sales experience, including electronics sales. Although I had experience in sales and expressed my interest in sales during my initial interview, Best Buy placed me in inventory. Best Buy told me that this was the only position available, but white and Asian-American applicants started in computer sales around the same time. As an employee in Best Buy's inventory department, I was interested and available for transfer to sales and repeatedly expressed to my managers my interest in a transfer. When I expressed my interest in sales to the Best Buy general manager, operations manager, sales manager, and supervisor, they told me that Best Buy did not have any openings. While I worked in inventory, however, Best Buy hired dozens of white employees to fill vacancies in sales departments.

As an employee in Best Buy's inventory department, Best Buy assigned me fewer hours than white employees in comparable positions. Best Buy's operations manager told me that Best Buy assigned hours based upon a computer-generated schedule. However, white employees with similar availability routinely received 25-35 hours per week while I received 12-28 hours each week.

During my entire employment, Best Buy has paid me less than white employees in comparable positions. I have learned that white employees with fewer or comparable qualifications were and are receiving higher pay. In inventory and digital imaging, I trained new white employees who made more money than me. I raised this issue with my supervisor who talked with the general manager, Raymond Godbeer. The general manager said, "Do not talk to other employees about your pay."

Best Buy gives pay raises based upon yearly customer service evaluations performed by managers. Best Buy delayed my evaluation for six months, during which time I was "stuck" at my old pay rate. I have observed that other African-American and Latino employees also are paid less and receive fewer hours than white employees in comparable positions.

II.  I believe I have been discriminated against by Best Buy because of my race and/or color for the following reasons:  I was assigned to lower-paying positions than white employees with comparable qualifications.  I have received less compensation than white employees with comparable qualifications.  I was and am well qualified for a transfer to a major sales department but have been repeatedly passed over in favor of Whites with lesser experience and abilities.

III.  I believe that Best Buy has a pattern and practice of discriminating against its African-American and Latino employees in filling major sales, senior, supervisor and store management positions and by subjecting African-American and Latino employees to discrimination with respect to promotions, training, job assignments, and compensation in its stores nationwide.  I bring this charge on behalf of myself and other similarly situated African Americans and Latinos who have been denied promotional opportunities and paid less as a result of their race and/or color.

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Maurice Calhoun | From: San Francisco District Office - 550 |
|---|---|
| | 350 The Embarcadero |
| | Suite 500 |
| | San Francisco, CA 94105 |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 370-2006-00416 | Scott H. Doughtie, Investigator | (415) 625-5663 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

| ~ H. Joan Ehrlich, | 10/2/06 |
|---|---|
| District Director | *(Date Mailed)* |

Enclosure(s)

cc: Melinda S. Riechert
Partner
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306

Daniel M. Hutchinson
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

### Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),

**PRIVATE SUIT RIGHTS --**

### or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02** -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

☐ **H**
1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ **C**
1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ **S/T**
611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☐ **M**
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ **E**
2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ **D**
1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☒ **A**
San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ **G**
111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277

☐ **K**
2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Date:    December 8, 2005

Case Name:    MAURICE CALHOUN vs. BEST BUY,
INCORPORATED

EEOC No:    370-2006-00416

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to
the California Department of Fair Employment and Housing (DFEH) by the U.S.
Equal Employment Opportunity Commission (EEOC). The complaint will be filed
in accordance with California Government Code section 12960. This notice
constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will
not be conducting an investigation into this matter. EEOC should be contacted
directly for any discussion of the charge. DFEH is closing its case on the basis
of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue
notice. According to Government Code section 12965, subdivision (b), you
may bring a civil action under the provisions of the Fair Employment and
Housing Act against the person, employer, labor organization or employment
agency named in the above-referenced complaint. The lawsuit may be filed in a
State of California Superior or Justice Court. Government Code section 12965,
subdivision (b), provides that such a civil action must be brought within one
year from the date of this notice. Pursuant to Government Code section
12965, subdivision (d)(1), this one-year period will be tolled during the
pendency of the EEOC's investigation of your complaint. You should consult an
attorney to determine with accuracy the date by which a civil action must be
filed. This right to file a civil action may be waived in the event a settlement
agreement is signed. Questions about the right to file under federal law should
be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is
filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in
State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

# EXHIBIT I

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 370-2006-00203 |

**California Department Of Fair Employment & Housing** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Nicholas J. Dixon | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BEST BUY STORES, L.P. | 500 or More | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 180 Donahue Street, Marin City, CA 94965 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

| ☒ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
| ☒ RETALIATION | ☐ AGE | ☐ DISABILITY | ☐ OTHER (Specify below.) | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest

**01-31-2005**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

e attached.

**RECEIVED**

NOV 01 2005

**EEOC-SFDO**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

## EEOC CHARGE STATEMENT

I, NICHOLAS J. DIXON, state as follows:

**1.**

I am ⎸ years of age. I am Black. My Social Security number is ⎸ ⎸ My date of birth is ⎸ I reside at ⎸ ⎸ My home telephone number is ⎸

**2.**

My complaint is against Best Buy Stores, L.P. ("Best Buy"), headquartered at 7601 Penn Avenue South, Richfield, Minnesota 55423, and incorporated in Minnesota. I worked at the Best Buy location at 180 Donahue Street, Marin City, CA 94965. I began my employment at Best Buy's Marin City store on or about October 2003, and ended my employment with that store on or about January 2005. My job classification was cashier. My immediate supervisors were Janiece Knoblaugh and Terry Mason.

**3.**

I have been subjected to race-based disparate treatment by Best Buy, including, among other things, discrimination with respect to compensation, promotions, transfers, and the terms of conditions of my employment with Best Buy, including, but not limited to, unequal job assignments, unequal training opportunities, and unequal seniority.

When I was hired at the Marin City store in October 2003, I was told that I would be hired as a "permanent part-time" employee, but instead I was hired only as a "seasonal" employee. I received a starting salary of only $9.50 per hour, which I am informed and believe is a lower starting salary than non-minority employees. From February through August of 2004, despite repeated requests to be made full time or to be transferred to another position, I was unable to obtain a transfer to a position on the sales floor, which paid more than my cashier position, despite my positive performance reviews.

I did not receive a raise for the first six months of my employment despite my positive performance reviews, while I am informed and believe that non-minority employees with equivalent or lesser performance and experience did receive raises. My supervisors neglected to perform my performance review in a timely fashion; this prevented me from moving into a full-time position and delayed any chance I had at obtaining a raise. In March 2004, after six months on the job, and after repeated requests on my part, my hourly wage finally was raised only $0.21 per hour. I was told that this $0.21 was the highest raise I could receive, while I am informed

and believe that non-minority employees with equivalent or lesser performance and experience received larger raises. In addition, I have found nothing in Best Buy's employee handbook that discusses this raise "cap." Three months later, that raise was increased by $1 per hour. It was only in August 2004, ten months after I began working for Best Buy, and after repeated requests, that I was made a full-time employee.

Following my requests for a raise, which began in February 2004, I was retaliated against for making those requests. Beginning in February 2004, I was given verbal warnings for wearing my hair down, while other employees were not warned when wearing their hair in a similar fashion. I was also singled out for verbal discipline in a meeting with my supervisors. I am informed and believe that these incidents of discipline were racially motivated and that non-minority employees were not subject to such discipline.

I was subjected to racially charged comments throughout my employment with Best Buy. Throughout my employment with Best Buy, I received more severe punishments than non-minority employees for similar conduct. Throughout my employment with Best Buy, I performed the same work as other employees who were paid higher wages than I was.

In January 2005, when I attempted to transfer between Best Buy stores, I lost seniority, tuition assistance benefits, vacation time and other benefits despite my manager's assurance that I would be able to retain those benefits. In January 2005, because of my treatment by Best Buy, I felt that I had no choice but to leave the Marin City Best Buy store; I felt that I was effectively discharged by Best Buy.

I am informed and believe that Best Buy has a nationwide and company-wide pattern and practice of discrimination against its African-American and Latino employees, including discrimination in hiring, promotions, compensation and the terms and conditions of employment. I am further informed and believe that the discrimination was and is the result of nationwide and company-wide policies, procedures and practices that have a disparate impact on the basis of race. I bring this charge on behalf of myself and other similarly situated African-Americans and Latinos who have been denied hiring and promotional opportunities, paid less, subject to differential discipline, and retaliated against as a result of their race.

4.

During my employment at Best Buy, I have repeatedly complained to company officials regarding the discrimination. Despite these complaints, Best Buy officials have done little or nothing to address my concerns.

5.

Best Buy has retaliated against me for complaining about race-based discrimination.

## STATEMENT

### 6.

Best Buy's agents, including Janicce Knoblaugh, Terry Mason and Jim Bowles, are responsible for the discrimination to which I was subjected, and for not taking all reasonable steps to prevent this discrimination from occurring.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _OCT 31_ , 2005

_Nicholas J. Dixon_
NICHOLAS J. DIXON

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Nicholas J. Dixon | From: San Francisco District Office - 550 |
|---|---|
| | 350 The Embarcadero |
| | Suite 500 |
| | San Francisco, CA 94105 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 370-2006-00203 | Scott H. Doughtie, Investigator | (415) 625-5663 |

NOTICE TO THE PERSON AGGRIEVED:

*(See also the additional information enclosed with this form.)*

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michael Baldonado*

~~H. Joan Ehrlich,~~
H. Joan Ehrlich,
District Director

10/2/06
*(Date Mailed)*

Enclosure(s)

cc:  Melinda S. Riechert
Partner
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306

Daniel M. Hutchinson
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**   ### Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),

### or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within</u>
<u>90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an
attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her
the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is
prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the
Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the office
of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make
legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:
backpay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible.
For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit
<u>before 7/1/02</u> -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if
you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed
within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having
jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such
assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to
explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day
period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have
any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need
to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and
provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all
charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to
review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any
request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# ARTMENT OF FAIR EMPLOYMENT & HOUSING

SEE ADDRESS CHECKED BELOW)

TY # (800) 700-2320

100J Tower Way, Suite 250
Bakersfield, CA 93309
(661) 695-2729

1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

611 West Sixth Street, Suite 1500
Los Angeles, CA  90017
(213) 439-6799

1515 Clay Street, Suite 701
Oakland, CA  94612
(510) 622-2941

2000 "O" Street, Suite 120
Sacramento, CA  95814
(916) 445-5523

1350 Front Street, Suite 3005
San Diego, CA  92101
(619) 645-2681

San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA  94612
(510) 622-2972

111 North Market  Street, Suite 810
San Jose, CA  95113
(408) 277-1277

2101 East Fourth  Street, Suite 255-B
Santa Ana, CA  92705
(714) 558-4266

| | |
|---|---|
| EEOC NUMBER: | 370-2006-00203 |
| CASE NAME : | NICHOLAS J. DIXON  v. |
| | BEST BUY STORES. L.P. |
| D A T E : | November 10, 2005 |

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

No response to the DFEH is required by the respondent.

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

# EXHIBIT J

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>■ EEOC | 550-2006-00788 |

### CA DEPT FAIR EMPLOYMENT AND HOUSING and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Ms. or Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Susan Myers-Snyder | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| | | |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY THAT I BELIEVE DISCRIMINATED AGAINST ME OR OTHERS.** (If more than one, list under PARTICULARS below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Best Buy, Inc. | Approx. 100,000 | (909) 885-4049 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 888 Harriman Place<br>San Bernadino, CA  92408 | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ■ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br><br>☐ RETALIATION  ■ AGE  ☐ DISABILITY  ☐ OTHER (specify) | EARLIEST          LATEST<br>August 2005    February 2006<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

(Please see attached)

**RECEIVED**

APR 11 2006

**EEOC-SFDO**

| ■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
| 03/23/2006        *Susan Myers-Snyder*<br>Date               Charging Party (signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

5090.1

## Charge of Discrimination – Susan Myers-Snyder

I.      I am a      ·year-old woman. Best Buy refused to hire me in or around August 2005. Although I am well qualified, Best Buy denied my application for employment.

Best Buy refused me employment despite my extensive expertise and training at a major electronics retailer. I worked for approximately sixteen years at Circuit City. Through my skill and training, I received successive promotions and served as Customer Service Manager at the Circuit City store in San Bernadino, California for 1 ½ years. I voluntarily stepped down to serve as a Customer Service Lead in a store closer to my home. As the Customer Service Lead, I have extensive job duties that include training new employees, pre-qualifying and processing credit applications, working with customers, reviewing purchases, settling disputes, and overseeing 8-12 employees on a daily basis. I work with my operations manager to evaluate these employees and generally ensure that the store functions well. I maintain excellent relations with my current and former co-workers. One such co-worker left Circuit City to become a manager at Best Buy and encouraged me to move to Best Buy. While I am happy at my current job, I decided to apply to Best Buy because they have better benefits.

When I applied to work at Best Buy, I believed I had an excellent opportunity to get hired. I had 16 years of relevant experience and a friend – a current Best Buy customer service manager – assured me that Best Buy had job openings for customer service manager, supervisor, and cashier positions. Before moving to Best Buy, my manager friend worked as a Customer Service Lead at Circuit City – the exact same job that I held. Despite my extensive expertise and training, I applied for supervisor, manager, *and* cashier. Even though I was overqualified to become a cashier, I wanted to increase my chances of getting hired.

I completed the online application, listing my experience in customer service at Circuit City and other employers such as Clark's Drugs. I completed Best Buy's computer test that required me to answer customer service, inventory control, management, and sales questions. The test also had several questions about my morals and attitude, including questions like "What would you do if you saw someone stealing?"

I waited for a response from Best Buy, but they never responded to my application, never contacted me for an interview, and never told me why they refused to consider my application. I called my manager friend who told me that the hiring/prescreening manager handled all applications and had no idea why no one called me for an interview. I finally called Best Buy in late February 2006 and directly asked a manager whether Best Buy planned to interview me, hire me, or consider my application. Best Buy stated that they did not know. I understood that Best Buy's failure to respond to my application to mean that Best Buy had no intention of hiring me.

II. I believe I have been discriminated against by Best Buy because of my sex for the following reason: I was and am well qualified for employment at Best Buy, but was passed over in favor of applicants with lesser experience and abilities.

III. I believe that Best Buy has a pattern and practice of discriminating against its female applicants in filling all employment positions, including major sales, senior, supervisor and store management positions. I bring this charge on behalf of myself and other similarly situated

women who have been denied employment opportunities as a result of their sex and/or age.

STATE OF CALIFORNIA - State and Consumer Services Agency

ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320.

☐ **H**
1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ **C**
1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☒ **S/A**
611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☐ **M**
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ **E**
2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ **D**
1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☐ **A**
San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ **G**
111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277

☐ **K**
2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Date: May 11, 2006

Case Name: SUSAN MYERS-SNYDER vs.
BEST BUY, INCORPORATED

EEOC No: 550-2006-00788

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Susan Myers-Synder

From:  San Francisco District Office - 550
350 The Embarcadero
Suite 500
San Francisco, CA 94105

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2006-00788 | Scott H. Doughtie, Investigator | (415) 625-5663 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[X] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

for  H. Joan Ehrlich,
District Director

11/21/06
*(Date Mailed)*

Enclosure(s)

cc:  Deborah B. Hoetger
Morgan, Lewis & Bockius LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071

Daniel M. Hutchinson
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339