ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASMEN HOLLOWAY, AMY GARCIA, CHERYL CHAPPEL, ERIC BLACKSHER, JESSICA TREAS, LAWRENCE SANTIAGO, JR., MUEMBO MUANZA, MAURICE CALHOUN, NICHOLAS DIXON, and SUSAN MYERS-SNYDER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BEST BUY CO., INC., and BEST BUY STORES, L.P. <br><br> Defendant. | Case No.  C 05-05056 PJH (MEJ) <br><br> [Hon. Phyllis J. Hamilton] <br><br> **STIPULATION AND [P~~ROPOSE~~D] ORDER REGARDING:** <br><br> 1. **FILING OF THIRD AMENDED COMPLAINT;** <br><br> 2. **DISMISSAL OF INDIVIDUAL CLAIMS WITH PREJUDICE; AND** <br><br> 3. **DISMISSAL OF CLASS CLAIMS WITHOUT PREJUDICE** <br><br> Action filed:  December 8, 2005 |

1. WHEREAS, the parties have engaged in extensive meet and confer efforts regarding the merits of Plaintiffs' individual and class claims;

2. WHEREAS, pursuant to stipulation and order, on February 12, 2008, the named Plaintiffs ("Plaintiffs") filed a Second Amended Complaint narrowing and refining the case;

3. WHEREAS, Plaintiffs wish to file a Third Amended Complaint ("TAC") further narrowing the scope of class claims at issue;

4. WHEREAS, pursuant to the Court's July 12, 2007 Order, Plaintiffs may amend the complaint after January 31, 2008, if Best Buy so stipulates or the Court so orders;

5. WHEREAS, the filing of the Third Amended Complaint will not delay the class certification briefing schedule;

6. WHEREAS, Plaintiffs are only asserting class claims identified in paragraphs 133-136, 140-142, 146-149, 153-156, and 160-163 of the TAC, to wit, class claims for discrimination with respect to: (1) entry-level hiring, exempt compensation, unequal job assignments, and promotions/transfers to retail, store level positions for African Americans; (2) exempt compensation, unequal job assignments, and promotions/transfers to retail, store level positions for women; and (3) unequal job assignments and promotions/transfers to retail, store level positions for Latinos. "Entry-level" refers to jobs previously or currently defined at Best Buy as grade 2 or grade 3 positions and any similar jobs in the future. Promotions/transfers are defined as: (1) advancement in grade with a change in job; (2) move from occasional/seasonal to permanent position (on behalf of African Americans only); and (3) move from part-time to full-time (on behalf of African Americans only);

7. WHEREAS, Plaintiffs have dismissed and are dismissing without prejudice any other class claims not specified in Paragraph 6 above previously brought in the original, First, or Second Amended Complaint, including without limitation any and all claims on behalf of deterred applicants; any and all claims for race, color, or national origin discrimination on behalf of Asian Americans; claims of race, color, or national origin discrimination on behalf of Latinos with respect to exempt compensation and hiring; claims of gender discrimination on behalf of women with respect to hiring; and claims for recruiting, testing, non-exempt compensation, and

allocation of hours.  This stipulation does not operate to dismiss any other class claims alleged in the original, first, second, or third amended complaints, and specifically does not dismiss the class claims of African-American women alleging that they have been discriminated against on the basis of race, color, and/or national origin with respect to hiring, and does not dismiss the class claims of women of all races/colors/national origins (including Asian-American and Latina women) alleging that they have been discriminated against on the basis of gender with respect to job assignments, promotion/transfer, and exempt compensation.

8. WHEREAS, Plaintiffs have received no consideration of any form for the voluntary dismissal of the foregoing class claims, and the parties have engaged in no trade-offs between compensatory or structural relief or depleted any limited funds available to pay any purported class claims;

9. WHEREAS, the voluntary dismissal without prejudice of these class claims will not result in injury to absent putative class members who may continue to bring administrative or judicial claims in their own behalf, as allowed by law;

10. WHEREAS, Plaintiffs are only asserting individual claims to the extent they are co-extensive with the class claims asserted in the proposed TAC and defined in Paragraph 6 above;

11. WHEREAS, any other references to allegedly discriminatory practices or events in other parts of the TAC that are not co-extensive with the class claims identified in paragraphs 133-136, 140-142, 146-149, 153-156, and 160-163 of the TAC, including, but not limited to paragraphs 46 through 120, are allegations of Plaintiffs' alleged experiences at Best Buy and/or are allegations that Plaintiffs contend constitute evidence of a general pattern and practice of discrimination at Best Buy, for which the Plaintiffs have not and are not making any separate claim for relief.

12. WHEREAS, in light of the foregoing stipulations, neither party will file a motion for summary judgment as to Plaintiffs' individual claims prior to this Court's decision on class certification;

THEREFORE, the parties hereby stipulate to the following, and request that the Court so order:

1. Plaintiffs may file the Third Amended Complaint, attached hereto as Exhibit 1. The Third Amended Complaint will be deemed filed and served on the date this Court enters the [Proposed] Order below.

2. Best Buy shall have 30 days to respond to the Third Amended Complaint.

3. All class claims asserted in the original Complaint, First Amended Complaint or Second Amended Complaint, with the exception of the class claims identified in paragraphs 133-136, 140-142, 146-149, 153-156, and 160-163 of the TAC have been or are hereby dismissed without prejudice.

4. Plaintiffs are only asserting individual claims that are co-extensive with the class claims, to wit, those identified in paragraphs 133-136, 140-142, 146-149, 153-156, and 160-163 of the TAC, to wit, class claims for discrimination with respect to: (1) entry-level hiring, exempt compensation, unequal job assignments, and promotions/transfers to retail, store level positions for African Americans; (2) exempt compensation, unequal job assignments, and promotions/transfers to retail, store level positions for women; and (3) unequal job assignments and promotions/transfers to retail, store level positions for Latinos.

5. Any other references in the TAC to allegedly discriminatory practices or events that are not co-extensive with the class claims identified in paragraphs 133-136, 140-142, 146-149, 153-156, and 160-163 of the TAC contained in paragraphs 46 through 120, are allegations of the representative Plaintiffs' alleged experiences at Best Buy and/or are allegations that Plaintiffs contend constitute evidence of a general pattern and practice of discrimination at Best Buy, and are not individual claims asserted by the Plaintiffs.

6. Best Buy reserves all rights to argue in opposition to Class Certification or at trial that any of the alleged "descriptive" individual allegations asserted by the Plaintiffs anywhere in the TAC are, *inter alia*, unfounded, irrelevant, and inadmissable.

7.      Plaintiffs reserve all rights to argue that the descriptive individual allegations asserted by the Plaintiffs, whether or not coextensive with the class claims, are relevant and admissible at all stages of proceeding.

8.      Plaintiff Jasmen Holloway has never brought, and is not asserting, any individual claims for discriminatory training, demotions, retaliation, assignment of hours, non-promotion to administrative corporate positions and/or termination, despite her allegations in paragraphs 46-56 of the TAC.  Any individual claims of Plaintiff Holloway for discriminatory non-exempt compensation are dismissed with prejudice.

9.      Plaintiff Amy Garcia has never brought, and is not asserting, any individual claims for discriminatory training, demotions, retaliation, non-promotion to administrative corporate positions and/or termination, despite her allegations in paragraphs 59-64 of the TAC.  Any individual claims of Plaintiff Garcia for discriminatory non-exempt compensation or assignment of hours are hereby dismissed with prejudice.

10.     Plaintiff Cheryl Chappel has never brought, and is not asserting, any individual claims for discriminatory training, demotions, retaliation, assignment of hours and/or non-promotion to administrative corporate positions despite her allegations in paragraphs 67-71 of the TAC.  Any individual claims of Plaintiff Chappel for discriminatory non-exempt compensation are dismissed with prejudice.  Plaintiff Chappel continues to assert claims for discrimination with respect to exempt compensation.

11.     Plaintiff Jessica Treas has never brought, and is not asserting, any individual claims for discriminatory training, demotions, retaliation, assignment of hours, non-promotion to administrative corporate positions and/or termination, despite her allegations in paragraphs 79-86 of the TAC.  Any individual claims of Plaintiff Treas for discriminatory non-exempt compensation are dismissed with prejudice.  Plaintiff Treas continues to assert claims for discrimination with respect to exempt compensation.

12.     Plaintiff Lawrence Santiago, Jr. has never brought, and is not asserting, any individual claims for discriminatory training, demotions, retaliation, non-promotion to administrative corporate positions and/or termination, despite his allegations in paragraphs 89-96

1  of the TAC.  Any individual claims of Plaintiff Santiago for discriminatory non-exempt
2  compensation and assignment of hours are dismissed with prejudice.

3      13.    Plaintiff Muembo Muanza has never brought, and is not asserting, any individual
4  claims for discriminatory training, demotions, retaliation, non-promotion to administrative
5  corporate positions and/or termination, despite his allegations in paragraphs 99-103 of the TAC.
6  Any individual claims of Plaintiff Muanza for discriminatory non-exempt compensation and
7  assignment of hours are dismissed with prejudice.

8      14.    Plaintiff Maurice Calhoun has never brought, and is not asserting, any individual
9  claims for discriminatory training, demotions, retaliation, non-promotion to administrative
10 corporate positions and/or termination, despite his allegations in paragraphs 106-110 of the TAC.
11 Any individual claims of Plaintiff Calhoun for discriminatory non-exempt compensation or
12 assignment of hours are dismissed with prejudice.

13     15.    Plaintiff Nicholas Dixon has never brought, and is not asserting, any individual
14 claims for discriminatory training, demotions, retaliation, non-promotion to administrative
15 corporate positions and/or termination, despite his allegations in paragraphs 113-118 of the TAC.
16 Any individual claims of Plaintiff Dixon for non-exempt compensation and assignment of hours
17 are dismissed with prejudice.

18     16.    All individual and class claims of Plaintiff Susan Myers-Snyder with respect to
19 gender discrimination in hiring are dismissed without prejudice.

20     17.    The statute of limitations on all claims asserted by Plaintiff Susan Myers-Snyder in
21 the Second Amended Complaint is tolled for 15 days from the date this Stipulation and
22 [Proposed] Order is entered.

23     18.    General references to "denials and abridgments of employment opportunities
24 suffered by the Representative Plaintiffs," for example in paragraph 23 of the TAC, are not
25 intended to raise individual claims that are not co-extensive with the class claims identified in
26 paragraphs 133-136, 140-142, 146-149, 153-156, and 160-163 of the TAC.

27     19.    Each party shall bear its own fees and costs with respect to any dismissed claims.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

20. Neither party shall file a motion for summary judgment as to Plaintiffs' individual claims until the Court has ruled upon Plaintiffs' motion for class certification.

Dated: January 6, 2009                    ALTSHULER BERZON LLP

                                          By:    /s/ Eve H. Cervantez
                                                 Eve H. Cervantez

                                          James M. Finberg (SBN 114850)
                                          Eve H. Cervantez (SBN 164709)
                                          Jamie L. Crook (SBN 245757)
                                          ALTSHULER BERZON LLP
                                          177 Post St., Suite 300
                                          San Francisco, CA 94108
                                          Telephone: 415-421-7151
                                          Facsimile: 415-362-8064

                                          Bill Lann Lee (SBN 108452)
                                          Vincent Cheng (SBN 230827)
                                          Lindsay Nako (SBN 239090)
                                          LEWIS, FEINBERG, LEE, RENAKER &
                                          JACKSON
                                          1330 Broadway, Suite 1800
                                          Oakland, CA 94612
                                          Telephone: 510-839-6824
                                          Facsimile: 510-839-7839

                                          Todd M. Schneider (SBN 158253)
                                          Guy B. Wallace (SBN 176151)
                                          Clint J. Brayton (SBN 192214)
                                          Nancy Park (SBN 236750)
                                          SCHNEIDER & WALLACE
                                          180 Montgomery Street, Suite 2000
                                          San Francisco, CA 94104
                                          Telephone: (415) 421-7100
                                          Facsimile: (415) 421-7105

                                          Kelly M. Dermody (SBN 171716)
                                          Daniel M. Hutchinson (SBN 239458)
                                          Barbra L. Williams (SBN 249967)
                                          LIEFF, CABRASER, HEIMANN
                                             & BERNSTEIN, LLP
                                          Embarcadero Center West
                                          275 Battery Street, 30th Floor
                                          San Francisco, CA 94111-3339
                                          Telephone: (415) 956-1000
                                          Facsimile: (415) 956-1008

                                          *Attorneys for Plaintiffs*

| | |
|---|---|
| Dated: January 6, 2009 | ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br><br>By:    /s/ Roman M. Silberfeld<br>        Roman M. Silberfeld<br><br>Roman M. Silberfeld, Bar No. 62783<br>Lisa L. Heller, Bar No. 126086<br>David Martinez, Bar No. 193183<br>Benjamin M. Weiss, Bar No. 223163<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br>2049 Century Park East, Suite 3700<br>Los Angeles, CA 90067-3211<br>Telephone: (310) 552-0130<br>Facsimile: (310) 229-5800<br><br>George A. Stohner (SBN 214508)<br>Paul Evans (pro hac vice)<br>MORGAN, LEWIS & BOCKIUS, LLP<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071-3132<br>Telephone: (213) 612-2500<br>Facsimile: (213) 612-2501<br><br>*Attorneys for Defendants Best Buy Co., Inc. and Best Buy Stores, L.P.* |

### [PROPOSED] ORDER

Pursuant to Stipulation, it is hereby ORDERED.

DATED:    1/8/09                                             

*IT IS SO ORDERED*
*[signature]*
*Judge Phyllis J. Hamilton*
*UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*