UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASMEN HOLLOWAY, et al.,

    Plaintiffs,

v.

BEST BUY CO., INC., et al.,

    Defendants.
_____/

No. C 05-5056 PJH

**ORDER**

On February 11, 2009, plaintiffs in the above-entitled action filed their motion for certification of a plaintiff class.  The chambers copies submitted at that time were presented in a format that was completely useless to the court.  Accordingly, the courtroom deputy contacted plaintiffs' counsel and directed them to pick up the chambers copies, re-format them, and re-submit them.

On April 8, 2009, defendants filed their opposition to plaintiffs' motion for class certification, and submitted chambers copies of their opposition papers.  The court has reviewed the chambers copies, and finds that they are not in usable format.  As this now appears to be a systemic problem, the court finds it advisable to issue a written order, rather than contacting counsel informally as before.

As an initial matter, the parties should take notice that the court will not consider the contents of any chambers copy that is not in usable format.  A document that is in "usable format" is one that is usable by the court for its intended purpose.  For example, a stack of

loose paper wrapped with a rubber band, or fastened with a paper clip or a binder clip, is not in usable format.

For a memorandum of points and authorities or other document that can be stapled, "usable format" means that the document is stapled in the upper-left-hand corner. For a document that is too thick to be stapled securely, "usable format" means that the document is two-hole punched at the top, and is fastened with a prong-type fastener. The prongs of the fastener must be long enough to hold the pages together securely. **That means that a prong that is 1 1/4 inches long is not sufficient to fasten a document that is 1 1/8 inches thick.** In addition, any exhibits to declarations or requests for judicial notice must be tabbed.

The chambers copies submitted by defendants are not in usable format for the following reasons:

1. The chambers copy of the memorandum of points and authorities in support of defendants' opposition to plaintiffs' motion for class certification is not complete and therefore is not in usable format. The copy provided for the court's use contains numerous redactions, and the court is not able to consider defendants' arguments if it cannot read them. It is possible that an unredacted copy of the opposition brief resides somewhere in the **four** banker's boxes of envelopes containing documents that defendants are seeking to have filed under seal. The court, however, does not have the resources to search through the hundreds of sealed envelopes in those **four** boxes in order to locate the brief in time to read and consider it prior to the hearing on the class certification motion.

2. The Declaration of Lisa L. Heller and the exhibits attached thereto are not in usable format because certain exhibits are not properly tabbed and identified, the "demonstrative exhibits" themselves refer to documents by Bates numbers, not exhibit numbers, and the declaration does not adequately describe all the documents.

First, certain exhibits are not properly tabbed and identified. While the main exhibits (Exhibits A through III) are tabbed, ten of those main exhibits (Exhibits A through J) themselves include numerous exhibits (or "sub-exhibits"). According to the Heller

Declaration, Exhibit A includes 24 sub-exhibits, Exhibit B includes 30 sub-exhibits, Exhibit C includes 102 sub-exhibits, Exhibit D includes 32 sub-exhibits, Exhibit E includes 7 sub-exhibits, Exhibit F includes 24 sub-exhibits, Exhibit G includes 9 sub-exhibits, Exhibit H includes one or possibly more sub-exhibits, Exhibit I includes 4 sub-exhibits, and Exhibit J includes 10 sub-exhibits.

Those 243 sub-exhibits are not tabbed, and no description is provided in either the Heller Declaration or the respective main exhibit. (The fact that the Declaration of Benjamin M. Weiss in support of defendants' motion to file documents under seal contains a description of some – but not all – of the sub-exhibits is not sufficient to correct this deficiency, as the Weiss Declaration pertains to a different motion.) Thus, as the court is unable to locate any particular sub-exhibit within Exhibits A through J, and cannot in any event ascertain what a particular sub-exhibit is, those exhibits and sub-exhibits are not in usable format.

Second, Exhibits A through J are not attached to their respective sub-exhibits. Instead, they are attached to the Heller Declaration, and the sub-exhibits are separately bound. Moreover, the references in Exhibits A through J are to the Bates numbers of the sub-exhibits, not to the sub-exhibit numbers. As the court cannot easily locate the corresponding sub-exhibits, and has no way to locate sub-exhibits based on Bates numbers, Exhibits A through J are not in usable format.

Third, the Heller Declaration fails to adequately describe a number of the main exhibits. For example, Exhibits NN through DDD are described as "true and correct copies of [Bates number of document]." This is description is unhelpful (not to mention deficient from an evidentiary perspective). Moreover, several of the documents in this group of exhibits display individual social security numbers, in violation of Civil Local Rule 3-17.

Defendants shall contact Nichole Heuerman, Courtroom Deputy to the undersigned, to arrange for the pick-up of all chambers copies submitted in connection with defendants' opposition to plaintiffs' class certification motion. No later than April 22, 2009, defendants shall submit revised chambers copies, as indicated above. The court will consider the

contents of the chambers copies only if they are submitted in usable format.

Both plaintiffs and defendants shall also consider reducing the number of documents they are seeking to have filed under seal.  It is unlikely that the court will grant either plaintiffs' request or defendants' request in its entirety.  See Pintos v. Pacific Creditors Ass'n, 504 F.3d 792, 801-03 (9th Cir. 2007) (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) ("compelling reason standard" applies in dispositive motions, which are to be distinguished from nondispositive motions, or motions that are unrelated, or only tangentially related, to the underlying cause of action). Moreover, it is unlikely that the court will have the time within the next 6-8 months to review the **four** banker's boxes of documents that defendants seek to have filed under seal, plus the **two** banker's boxes of documents that plaintiffs seek to have filed under seal.

Finally, in view of the vast quantity of paper that both sides have presented to the court in conjunction with the motion for class certification and other pending motions, the parties should be on notice that the court may find it necessary to continue the class certification hearing date.

**IT IS SO ORDERED.**

Dated:  April 15, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

4