UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASMEN HOLLOWAY, et al.,

    Plaintiffs,

v.

BEST BUY CO., INC., et al.,

    Defendants.

_____/

No. C 05-5056 PJH

**ORDER STAYING RULING ON CLASS CERTIFICATION MOTION; REQUESTING ADDITIONAL BRIEFING; DENYING SEALING REQUESTS**

    Plaintiffs' motions for class certification and for appointment of counsel and defendant's motions to strike came on for hearing before the court on June 3, 2009. Since that date the court has endeavored unsuccessfully to issue a dispositive ruling on the pending matters. Although the court has spent considerable time revisiting and reviewing the parties' papers and arguments, the court now concludes that despite careful consideration of the relevant legal authority already presented by the parties, there are significant legal issues that remain either unresolved or insufficiently briefed by the parties – the collective impact of which is to prevent the court from issuing a dispositive ruling on the motions at the present time, absent additional guidance from the Court of Appeal and additional briefing by the parties.

    As is well established, the parameters of the court's class certification analysis are dictated by Federal Rule of Civil Procedure ("FRCP") 23(a) and (b). Under FRCP 23(a), plaintiffs must satisfy numerosity, commonality, typicality, and adequacy. See Fed. R. Civ. P. 23(a)(1-4). In addition to demonstrating these requirements, plaintiffs must also satisfy one of the requirements of FRCP 23(b). Here, plaintiffs generally seek certification of a nationwide class of Best Buy's past, present, and future employees and applicants who are

members of protected gender and minority classes, and who have been subjected to Best Buy's discriminatory policies and practices in hiring, job assignments, promotions and exempt compensation decisions. As with any class certification motion, plaintiffs' motion is premised on argument and proffered evidence which they believe establish compliance with all requirements for certification under both FRCP 23(a) and (b). The court concludes, however, that there are significant barriers to issuance of a dispositive certification ruling as to both 23(a) and (b) factors.

In regards to FRCP 23(a), and in particular with respect to any analysis of commonality and typicality, the two factors most strongly disputed by defendants, the court has determined that such analysis should be informed by the Ninth Circuit's anticipated en banc ruling in Dukes v. Wal-Mart, Inc., See, e.g., 556 F.3d 919 (9th Cir. 2009). As plaintiffs' opening brief – which relied heavily on the 2007 panel decision in the case – made clear, the Dukes v. Wal-Mart action is directly on point. It, too, considered the propriety of class certification of a large-scale nationwide class of past and present employees alleging discriminatory pay and promotions policies. There, as here, plaintiffs sought to satisfy the commonality requirement of FRCP 23(a) by introducing evidence of: company wide/central policies and practices; expert sociological opinion regarding the vulnerability of such policies to discriminatory bias; statistical evidence regarding disparities between the plaintiff class and other employees in terms of compensation and promotion; and anecdotal evidence of defendant's alleged "pattern and practice" of discrimination. And plaintiffs there, as they do here, also relied on proof of managers' subjective decision making in demonstrating commonality. Additionally, plaintiffs in both cases relied on a FRCP 23(b)(2) showing to meet the second requirement for certification.

In 2007, a majority of the three judge panel affirmed the district court's certification of the plaintiff class in Dukes, taking the occasion to provide an in depth analysis of commonality and typicality, as well as an evaluation of the same type of evidence plaintiffs rely on in this case. For the reasons noted above, that analysis would be particularly useful

here. In granting en banc review of the case, however, the Ninth Circuit has removed from this court's consideration, the panel's conclusions about the ultimate value of plaintiffs' proffered evidence in Dukes – and the proper inferences to be drawn therefrom. In this court's opinion the en banc ruling to be issued by the Ninth Circuit in Dukes is therefore likely to impact the scope of the 23(a) analysis in this case.

To be sure, there are significant differences between the present action, and the Dukes case. While the size of the plaintiff class in Dukes far exceeded the size of the potential class alleged here, the certification issues under 23(a) – commonality, typicality, adequacy – are more complex in the present action, as plaintiffs here seek to press differing race discrimination claims in addition to gender discrimination claims, in connection with job assignments, hiring, pay and promotions decisions. Thus, any analysis may also be more complex, and certification a loftier goal in light of the additional complexity. Nonetheless, in view of the similarities in the evidentiary showing proffered by plaintiffs in both cases, the en banc ruling in Dukes may very well be dispositive as to certain issues under 23(a) raised by plaintiffs here, and even if not dispositive, will undoubtedly provide valuable guidance for this court in ruling on the pending motions. In view of the likely utility of the en banc decision to the issues pending in these motions, the court has decided to stay the certification ruling in this action pending the en banc decision.

The court also lacks sufficient information to properly analyze plaintiffs' showing under FRCP 23(b). Plaintiffs have relied on FRCP 23(b)(2) for class certification, which requires the court to determine whether the primary relief being sought by the plaintiff class is injunctive and/or declaratory in nature. See, e..g, Molski v. Gleich, 318 F.3d 937, 947 (9th Cir. 2003); Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1195 (9th Cir. 2001)("[c]lass certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive"). Under the present record, however, the court is unable to ascertain as much. As pled, plaintiffs seek not only injunctive and declaratory relief, but also significant monetary relief in the form of front pay, back pay and punitive

damages. While the presence of a request for significant monetary relief makes it difficult to determine whether the qualitative value of injunctive and declaratory relief predominates over plaintiffs' requests for monetary relief, this inquiry is rendered nearly impossible by the fact that plaintiffs seek injunctive and declaratory relief on behalf of *former* employees and past *applicants* in addition to present and future employees, without distinction as to the number of plaintiffs who fall into any category.

This is problematic because, with respect to former employees who were no longer employed by Best Buy at the time plaintiffs' complaint was filed, and past applicants who had never been employed by Best Buy at the time the complaint was filed, standing to bring suit for injunctive and declaratory relief is most probably lacking. See, e.g., Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033, 1037 (9th Cir. 2006)(recognizing that former employees lack standing to seek injunctive relief because they "would not stand to benefit from an injunction requiring the anti-discriminatory policies [to cease] at [their] former place of work"); Am. Civil Liberties Union of Nev. v. Lomax, 471 F.3d 1010, 1015 (9th Cir. 2006) (when evaluating whether standing is present, a court must look at the facts as they exist at the time the complaint was filed). Thus, the propriety of certification under FRCP 23(b)(2) may be impacted depending upon the remaining size of the plaintiff class that *does* have standing (i.e., present employees and/or current applicants at the time plaintiffs' complaint was filed). As a result, and without additional information from both parties' with respect to the numbers of class members who fall into each of the present/former/employee/applicant categories, the ultimate propriety of certification under FRCP 23(b)(2) remains unclear.[1] Additionally, neither party addressed in their briefs how the court's grant of defendants' motion for judgment on the pleadings effects the size of the proposed class or the various categories referenced above, information that is also necessary to the class certification question.

---

[1] The court requested this information at the hearing, but does not recall of which party the request was made. In any event, the information has been provided by neither.

4

In addition, the court's review of the parties' arguments has illuminated a further issue that counsels against an immediate ruling on class certification. Plaintiffs seek certification of the proposed class as to liability only and not as to damages or remedies. Indeed, plaintiffs' papers appear to presume that whether to proceed in a single or a bifurcated proceeding was not within the authority of the court to decide. As noted at the hearing, plaintiffs filed no motion to bifurcate liability from damages, and have not otherwise substantively addressed the preliminary question whether liability *should* be bifurcated from damages in the first place.[2] Without such explanation, the court is without a clear understanding of how, precisely, certification of a liability phase would affect the class members' ability to prove their claims as a whole or defendants' ability to defend. Plaintiffs have not, for example, adequately addressed how monetary relief (including back pay, front pay and punitive damages) would be managed if they were to prevail at the liability stage. While they argue that a generic formula can be devised to determine monetary damages on a class-wide basis, the court is not entirely persuaded that a generic formula is appropriate for this case given the wide diversity of the class and the claims.

Notwithstanding plaintiffs' reliance on case law that carves out exceptions to the general rule that individualized remedies must normally be provided for each claimant, the court remains concerned that plaintiffs' formula-based approach is inadequately individualized. In short, without stronger, and more targeted substantive arguments and pertinent legal authority regarding the impact of bifurcation on the class as a whole and the propriety of separately determining monetary relief via generalized statistical evidence on a class wide basis, the court is unprepared to accept plaintiffs' conclusory argument that certification of a class for liability purposes only is warranted. The court also notes that plaintiffs' attempt to proceed in a bifurcated fashion is another way in which the class certification question here is more complex than in Dukes.

---

[2] Although plaintiffs note in a passing reference made by way of a footnote that "[c]ourts regularly bifurcate liability and remedies phases in employment discrimination class actions," the court finds this conclusory statement insufficient to adequately address the issue.

5

All the foregoing concerns – the unresolved nature of pending legal issues relevant to 23(a) factors, the lack of information regarding the make-up of the proposed injunctive relief class, and the lack of clarity with respect to the impact of bifurcated liability and damages phases upon the class and defendants' ability to defend – contribute to larger concerns with respect to the manageability of the proposed class action. The proposed class proffered by plaintiffs is large and complex, and the sheer variety of potential permutations among plaintiff groups by type of claimant and claim (e.g., race v. gender discrimination plaintiff; former v. present employee or applicant; hiring v. job assignment v. promotions v. pay claim), is imposing. And while the Ninth Circuit has made clear that, insofar as invocation of FRCP 23(b)(2) is directly at issue, questions of manageability and judicial economy may ultimately be irrelevant, see Rodriguez v. Hayes, 591 F.3d 1105, 1125 (9th Cir. 2010), it remains unclear whether the court may nonetheless take into account the goals of efficiency and manageability in determining the propriety of class treatment overall, as part of the court's inherent power to control the litigation on its docket. See, e.g., Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998)("[d]istrict courts have inherent power to control their dockets"). Accordingly, the issue of manageability in the present circumstances presents an additional legal issue requiring further briefing.

In sum, therefore, and based on the foregoing, the court hereby orders as follows:

1. The court's ruling on the pending motions shall be STAYED, pending resolution of the Ninth Circuit's en banc rehearing of the Dukes v. Wal-Mart action. This stay order shall extend to plaintiffs' motion for class certification, the corresponding motions to appoint class counsel and defendants' motion to strike expert testimony. The court is unaware as to the status of merits discovery and the parties are free to submit a stipulation, if they wish, to continue discovery during the stay.

2. Notwithstanding the foregoing, the parties shall nonetheless, and in the meantime, proceed to provide the court with additional briefing that addresses the following

issues: (a) the propriety of bifurcating the liability and damages phases for purposes of class certification, with an emphasis on the particular propriety of separately determining monetary relief via generalized statistical evidence or a generic formula on a class wide basis, in the event bifurcation is granted; (b) argument and evidence as to the number of class members who fall into each of the present/former/employee/applicant categories, and the ultimate propriety of certification under FRCP 23(b)(2) in light of this additional information and the court's ruling on defendants' motion for judgment on the pleadings; and (c) the extent to which the court may rely on its inherent powers to control its docket or other authority in taking manageability concerns into account in determining the ultimate propriety of class certification given a single or bifurcated proceeding.

3.      Plaintiffs shall address these additional issues by way of a supplemental opening brief followed by a supplemental opposition and a supplemental reply.  The court assumes that the page limitations found in the local rules will be sufficient.  The parties shall make every attempt to limit the number of footnotes, and in no event shall submit a brief containing more than 10 footnotes and comprising more than two inches per page. Plaintiffs' opening brief shall be filed by April 9, 2010; defendants' brief no later than May 7, 2010, and plaintiffs' reply no later than May 21, 2010.  The court understands that this additional briefing could not have been anticipated by the parties, and should either party need more time, a stipulation enlarging the time may be filed.

4.      Once briefing on these matters is complete, the court will take the foregoing matters under submission, for consideration in conjunction with a final ruling on the motions before the court, once the Ninth Circuit has issued its en banc ruling in <u>Dukes v. Wal-Mart</u>. The court may additionally request the parties to file a second set of supplemental briefs on the impact of the en banc ruling, should that be warranted by the decision.

5.      Finally, the parties have also filed numerous administrative requests to seal certain documents in connection with the pending motions.  After certain deficiencies in the filings were brought to the parties' attention, the parties further narrowed the scope of the

sealing requests. Notwithstanding the narrowed scope of the sealing requests and the court's effort to review the request, the court has been unable to satisfactorily match its copy of each document sought to be filed under seal, with the parties' corresponding request, as stated in defendants' amended omnibus motion. The court's relocation from San Francisco to Oakland, may have contributed to the disarray of the chambers copies. Accordingly, the court cannot rule on the requests and hereby DENIES the requests without prejudice to the parties' re-filing a joint sealing motion, provided that any such motion must be accompanied by re-submitted documents for which sealing is sought in accordance with Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: March 9, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge