UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASMEN HOLLOWAY, et al.,

    Plaintiff(s),

    v.

BEST BUY CO., INC., et al.,

    Defendant(s).

_____/

No. C 05-5056 PJH

**ORDER RE CLASS CERTIFICATION BRIEFING**

By order filed on March 9, 2010, the court stayed its ruling on plaintiffs' pending class certification motion pending the en banc decision in <u>Dukes v. Wal-Mart, Inc</u>, and requested additional briefing from the parties on other issues. The court also noted that even further briefing might be requested after the en banc opinion had been received. That opinion having now been filed at — F.3d —, 2010 WL 1644259, the court does want additional briefing by the parties. Indeed, the parties have submitted a stipulation requesting as much and requesting additional time within which to submit additional briefing on both the questions raised by the court's March 9, 2010 order and on the applicability of by the en banc opinion. The court would like to proceed in an entirely different fashion.

Like the parties, the court has not had time to fully absorb the very lengthy opinion, but has reviewed enough of it to know that some of the arguments both for and against certification are likely to change in view of that opinion. Given that the original briefs were not models of clarity and relied heavily on the original panel decision, the court would prefer to have one brief rather than several presenting each side's position. Thus the parties are hereby ordered to re-brief the class certification motion and opposition, removing those arguments and authority that are no longer applicable and addressing the court's concerns

as set forth in the March 9, 2010 order.  As the court previously noted, the moving and opposing briefs were particularly difficult to follow given the numerous footnotes and the apparent importance of the information the parties relegated to those footnotes.  The footnotes were apparently used in response to the court's refusal to approve an enlargement by 20 pages of the page limits set by the Civil Local Rules.  In the interest of receiving a usable product, the court will permit moving and opposing briefs as long as 45 pages and a 25 page reply.  However, no brief shall contain more than ten footnotes and no footnote or footnotes shall comprise more than two inches per page.

      The parties shall meet and confer about a briefing schedule and submit a stipulation.  Plaintiffs shall advise the court in the stipulation whether they choose to withdraw their previously filed motion for class certification or whether they prefer the court administratively terminate that motion.  Nothing needs to be done with respect to defendant's motions to strike which remain fully briefed and ready for decision.  The March 9, 2010 order remains in effect with respect to the motions to seal.  This time around, the court expects fewer such requests and a joint motion.  With regard to exhibits, with the filing of each brief, the parties shall also file a master list of exhibits relied upon in the brief which indicates whether each exhibit is one previously filed with the prior motion or is a new exhibit.  If a previously filed exhibit, it must clearly and completely identify the exhibit so that it may be located and shall provide the docket number of the original filing.  The court will set a hearing date, if one is determined to be necessary, after it has reviewed the parties papers.

**IT IS SO ORDERED.**

Dated: May 6, 2010

PHYLLIS J. HAMILTON
United States District Judge

2