1

2

3                       UNITED STATES DISTRICT COURT

4                      NORTHERN DISTRICT OF CALIFORNIA

5

6

7   JASMEN HOLLOWAY, et al.,

8              Plaintiffs,                    No. C 05-5056 PJH

9        v.                                   **ORDER DENYING MOTION TO STRIKE**

10  BEST BUY CO., INC., et al.,

11             Defendants.
    _____/
12

13          Before the court is Best Buy's motion to strike plaintiffs' motion for class certification

14  because it is untimely and exceeds the scope of the four corners of their prior motion that

15  the court requested be re-briefed.  Although Best Buy requests that a hearing be held on

16  this motion, the court finds that a hearing is unnecessary.  Best Buy does not cite and does

17  not rely on Fed. R. Civ. P. 12(f), but instead appears to request that the court simply

18  exercise its inherent power to strike plaintiffs' motion because it is untimely and

19  unauthorized.  The court finds, however, that the motion was timely filed pursuant to the

20  parties' stipulation and the court's order thereon.

21          The court regrets that so much of counsels' time has been expended on the

22  question of the court's intention in requesting re-briefing of the motion for class certification

23  – a question that could have been easily and quickly answered had a request for

24  clarification been made.  By requesting re-briefing of the motion, the court was attempting

25  to obtain in one brief, a compilation of any and all arguments plaintiffs sought to make in

26  support of class certification.  Because plaintiffs opted to withdraw their prior motion, the

27  court fully anticipated and expected that the original legal arguments and strategy might

28  change in response to the en banc decision in *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    571 (9th Cir. 2010) and in response to the various concerns raised by the court at the

2    hearing on the prior motion and in the order for supplemental briefing.  As plaintiffs note in

3    their opposition brief at footnote 3, class certification is not necessarily a static event; the

4    court may decertify a class that it has previously certified and a plaintiff whose first request

5    for certification is denied may re-apply.  Thus even if the court were inclined to "hold"

6    plaintiffs to the arguments previously advanced, there would be nothing to preclude

7    plaintiffs from advancing those arguments in a subsequent motion should their first one

8    prove unsuccessful.  The court finds such a piece-meal approach to be wasteful of the

9    parties' and the court's resources.

10           The motion to strike is DENIED.  The parties shall meet and confer and enter a

11   further stipulation as to the briefing of this motion taking into account the amount of time

12   that has been lost due to this issue.  While the loss of time is regrettable, it shall not be

13   counted against the time Best Buy was previously accorded to file its opposition, nor is the

14   expanded page limitation reduced.  The court will set a hearing after the matter is fully

15   briefed and the briefs are reviewed by the court.

16           **IT IS SO ORDERED.**

17   Dated: August 27, 2010

18                                                          _____
                                                            PHYLLIS J. HAMILTON
19                                                          United States District Judge

20

21

22

23

24

25

26

27

28

2