1   James M. Finberg (SBN 114850)
    Eve H. Cervantez (SBN 164709)
2   ALTSHULER BERZON LLP
    177 Post Street, Suite 300
3   San Francisco, CA  94108
    Telephone:  (415) 421-7151
4   Facsimile:  (415) 362-8064

5   *Additional Attorneys for Plaintiffs*
    *and the Classes on Signature Page*

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  JASMEN HOLLOWAY, AMY GARCIA,          Case No.  C-05-5056 PJH (MEJ)
    CHERYL CHAPPEL, ERIC
11  BLACKSHER, JESSICA TREAS,
    LAWRENCE SANTIAGO, JR.,
12  MUEMBO MUANZA, MAURICE                **NOTICE OF MOTION AND MOTION**
    CALHOUN, and NICHOLAS DIXON, on       **FOR (1) PRELIMINARY APPROVAL OF**
13  behalf of themselves and all others   **CLASS ACTION SETTLEMENT; (2)**
    similarly situated,                   **CONDITIONAL CERTIFICATION OF**
14                                         **SETTLEMENT CLASSES; AND (3)**
            Plaintiffs,                    **SETTING OF SCHEDULE FOR FINAL**
15                                         **APPROVAL; AND MEMORANDUM IN**
    v.                                     **SUPPORT**
16
    BEST BUY CO., INC. and BEST BUY        Hearing Date: August 3, 2011
17  STORES, L.P.,                          Hearing Time: 9:00 A.M.
                                           Courtroom of the Hon. Phyllis J. Hamilton
18          Defendants.

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on Wednesday August 3, 2011 at 9:00 A.M. in the courtroom of the Honorable Phyllis J. Hamilton, 1301 Clay Street, Oakland, California 94612, Courtroom 3, Plaintiffs will and hereby do move for an Order (1) preliminarily approving the proposed class action settlement and proposed Consent Decree; (2) provisionally certifying the proposed Settlement Classes; (3) approving and directing distribution of Notice of the Settlement; and (4) setting a schedule for the final settlement approval process. Named Plaintiffs' motion for Preliminary Settlement approval and provisional class certification is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support, the Declarations of James M. Finberg and Daniel Hutchinson filed concurrently, and the pleadings and filings in this action. This motion is made pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(e), and 23(g).

Respectfully Submitted,

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
ALTSHULER BERZON L.L.P.
Dated: June 17, 2011                 177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

By: _____ /s/ James M. Finberg _____

Kelly M. Dermody (SBN 171716)
Daniel M. Hutchinson (SBN 239458)
LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, L.L.P.
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

1

2

Bill Lann Lee (SBN 108452)
Lindsay Nako (SBN 239090)
Angelica K. Jongco (SBN 244374)
LEWIS, FEINBERG, LEE, RENAKER &
    JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone:  (510) 839-6824
Facsimile:  (510) 839-7839


Todd M. Schneider (SBN 158253)
Guy B. Wallace (SBN 176151)
Andrew P. Lee (SBN 245903)
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY, L.L.P.
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

*Attorneys for Plaintiffs and the Proposed
Settlement Classes*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2    TABLE OF CONTENTS..................................................................................... i

3    TABLE OF AUTHORITIES ............................................................................. iii

4    I.      INTRODUCTION.................................................................................1

5    II.     PROCEDURAL HISTORY AND BACKGROUND ...........................1

6    II.     SUMMARY OF SETTLEMENT TERMS.........................................3

7            A.     Class-wide Injunctive Relief ................................................ 3

8                   1.     Hiring and Promotions .................................................4

9                   2.     Exempt Compensation ..................................................5

10                  3.     Communications, Training, and Assessment ............5

11                  4.     Complaint Process.........................................................6

12                  5.     Monitoring and Enforcement of the Decree..............6

13           B.     Class Member Release ..........................................................7

14           C.     Resolution of the Claims of the Named Plaintiffs..............7

15           D.     Service Payments for the Named Plaintiffs ........................8

16           E.     Attorneys' Fees and Costs ....................................................8

17   II.     ARGUMENT.........................................................................................8

18           A.     The Court Should Grant Provisional Certification
                    of the Settlement Classes .....................................................8
19

20                  1.     The Settlement Classes Meet the Numerosity Requirement......9

21                  2.     The Settlement Classes Meet the Commonality Requirement ..9

22                  3.     The Settlement Classes Meet the Typicality Requirement. .....11

23                  4.     The Settlement Classes Are Adequately Represented. ...........11

24                  5.     The Requirements of Rule 23(b)(2) Are Met ...........12

25           B.     The Proposed Settlement Merits Preliminary Approval....................12

26                  1.     The Terms of the Proposed Settlement Are Fair ...................12

27                  2.     Proposed Class Counsel Were Fully Informed
                           When the Settlement Was Reached..........................13

28

3.    The Settlement Provides Reasonable Relief for the Class Members' Injunctive Claims, in Light of the Risks and Delay of Protracted Litigation.............................14

4.    The Settlement Is the Product of Serious, Arms' Length, Informed Negotiations ...............................................14

5.    The Proposed Service Payments to the Named Plaintiffs Are Reasonable..........................................................14

6.    The Proposed Attorneys' Fees And Cost Reimbursement Are Fair and Reasonable .........................................15

7.    The Resolution of the Individual Claims of the Named Plaintiffs is Reasonable..................................16

C.    The Court Should Approve the Proposed Notice and Notice Plan .....16

1.    The Proposed Notice Is Appropriate.......................................16

2.    The Notice Plan is Appropriate ...............................................17

D.    The Court Should Set a Final Settlement Approval Schedule ............18

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Barrios v. California Interscholastic Federation*,
277 F.3d 1128 (9th Cir. 2002)..................................................................... 16

*Buckhannon Bd. and Care Home, Inc. v. W. Va Dep't of Health & Human Res.*,
532 U.S. 598, 604 (2001)............................................................................. 15

*Churchill Village, L.L.C. v. General Electric*,
361 F.3d 566 (9th Cir. 2004) ...................................................................... 16

*Hanlon v. Chrysler*,
150 F.3d 1011 (9th Cir. 1998)..................................................................... 10

*Ingram v. The Coca-Cola Co.*,
200 F.R.D. 685 (N.D. Ga. 2001).................................................................. 15

*McNamara v. Bre-X Minerals Ltd.*,
214 F.R.D. 430 (E.D. Tex. 2002).................................................................. 12

*Parra v. Bashas, Inc.*,
536 F.3d 975 (9th Cir. 2008) ...................................................................... 10

*Staton v. Boeing*,
327 F.3d 938 (9th Cir. 2003) ...........................................................11, 12, 15

*Van Vranken v. Atlantic Richfield Co.*,
901 F.Supp. 294 (N.D. Cal. 1995) .............................................................. 15

*In re Vitamins Antitrust Litig.*,
2001 WL 856292 (D.D.C. July 25, 2001) ................................................... 12

*Texas State Teachers Ass'n v. Garland School District*,
489 U.S. 782 (1989) .................................................................................... 15

*Walsh v. Great Atlantic & Pac. Tea Co.*,
726 F.2d 956 (3d Cir. 1983)......................................................................... 17

*Young v. Polo Retail, LLC*,
2006 WL 3050861 (N.D. Cal. Oct. 25, 2006) ........................................... 12

### FEDERAL STATUTES

42 U.S.C. § 1981................................................................................................ 2, 9

42 U.S.C. § 2000e-5(k) ......................................................................................... 15

42 U.S.C. § 2000e ................................................................................................... 7

29 U.S.C. § 206....................................................................................................... 7

Fed. R. Civ. P. 23(a)............................................................................................ 9, 11

Fed. R. Civ. P. 23(b) ........................................................................................... 12

Fed. R. Civ. P. 23(c)(2) ........................................................................................ 17

Fed. R. Civ. P. 23(c)(2)(A) ................................................................................... 17

Fed. R. Civ. P. 23(e) ............................................................................................. 17

## STATE STATUTES

Cal. Gov. Code § 12940 .......................................................................................... 7

## OTHER AUTHORITIES

Advisory Committee Notes to 2003 Amendments to Fed. R. Civ. P. 23(c)(2) ................ 17

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3      The parties have reached a proposed settlement that, if approved by the Court, will fully

4  resolve this class action lawsuit.  The Parties ask the Court to (1) preliminarily approve the

5  proposed Consent Decree (attached as Exhibit 1 to the proposed order granting preliminary

6  approval filed concurrently); (2) direct distribution of the proposed Notice (attached as Exhibit 2

7  to the proposed order); and (3) approve the proposed schedule for final approval. In connection

8  with this settlement, the Parties also ask the Court to provisionally certify the injunctive and

9  declaratory relief claims of three Classes of African American, Latino, and female employees of

10  Defendants Best Buy Co. Inc. and Best Buy LLP ("Best Buy") under Federal Rules of Civil

11  Procedure 23(a) and 23(b)(2).

12      The proposed settlement satisfies the criteria for preliminary approval under federal law: it

13  was negotiated at arms length; falls well within the range of possible approval; and provides

14  extensive injunctive relief that will materially advance the goal of equal employment opportunity

15  for African Americans, Latinos, and women at Best Buy.

16      The proposed Settlement Classes, which seek certification only of claims for declaratory

17  or injunctive relief, satisfy the requirement of Federal Rules of Civil Procedure 23(a) and

18  23(b)(2).  The Classes are so numerous that joinder is impracticable.  There are questions of law

19  and fact common to the Classes.  The claims of the Class Representatives are typical of those of

20  the Classes they represent.  The Class Representatives have no conflicts and have retained

21  experienced Counsel.  The Classes assert claims for declaratory and injunctive relief applicable to

22  the Classes as a whole.

23

**II.    PROCEDURAL HISTORY AND BACKGROUND**

24      The Named Plaintiffs, eight current and former employees of Best Buy and one applicant

25  to Best Buy for employment,[1] brought this action against Best Buy after filing timely charges of

26  race and gender discrimination with the Equal Employment Opportunity Commission on behalf

27

_____

28

[1] The Named Plaintiffs are Jasmen Holloway, Amy Garcia, Cheryl Chappel, Eric Blacksher, Jessica Treas, Lawrence Santiago, Jr., Muembo Muanza, Maurice Calhoun, and Nicholas Dixon.

1   of themselves and similarly situated women and minorities. Named Plaintiffs filed an initial

2   Complaint on December 8, 2005. In their Third Amended Complaint, filed on January 6, 2009,

3   Plaintiffs alleged that Best Buy denies employment, desirable job assignments,

4   promotions/transfers, and equal exempt compensation to African Americans; denies desirable job

5   assignments, promotions/transfers, and exempt compensation to women; and denies desirable job

6   assignments and promotions/transfers to Latino employees of Best Buy retail stores in the United

7   States. (Dkt. No. 142-43.) Based on these allegations, Plaintiffs asserted disparate impact and

8   treatment claims for race and gender discrimination under Title VII of the Civil Rights Act of

9   1964, race discrimination claims under 42 U.S.C. § 1981 (as to the Latino and African American

10  classes), and violations of the California Fair Employment and Housing Act (as to those class

11  members who worked in California during the class period).

12      Named Plaintiffs vigorously prosecuted this case, and Best Buy vigorously contested it.

13  Class Counsel engaged in a broad and thorough investigation of the claims of the Settlement

14  Classes. Class Counsel propounded extensive written discovery, including 15 sets of Requests for

15  Production of Documents and four sets of Interrogatories. (Dkt. No. 266-2, Cervantez Decl. ¶¶ 3,

16  5.) In response to these discovery requests, Best Buy produced approximately 1.5 million

17  documents, totaling over 12 million pages (*id.*), and produced comprehensive employment data

18  covering approximately 500,000 Best Buy employees (Drogin Report [Dkt. No.344-4] at ¶ 7.a.).

19      Plaintiffs' Counsel have expended thousands of hours thoroughly reviewing and coding the

20  documents produced, thereby gaining a better understanding of Defendants' organization,

21  policies, and practices (Dkt. No. 266-2, Cervantez Decl. ¶ 4), which has in turn allowed Plaintiffs

22  to develop and refine the claims now brought on behalf of the class.

23      In addition, Plaintiffs' Counsel have taken 23 depositions of Rule 30(b)(6) designees, and

24  10 additional fact witnesses, and defended over 50 depositions taken by Defendants. (Dkt. No.

25  266-2, Cervantez Decl. ¶¶ 8-9, 11-14.) Plaintiffs' Counsel retained an expert statistician, Dr.

26  Richard Drogin, and an expert sociologist, Dr. Barbara Reskin, to analyze Best Buy's personnel

27  data and practices. (Cervantez Decl. ¶¶ 11-13.) Drs. Drogin and Reskin produced extensive

28  reports and were deposed by Defendants. (Dkt. No. 266-2, Cervantez Decl. ¶¶ 11-13.) Class

- 2 -

1   Counsel spoke with many current and former Best Buy employees regarding their experiences,

2   and gathered over 100 declarations from these potential class members. (Dkt. No. 266-2,

3   Cervantez Decl. ¶ 10.)

4          The parties collectively submitted reports and rebuttal reports from nine expert witnesses,

5   including statistical experts, social science experts, and labor economists. (Dkt. 266-2 ¶¶ 11-14.)

6   The parties deposed eight of those experts. (*Id.*)

7          The parties also engaged in active motion practice.  Plaintiffs' Motion for Class

8   Certification was fully briefed and argued, then re-briefed after changes in the applicable law.

9   (Dkt. Nos.156-160, 185-189, 267-310, 339-342.)

10          The parties have discussed the possibility of settlement over the course of many years.

11   There were several in person meetings, and many telephone conferences.  The proposed

12   settlement is the result of non-collusive arms-length bargaining. (Finberg Decl. ¶ 3.)

13          The parties first reached agreement on the terms of class-wide injunctive relief, and then

14   addressed the individual claims of the Named Plaintiffs.  Only after completing these negotiations

15   did they negotiate over attorneys' fees and costs. (*Id.*)

16   **II.     SUMMARY OF SETTLEMENT TERMS**

17          The proposed Consent Decree provides comprehensive class-wide injunctive relief

18   tailored to the particular violations alleged, in exchange for a release by Settlement Class

19   Members of Class claims for declaratory and injunctive relief.  Settlement Class Members will

20   not release claims for individual monetary relief or individual injunctive relief.

21          The proposed Consent Decree also provides for complete resolution of all individual

22   claims of the Named Plaintiffs, provides that Class Counsel can apply to the Court for attorneys

23   fees and reimbursement of costs and expenses, and that the Named Plaintiffs can apply to the

24   Court for service awards.

25   **A.     Class-wide Injunctive Relief**

26          During the four-year period of the Decree, Best Buy will implement comprehensive

27   affirmative relief addressing the hiring, assignment, promotion, and exempt compensation claims

28   in this action, including the following:

- 3 -

1       **1.      Hiring and Promotions**

2           Best Buy has developed and will continue to use standardized selection procedures

3   (including using new interview guides prepared by an industrial organization psychologist ("I/O

4   psychologist") based on job analyses prepared by an I/O psychologist), for all retail store

5   hiring/job assignment and for promotions to supervisor or exempt manager positions. Class

6   Counsel have retained their own, independent I/O psychologist who has reviewed the new

7   interview guides and found them materially improved from the older interview guides challenged

8   by Plaintiffs.  (Finberg Decl. ¶ 4.)  Best Buy will make material changes to these selection

9   procedures only with the approval of an I/O psychologist. (Consent Decree Sections II.C and D.)

10          Best Buy will designate a qualified individual whose primary purpose will be to oversee

11  Best Buy's processes for encouraging the recruitment and retention of qualified diverse

12  management candidates, including qualified African Americans, Latinos, and women, throughout

13  the company. (Consent Decree Section II.C.5.)

14          Best Buy will also implement processes to increase the pool of African American, Latino,

15  and female employees qualified for promotion to management at all its retail stores, and will

16  continue to ensure that any training programs and formal mentoring opportunities provided will

17  be available to all employees regardless of race or gender, except when such opportunities are

18  targeted at minority or female employees. (Consent Decree Section II.D.5.)

19          Best Buy will include with every job posted on the company's online application system a

20  clear description of the position's duties and the required qualifications. (Consent Decree Section

21  II.C.4.)

22          Best Buy will post all open senior, supervisor, and exempt manager positions on an

23  electronic system accessible to all Best Buy store-level employees no less than 5 days before the

24  position is filled. In the case of business necessity, such as company reorganization, or employee-

25  initiated transfers, Best Buy will be excused from the posting requirement. Business necessity

26  will not include preference for a particular candidate or urgency to fill a position. (Consent

27  Decree Section II.D.3.)

28          Best Buy will create an electronic process for current store-level employees to register

their interest in any full-time, senior, supervisor, or exempt positions, and will remind employees to renew their interest at 6-month intervals. Before selecting outside applicants or employees who have not registered an interest, managers will be required to consider employees who have registered their interest through this system. (Consent Section II.D.1.)

### 2.    Exempt Compensation

Best Buy will retain an I/O psychologist or outside compensation specialist to review Best Buy's compensation policies and make recommendations, and will train its managers on the use of any tools developed by this consultant. Best Buy will review the compensation of exempt managers regularly (no less than once annually) to ensure that the company is complying with its non-discrimination policies. (Consent Decree Section II.E.)

### 3.    Communications, Training, and Assessment

Best Buy will continuously post its non-discrimination, anti-harassment, and anti-retaliation policies on the company's intranet website, along with an annual message from the CEO and Executive Vice President, Retail Stores (or the equivalent). A high ranking Best Buy officer will make a statement in support of these policies at annual regional or national meetings attended by store General Managers during the term of the Decree. (Consent Decree Section II.B.)

Within 6 months of the date the Decree becomes effective, Best Buy will train all its General Managers regarding the terms of the Decree pertaining to hiring, promotions, the registry system, job postings, the complaint procedure, the company's diversity policies, and the distinction between customer marketing and employee staffing. Best Buy will also provide the following training: all new hires will be trained on the company's non-discrimination, anti-harassment, and anti-retaliation policies; all employees will be trained on use of the registry system; supervisors and managers will receive annual diversity trainings; and staff involved in hiring and promotions will be trained on use of the selection procedures, including the company's interest in diversity. (Consent Decree Sections II.C, D, and F.)

Best Buy shall explicitly train managers that Best Buy's marketing strategies should not be interpreted to influence or guide Best Buy's hiring, recruitment, job assignment, transfer,

1    promotions, or compensation practices.  (Consent Decree Section II.F.3.)

2            Best Buy will evaluate all supervisors, exempt store managers, and district managers

3    annually on their ability to manage a diverse workforce, including their compliance with the

4    terms of the Consent Decree. An I/O psychologist will advise Best Buy on how best to conduct

5    and weigh these evaluations. (Consent Decree Section II.H.)

6            **4.      Complaint Process**

7            Best Buy will continue to provide a procedure for employees or job applicants to report

8    discrimination or retaliation on the basis of race, color, national origin, or gender, or alleged

9    violations of the Consent Decree. This procedure will be communicated to new hires and posted

10   on the company's intranet website continuously, and on the intranet home page for 7 consecutive

11   days at least once annually.  The complaints and investigations will be handled by Best Buy's

12   Human Resources personnel. In cases where a complaint is substantiated, Best Buy's policy will

13   be to impose appropriate discipline, up to and including discharge. (Consent Decree Section II.G.)

14           **5.      Monitoring and Enforcement of the Decree**

15           The term of the Decree shall be 4 years from the date the Decree becomes effective.

16   (Consent Decree Section II.M.)

17           Best Buy will make good faith best efforts to implement the provisions of the Decree as

18   soon as reasonably practicable. If Best Buy requires more than 12 months to fully implement the

19   Decree, the term shall be extended with respect to the specific provisions not yet implemented by

20   the additional time over 12 months required for implementation. (Consent Decree Section II.L.)

21           Best Buy shall designate an officer ("Monitor") who will oversee Best Buy's policies and

22   practices to ensure compliance with the Decree. The Monitor will have access to statistical data

23   necessary to ensure that the company is complying with the terms of the Decree in its hiring, job

24   assignment, promotion, and compensation practices. Within 6 months after the decree becomes

25   effective, and annually thereafter for the term of the Decree, the Monitor will file a Certificate of

26   Compliance with the Court. (Consent Decree Section II.I.)  In addition, Best Buy's corporate

27   audit department shall regularly audit to insure compliance with the terms of the Decree.

28   (Consent Decree Sections II.C.2., II.D.1.d., II.D.3.c., II.E.3., II.F.5.)

- 6 -

1    The Court shall retain jurisdiction during the term of the Decree to enforce its provisions.

2    (Consent Decree Section II.K.)

3    **B.    Class Member Release**

4        Under the Consent Decree members of the Settlement Classes will release certain class

5    claims seeking declaratory or injunctive relief.  Settlement Class Members will not, however,

6    release any claims against Best Buy for individual injunctive relief or for individual monetary

7    relief.

8        The Consent Decree provides as follows:

9        The members of the Settlement Classes who are not Named Plaintiffs release all claims
         for classwide injunctive and declaratory relief of whatever nature, known or unknown that
10       the Named Plaintiffs and members of the Settlement Classes may have against Best Buy,
         its subsidiaries and affiliated companies, and in the case of all such entities, their
11       respective past and present owners, representatives, officers, directors, attorneys, agents,
         employees, insurers, successors and assigns (collectively referred to as the "Released
12       Parties"), arising out of the same transactions, series of connected transactions,
         occurrences or nucleus of operative facts that form the basis of the claims that were or
13       could have been asserted in the Civil Action including claims arising under the Civil
         Rights Act of 1866, as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of
14       1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the Fair Employment and Housing Act
         ("FEHA"), as amended, Cal. Gov. Code § 12940, et seq., the Equal Pay Act, 29 U.S.C. §
15       206, et seq., or under any other federal, state, local or common laws or regulations. This
         release further includes, but is not limited to, claims for classwide injunctive or
16       declaratory relief alleging a class-wide pattern and practice of race, national origin and
         gender discrimination in, or an unlawful disparate impact associated with, (1) recruitment,
17       (2) pre-employment testing, (3) entry-level hiring, (4) job assignments, (5)
         promotions/transfers, (6) movement from Occasional/Seasonal to Regular status, (7)
18       movement from part-time to full-time employment, or (8) the allocation of hours of work.
         This release includes and covers without limitation all actions, decisions, or omissions
19       occurring up to and including the Preliminary Approval date as defined subject to the
         provisions set forth herein.
20
         The members of the Settlement Classes who are not Named Plaintiffs do not release any
21       claims for individual monetary relief, including without limitation back pay, front pay,
         compensatory damages, punitive damages, or prejudgment interest, nor do they release
22       any claims for individual injunctive or declaratory relief for any past or current violations
         of Title VII, Section 1981, or FEHA, or for any relief that may be appropriate for any
23       future violations of this Consent Decree or applicable law.

24   (Consent Decree Section V.)

25   **C.    Resolution of the Claims of the Named Plaintiffs**
26
27       Best Buy has agreed to pay Named Plaintiffs a total of $200,000 to settle all the Named

28   Plaintiffs' claims for both individual monetary and individual injunctive relief.  Unlike Settlement

---

926062.1                                    - 7 -          MPA ISO PRELIMINARY APPROVAL
                                                           CASE NO.  C-05-5056 PJH (MEJ)

1   Class Members, the Named Plaintiffs will release any and all claims against Best Buy arising out

2   of their employment with Best Buy. The total sum will be distributed among the Named Plaintiffs

3   as set forth in separate settlement agreements.[2] (Consent Decree Section VIII.)

4   **D.      Service Payments for the Named Plaintiffs**

5         The Consent Decree provides that the nine Named Plaintiffs can apply to the Court for

6   service payments not exceeding $10,000 each, to compensate them for their role bringing and

7   prosecuting this action. Each of the Plaintiffs was deposed, produced documents, and worked

8   with Class Counsel acting on this matter. (Decl. of Daniel Hutchinson ¶¶ 3-7.) Class Counsel will

9   file a separate motion for approval of the service payments to Named Plaintiffs. (Consent Decree

10  Section IX.) Best Buy will not oppose the motion, and will pay the amount the Court awards, not

11  exceeding $10,000 per Named Plaintiff.  The settlement is not contingent on the award of service

12  payments to the Named Plaintiffs.

13  **E.      Attorneys' Fees and Costs**

14        Additionally, Best Buy has agreed to pay Class Counsel certain attorneys' fees and to

15  reimburse Class Counsel for the costs and expenses they have incurred in this action. Class

16  Counsel will file a separate motion for approval of attorneys' fees and costs not to exceed

17  $9,999,999. Consent Decree Section X.  Best Buy will not oppose that motion.  Class Counsel

18  have incurred almost $2 million in costs and expenses in this case, and devoted many thousands

19  of hours to this case, having a lodestar value of approximately $16.2 million. (Finberg Decl. ¶ 7.)

20  Accordingly, the amount that Best Buy has agreed to pay will compensate Class Counsel for less

21  than half of their lodestar.

22  **II.     ARGUMENT**

23  **A.      The Court Should Grant Provisional Certification of the Settlement Classes**

24        Plaintiffs seek provisional certification of three injunctive relief settlement classes under

25  Rule 23(b)(2):

26

27        African American class:  All African Americans who were employed in Best Buy retail
          stores within the United States for one or more days beginning on or after December 8,

28  _____
    [2] The Parties request permission from the Court to file these agreements under seal.

2005 (the date the Complaint was filed) through the date that the Consent Decree terminates.

Latino class:  All Latinos who were employed in Best Buy retail stores within the United States for one or more days beginning on or after December 8, 2005 (the date the Complaint was filed) through the date that the Consent Decree terminates.

Female class:  All women who were employed in Best Buy retail stores within the United States for one or more days beginning on or after December 8, 2005 (the date the Complaint was filed) through the date that the Consent Decree terminates.

None of the Classes include Best Buy General Managers (for the time period during which Best Buy employed them as General Manager); persons who occupied Geek Squad or Service positions (for the time period during which they occupied those positions); or employees of Magnolia stand-alone stores (for the time period during which Magnolia employed them). (Consent Decree Section I.D.)

The Settlement Classes seek injunctive relief for disparate impact and treatment claims of race and gender discrimination under Title VII of the Civil Rights Act of 1964, race discrimination claims under 42 U.S.C. § 1981 (as to the Latino and African American classes), and violations of the California Fair Employment and Housing Act (as to those class members who worked in California during the class period).

The Settlement Classes meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and the injunctive relief requirements of Rule 23(b)(2).

**1.    The Settlement Classes Meet the Numerosity Requirement.**

The numerosity requirement is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Best Buy's employee and payroll files show that each of the Settlement Classes is sufficiently numerous (each having many thousands of members, *see,* Dkt. No. 265) to make joinder impracticable. The numerosity requirement of Rule 23(a)(1) is therefore satisfied.

**2.    The Settlement Classes Meet the Commonality Requirement.**

A class meets the commonality prerequisite if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs allege that Best Buy maintains a company-wide practice and policy of discrimination that uniformly affects the members within each class. As a

1   result, the members of each class share the following common issues of law and fact: (1) whether

2   Best Buy's employment policies and practices are intentionally discriminatory; (2) whether Best

3   Buy's employment policies and practices have an adverse impact on African Americans, Latinos,

4   and women; and (3) whether Title VII (as to all the classes), Section 1981 (as to the African

5   American and Latino classes), and the California Fair Employment and Housing Act (as to those

6   class members employed in California during the class period) have been violated.

7        Plaintiffs challenged specific Best Buy policies and practices relating to hiring, job

8   assignment, promotions, and exempt compensation.  In particular, Plaintiffs alleged that Best

9   Buy's uniform use at all retail stores of a tap-on-the-shoulder system for hiring, job assignment,

10   and promotions, and the use of standardless interview guides resulted in disparate impact.  The

11   posting, registration of interest and interview guide provisions of the proposed Consent Decree

12   provide class-wide injunctive relief addressing these company-wide policies and practices.

13   Plaintiffs also challenged Best Buy's uniform compensation guides for setting exempt

14   compensation; these common policies are similarly addressed by the class-wide change in exempt

15   compensation policies.

16       In addition, Plaintiffs alleged that Best Buy uses marketing strategies across its retail

17   stores that focus on the buying habits of certain races and genders; Plaintiffs further alleged that

18   these marketing strategies spilled over into hiring, assignment, and promotions decisions, leading

19   store General Managers to prefer white males for sales and management positions.  The proposed

20   Consent Decree requires that "Best Buy shall explicitly train managers that these strategies should

21   not be interpreted to influence or guide Best Buy's hiring, recruitment, job assignment, transfer,

22   promotion, or compensation practices."  (Consent Decree Sec. II.F.3.)

23       In these circumstances, the commonality requirement of Rule 23(a)(2) is satisfied.  *See,*

24   *e.g. Parra v. Bashas', Inc.,* 536 F.3d 975, 978 (9th Cir. 2008) (Commonality is a "permissive[ ]"

25   and "flexible" standard.); *Hanlon v. Chrysler*, 150 F.3d 1011, 1019 (9th Cir. 1998) ("[S]hared

26   legal issues with divergent factual predicates" or a "common core of salient facts coupled with

27   disparate legal remedies within the class" suffices.).

28

926062.1

### 3.   The Settlement Classes Meet the Typicality Requirement.

The typicality requirement is met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Like commonality, the typicality standard is "permissive," and requires only that the Named Plaintiffs' claims be "reasonably coextensive with those of absent class members; they need not be substantially identical." *Staton v. Boeing,* 327 F.3d 938, 957 (9th Cir. 2003).

Named Plaintiffs Muembo Muanza and Maurice Calhoun are the Representatives of the African American class.  Their claims are typical of those of the African American class because they arise out of the same policies, practices and causes of concern alleged on behalf of all African American class members.  (Dkt. 144, ¶¶ 99-112, 131-150.) The typicality requirement is therefore satisfied as to the African American class.

Named Plaintiffs Jessica Treas and Lawrence Santiago, Jr. are the Representatives of the Latino class.  Their claims are typical of those of the Latino class because they arise out of the same policies, practices and causes of concern alleged on behalf of all Latino class members. (Dkt. 144, ¶¶ 79-98, 131-150.) The typicality requirement is therefore satisfied as to the Latino class.

Named Plaintiffs Amy Garcia, Cheryl Chappel and Jessica Treas are the Representatives of the female class.  Their claims are typical of the female class because they arise out of the same policies, practices and causes of concern alleged on behalf of all female class members. (Dkt. 144, ¶¶ 59-74, 79-88, 151-164.) The typicality requirement is therefore satisfied as to the female class.

### 4.   The Settlement Classes Are Adequately Represented.

Under Rule 23(a)(4), the class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Named Plaintiffs Muembo Muanza, Maurice Calhoun, Jessica Treas, Laurence Santiago, Jr., Amy Garcia, and Cheryl Chappel are adequate representatives of the classes they represent because their interests are co-extensive with those of the classes they represent and they have retained experienced counsel to represent the classes. *See* Motion for Appointment as Class Counsel (Dkt. No 266).  The adequate representation

1   requirement is therefore satisfied.  *Staton*, 327 F.3d at 957.

2          **5.      The Requirements of Rule 23(b)(2) Are Met.**

3          Certification is appropriate under Rule 23(b)(2) when the opposing party has "acted or

4   refused to act on grounds that apply generally to the class, so that final injunctive relief or

5   corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P.

6   23(b)(2). Plaintiffs allege that Best Buy's employment policies and practices discriminate against

7   or adversely impact all African American, Latino, and female employees of its United States

8   retail stores. They seek meaningful declaratory and injunctive relief that will apply to all members

9   of the African American, Latino, and female classes. Certification of such claims for class-wide

10  declaratory and injunctive relief is proper under Rule 23(b)(2).

11  **B.      The Proposed Settlement Merits Preliminary Approval.**

12         To grant preliminary approval of the proposed settlement, the Court must find only that

13  the settlement is non-collusive and within "the range of possible approval." *Young v. Polo Retail,*

14  *LLC*, 2006 WL 3050861, \*5  (N.D. Cal.) (quoting *Schwartz v. Dallas Cowboys Football Club,*

15  *Ltd,* 157 F Supp 2d 561, 570 n.12 (ED Pa 2001); *see also In re Vitamins Antitrust Litig.*, 2001

16  WL 856292, \*4-5 (D.D.C.); Newberg on Class Actions, Fourth Edition, § 11.25.  The proposed

17  settlement more than satisfies these requirements.

18         **1.      The Terms of the Proposed Settlement Are Fair.**

19         As long as "preliminary evaluation of the proposed settlement does not disclose grounds

20  to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class

21  representatives or of segments of the class, or excessive compensation for attorneys, and appears

22  to fall within the range of possible approval," the Court should preliminarily approve the

23  settlement.  *In re Vitamins*, 2001 WL 856292 at \*4-5 (quoting Manual for Complex Litigation,

24  Third § 30.41 (West 1999).  The Court may also direct the giving of notice to the class members

25  of a final approval hearing, "at which arguments and evidence may be presented in support of and

26  in opposition to the settlement."  *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 430 (E.D.

27  Tex. 2002) (quoting Manual for Complex Litigation, Third, at 237); 4 Newberg §11.25 (quoting

28

- 12 -

MPA ISO PRELIMINARY APPROVAL
                                             CASE NO.  C-05-5056 PJH (MEJ)

same).[3]

Class Counsel, who are experienced employment discrimination and class action attorneys, have engaged in extensive discovery and thoroughly investigated the facts of the case and the class members' claims. (Dkt. No. 266-2.)  As a result, Class Counsel can accurately assess the strengths and weaknesses of the Plaintiffs' claims and the benefits of the proposed settlement under the circumstances of this case. Class Counsel believe the injunctive relief provided in the Consent Decree is fair, reasonable, and adequate, and will materially advance the goal of equal employment opportunity for African American, Latino, and female employees of Best Buy.

**2.     Proposed Class Counsel Were Fully Informed When the Settlement Was Reached.**

Class Counsel spent many thousands of hours litigating this case and vigorously investigating the claims asserted against Best Buy. Through discovery, Class Counsel obtained from Best Buy over 12 million pages of documents and comprehensive employment data covering many hundreds of thousands of Best Buy employees. Class Counsel took 10 depositions of factual witnesses, 23 depositions of corporate designees, and 5 depositions of expert witnesses. Class Counsel also defended the depositions of 23 class members and 30 additional fact witnesses.  Additionally, Class Counsel received reports from statistical and social science expert witnesses who reviewed thousands of documents and comprehensive payroll data relating to the numerous policies and practices at issue in this case.

As a result, Class Counsel negotiated the proposed settlement with complete knowledge regarding the strengths and weaknesses of the case and the benefits of the proposed settlement for the class members.

---

[3] The fourth edition of the Manual for Complex Litigation was released in 2004 and does not include this precise language, but instead suggests that if a court has "reservations" about any of the issues described, it should "raise questions . . . and perhaps seek and independent review . . . ."  Manual for Complex Litigation, Fourth, at 321.  The end result is the same.

3.       **The Settlement Provides Reasonable Relief for the Class Members' Injunctive Claims, in Light of the Risks and Delay of Protracted Litigation.**

Best Buy has denied any intentional discrimination against African Americans, Latinos, or women, and has denied that the company's employment policies or practices had a disparate impact on these groups. It is apparent from the proceedings to date and the parties' negotiations that if the case is not settled, Best Buy will continue to aggressively contest liability and the propriety of class certification.

Although Class Counsel believe that Plaintiffs' claims are meritorious, and that they would eventually prevail in certifying this case as a class action and on the merits, Class Counsel have also considered the risks associated with protracted litigation. Class Counsel have considered the possibility that the case, if not settled now, might not result in any injunctive relief for the class members, or might result in injunctive relief several years from now that is less favorable to the proposed class members than that offered by the proposed Consent Decree. (Finberg Dec., ¶¶ 5-6.)  In light of these considerations, Class Counsel are satisfied that the terms and conditions of the Consent Decree are fair, reasonable and adequate and that the Consent Decree is in the best interests of the Settlement Classes.  (*Id.*)

4.       **The Settlement Is the Product of Serious, Arms' Length, Informed Negotiations.**

The Settlement resulted only after extensive, arms' length settlement negotiations that were conducted after rigorous discovery regarding the merits of the disputed claims.  (*See Id.* ¶ 3.) The negotiations were protracted.  The Parties met in person many times and had many conference calls. (*See Id.*)  The proposed settlement is the non-collusive product of hard-fought litigation.  (*See Id.*)

5.       **The Proposed Service Payments to the Named Plaintiffs Are Reasonable.**

The Consent Decree provides for a service payment of up to $10,000 to each of the Named Plaintiffs. This sum is reasonable in light of the important services the Named Plaintiffs performed for the benefit of the settlement classes. The Named Plaintiffs provided documents to Class Counsel, answered written questions from Best Buy's Counsel, and were deposed by Best

926062.1

1    Buy's Counsel.  They spent many hours working with proposed Class Counsel in developing the

2    factual basis for the class claims asserted in this case.  (Hutchinson Decl. ¶¶ 3-7.)  In these

3    circumstances, the service awards requested meet the standards set forth for such awards by the

4    Ninth Circuit in *Staton v. Boeing*, 327 F.3d at 976-79. "Courts routinely approve incentive awards

5    to compensate named plaintiffs for the services they provided and the risks they incurred during

6    the course of the class action litigation."  *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694

7    (N.D. Ga. 2001), *quoting In re S. Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio

8    1997)); *see also Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 300 (N.D. Cal. 1995)

9    (approving $50,000 participation award).  Accordingly, the service payments proposed in the

10   settlement are reasonable. Plaintiffs will file a separate motion for approval of the service

11   payments.

12       **6.       The Proposed Attorneys' Fees And Cost Reimbursement Are Fair and**

13   **Reasonable.**

14           The Consent Decree provides for payment to Class Counsel of an amount not exceeding

15   $9,999,999, to reimburse Class Counsel for the costs and expenses they incurred in the course of

16   litigating this matter and to pay Class Counsel for a portion of the time they devoted to this case.

17   That amount will reimburse Class Counsel for the almost $2 million in costs and expenses that

18   they incurred in connection with prosecuting this action, and pay Class Counsel approximately

19   half of Class Counsel's lodestar for time spent litigating this matter. (Finberg Dec. ¶7.)

20           That payment is fair and reasonable in light of applicable fee-shifting statutes.  Title VII

21   provides for a "reasonable attorney's fee" to a "prevailing party."  42 U.S.C. § 2000e-5(k).

22   Similarly, "[i]n any action or proceeding to enforce a provision of [42 U.S.C.] section[ ] 1981 …

23   the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of

24   the costs." 42 U.S.C. § 1988(b).  With respect to claims for declaratory and injunctive relief, it is

25   uncontested that the Plaintiffs are a "prevailing party" for purposes of attorneys' fees.  In *Texas*

26   *State Teachers Ass'n v. Garland School District*, 489 U.S. 782 (1989), the Supreme Court ruled

27   that a party is a "prevailing party" if it succeeds on a significant issue and receives some of the

28   relief sought in the lawsuit.  See also *Buckhannon Bd. and Care Home, Inc. v. W. Va Dep't of*

1  *Health & Human Res.*, 532 U.S. 598, 604 (2001) ("[C]ourt-ordered consent decrees create the

2  'material alteration of the legal relationship of the parties' necessary to permit an award of

3  attorney's fees.").  In the Ninth Circuit, a plaintiff prevails when he or she "enters into a legally

4  enforceable settlement agreement against the defendant." *Barrios v. California Interscholastic*

5  *Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002).

6        Class Counsel will file a separate motion for approval of attorneys' fees and expenses.

7  The settlement is not contingent upon the Court's approval of any particular amount of attorneys'

8  fees.

9        **7.      The Resolution of the Individual Claims of the Named Plaintiffs is**

10 **Reasonable.**

11       Unlike members of the Settlement Classes who will not be releasing any claims for

12 individual monetary relief or individual injunctive or declaratory relief, the nine Named Plaintiffs

13 will be releasing all of their discrimination claims against Best Buy arising out of their

14 employment with Best Buy.  In exchange for those broad releases, those nine Named Plaintiffs

15 will receive an aggregate amount of $200,000, which averages less than $23,000 per person.

16 **C.     The Court Should Approve the Proposed Notice and Notice Plan.**

17       **1.      The Proposed Notice Is Appropriate.**

18       The proposed Notice (Exhibit 2 to the preliminary approval order) complies with due

19 process and Rule 23. Notice is satisfactory if it "generally describes the terms of the settlement in

20 sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be

21 heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza*

22 *v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Circ. 1980)). The proposed notice fairly,

23 plainly, and accurately describes the nature of this litigation, the settlement classes, and the

24 essential terms of the Settlement and Decree, and the motions for service payments to Named

25 Plaintiffs and for attorneys' fees and costs, as required by Rule 23(h). Additionally, the notice

26 identifies Class Counsel and clearly explains how class members may object or obtain more

27 information about this litigation, the settlement, and the Decree.

28       The information provided in the notice gives the Class Members a fair and full

1    opportunity to consider the proposed settlement and the motions for attorneys' fees and costs and

2    service payments, and to come forward and be heard if they desire. The content of the Notice

3    satisfies the requirements of due process and Rule 23.

4        **2.      The Notice Plan is Appropriate.**

5        Under Rule 23(e)(1), notice of a proposed settlement must be directed "in a reasonable

6    manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). In a

7    class settlement for injunctive relief only under Rule 23(b)(2), individualized notice is not

8    required. *Compare* Fed. R. Civ. P. 23(c)(2)(A) *with* Fed. R. Civ. P. 23(c)(2)(B).  Rather, in cases

9    where the settlement will not release any individual monetary or injunctive relief claims, notice

10   designed to reach "representative class members who may alert the court to inadequacies in

11   representation" suffices.  *Walsh v. Great Atl. & Pac. Tea Co.,* 726 F.2d 956, 962 (3d Cir. 1983);

12   *see also* Advisory Committee Notes to 2003 amendment to Fed. R. Civ. P. 23(c)(2).

13       The parties' proposed plan for distributing the Notice (attached as Exhibit 2 to the

14   proposed preliminary approval order) is a reasonable method to inform class members of the

15   terms of the settlement, the motions for attorneys' fees and service payments, and the class

16   members' right to object. Under the proposed Notice plan, Best Buy will distribute the Notice by

17   email to employees with Best Buy email addresses and to all employees by posting it in

18   conspicuous areas of U.S. retail stores frequented by current employees. Class Counsel will mail

19   the Notice to all persons in the class member database maintained by Class Counsel, and will post

20   the Notice on the website Class Counsel maintains regarding this action, together with a complete

21   copy of the Consent Decree and a complete copy of its Fees and Costs Application and the

22   Motion for Service Payments.  Class Counsel will also post these documents on

23   www.BBClassaction.com.  Best Buy will also post the Notice at www.BestBuy.com, under the

24   existing heading "LEGAL."

25       This Notice Plan provides a reasonable manner of reaching current and former employees

26   of Best Buy who may be class members and therefore complies with the requirements of due

27   process and Rule 23(e)(1).

28

1

## D.   The Court Should Set a Final Settlement Approval Schedule

2
       The last step in the settlement approval process is the formal hearing, at which the Court

3
may hear all evidence and argument necessary to evaluate the settlement. The parties propose the

4
following schedule for final approval:

| August 17, 2011 | Last day for Notices to be distributed to class members. |
| October 1, 2011 | Objection postmark deadline. (45 days from deadline for distributing Notices) |
| August 17, 2011 | Deadline for filing motions for service awards and attorneys' fees and expenses (14 days from date of preliminary approval) |
| September 7, 2011 | Deadline for filing motions for final settlement approval (35 days before Final Approval Hearing ) |
| October 5, 2011 | Reply papers due |
| October 12, 2011 | Final Approval Hearing |

Respectfully Submitted,


James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
ALTSHULER BERZON L.L.P.
177 Post Street, Suite 300
Dated: June  17 , 2011        San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

By:_____ */s/ James M. Finberg*_____


Kelly M. Dermody (SBN 171716)
Daniel M. Hutchinson (SBN 239458)
LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, L.L.P.
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

926062.1

MPA ISO PRELIMINARY APPROVAL
CASE NO.  C-05-5056 PJH (MEJ)

1

2    Bill Lann Lee (SBN 108452)
     Lindsay Nako (SBN 239090)
3    Angelica K. Jongco (SBN 244374)
     LEWIS, FEINBERG, LEE, RENAKER &
4        JACKSON, P.C.
     476 9th Street
5    Oakland, CA 94607
     Telephone:  (510) 839-6824
6    Facsimile:  (510) 839-7839

7

8
     Todd M. Schneider (SBN 158253)
9    Guy B. Wallace (SBN 176151)
     Andrew P. Lee (SBN 245903)
10   SCHNEIDER WALLACE COTTRELL
     BRAYTON KONECKY, L.L.P.
11   180 Montgomery Street, Suite 2000
     San Francisco, CA 94104
12   Telephone: (415) 421-7100
     Facsimile: (415) 421-7105
13

14   *Attorneys for Plaintiffs and the Proposed*
     *Settlement Classes*
15

16

17

18

19

20

21

22

23

24

25

26

27

28